# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>                            *Plaintiffs*,<br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>                            *Defendants*. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>                            *Plaintiffs*,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>                            *Defendants*. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>                            *Plaintiffs*,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>                            *Defendants*. | Civil Action No. 25-0955 (CKK) |

**EMERGENCY MOTION FOR CLARIFICATION OF THE CONSOLIDATION ORDER AND TO EXPEDITE HEARING AND BRIEFING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

League Plaintiffs[1] and LULAC Plaintiffs[2] (collectively, "Nonpartisan Plaintiffs"), by and through counsel, hereby move to clarify, or in the alternative, modify pursuant to Federal Rule of Civil Procedure 54(b), the Court's April 3, 2025 Order to Consolidate Civil Actions 25-0946, 25-0952, and 25-0955 ("Consolidation Order"). ECF No. 12. Under Local Civil Rule 65.1(d), Nonpartisan Plaintiffs also move for an expedited hearing on their forthcoming motion for preliminary injunction, which they plan to file on Monday, April 7.

Regarding Nonpartisan Plaintiffs' request for clarification, all League Plaintiffs and their counsel are nonpartisan, and many are tax-exempt organizations under 501(c)(3) of the Internal Revenue Code. 26 U.S.C. § 501(c)(3). All LULAC Plaintiffs and their counsel are nonpartisan and include 501(c)(3) organizations. *Id*. Additionally, some of the Nonpartisan Plaintiffs have members that belong to both major political parties, and members who are Independents.

Democratic Party Plaintiffs[3] are partisan organizations and individual members of Congress, asserting partisan interests. DNC Compl. ¶¶ 12–19, 102–25, No. 25-cv-00952, ECF No. 1. Meanwhile, the Nonpartisan Plaintiffs assert no partisan interests in their complaints, nor would they in their cases. League Compl., No. 25-cv-0955, ECF No. 1; LULAC Compl., No. 25-cv-0946, ECF No. 1.

Given these distinct interests, the Nonpartisan Plaintiffs intend, to the extent practicable, to brief any common issues of fact and law jointly, but separately from Democratic Party Plaintiffs.

Section 5 of the Consolidation Order modifies Local Rule of Civil Procedure 7(e). ECF No. 12. The Order creates one set of page limits for "joint" briefs (60 pages for motions or oppositions and 30 for replies), *id.* § 5(a), (d), and another set of page limits for briefs where "two

---

[1] League of Women Voters Education Fund, League of Women Voters of the United States, League of Women Voters of Arizona, Hispanic Federation, National Association for the Advancement of Colored People, OCA – Asian Pacific American Advocates, and Asian and Pacific Islander American Vote. Civil Action No. 25-0955.

[2] League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association. Civil Action No. 25-0946.

[3] Democratic National Committee, Democratic Governors Association, DSCC, DCCC, U.S. Senate Minority Leader Charles E. Schumer, and U.S. House of Representatives Minority Leader Hakeem S. Jeffries. Civil Action No. 25-0952.

or more aligned parties file separate[ly]" (30 pages for motions or oppositions and 15 pages for replies), *id.* § 5(c), (f).

Because of the distinct interests of the Nonpartisan Plaintiffs, in comparison to the Democratic Party Plaintiffs, they seek to clarify whether the "joint" brief scenario identified in Sections 5(a) and 5(d) would encompass scenarios where the Nonpartisan Plaintiffs file together but the Democratic Party Plaintiffs file separately.

If Sections 5(a) and 5(d) do not apply to such filings, the Nonpartisan Plaintiffs respectfully seek modification of the Order to Consolidate to permit them to file a 50-page joint motion or opposition and a 25-page joint reply.

Before this Court's Consolidation Order was issued, the League Plaintiffs had prepared to move for preliminary relief on April 4 to enjoin Section 2(a) of the Executive Order concerning the documentary proof-of-citizenship requirement. The LULAC Plaintiffs, likewise, had prepared to move for preliminary relief imminently. To comply with the Consolidation Order, Nonpartisan Plaintiffs have begun working to file a joint brief, which will be filed this Monday, April 7. Under Local Civil Rule 65.1(d), Nonpartisan Plaintiffs move for an expedited hearing on this forthcoming motion for preliminary injunction on Thursday, April 17, or at the earliest date the Court has open on its calendar.

If the Court sets an expedited hearing, the Nonpartisan Plaintiffs further move for the entry of an Order (i) requiring Defendants to respond to Nonpartisan Plaintiffs' Motion for Preliminary Injunction on or before Monday, April 14, and (ii) permitting Nonpartisan Plaintiffs to file a reply on or before Wednesday, April 16.

Good cause exists to grant the request for an expedited hearing because of an impending deadline set forth in the challenged Executive Order. The Executive Order purports to require—within 30 days of its issuance (*i.e.*, by April 24, 2025)—that the Election Assistance Commission ("EAC") take action to require a passport or other proof-of-citizenship document to register to vote using the federal voter registration form prescribed by Congress (the "Federal Form"). As stated in their Complaints and as will be explained in more detail in the Nonpartisan Plaintiffs'

forthcoming motion for preliminary injunction, the Executive Order is unlawful to the extent it purports to direct the EAC to take action, including to change the Federal Form within this 30-day period. It is further possible that the EAC may take action to change the Federal Form before the April 24, 2025 deadline set forth by the Executive Order.

Though Nonpartisan Plaintiffs are mindful of the burden expedited considerations put on the Court (and for that reason did not seek a temporary restraining order when they initially filed this case), the unlawful Executive Order threatens immediate and irreparable harm. Defendants' actions have perceptibly impaired and will continue to impair the Nonpartisan Plaintiffs' core mission of voter registration. The harm is imminent and "beyond repair." *League of Women Voters of U.S. v. Newby*, 838 F.3d 8 (D.C. Cir. 2016) (internal quotation marks omitted). As Nonpartisan Plaintiffs' representatives will make clear in their declarations in support of the forthcoming motion for preliminary relief, they have planned voter registration drives using the Federal Form in advance of the upcoming Congressional Special Election in Arizona, in addition to other imminent voter registration efforts. The registration deadline for the Arizona election is June 16, 2025—upcoming shortly but beyond the 30-day implementation deadline specified in the Executive Order. And as in elections past, Nonpartisan Plaintiffs intend to continue registering voters with the Federal Form for elections to come, beyond the Congressional Special Election. Notably, the irreparable harm does not end with Nonpartisan Plaintiffs' voter registration efforts. Voters, likely including Nonpartisan Plaintiffs' members, face irreparable harm from the documentary proof-of-citizenship requirement. As evidenced by the thousands of voters who registered with the Federal Form in Arizona in 2024, citizens eligible to vote often lack documentary proof of citizenship. And even for citizens who have documentary proof of citizenship, it can often be difficult or costly to locate.

League and LULAC Plaintiffs conferred with Democratic Party Plaintiffs and with Defendants regarding this motion on April 4, 2025 by email.

The Democratic Party Plaintiffs represented that, given the distinct interests between the Nonpartisan Plaintiffs and the Democratic Party Plaintiffs, the additional Executive Order

4

provisions challenged by only the Democratic Party Plaintiffs, and the additional claims asserted by only the Democratic Party Plaintiffs, the Democratic Party Plaintiffs intend to brief the issues in this case separately from the Nonpartisan Plaintiffs. The Democratic Party Plaintiffs therefore request that they be subject to the normal page limitations for briefing set forth in Local Civil Rule 7.

The Democratic Party Plaintiffs also intend to file a Motion for Preliminary Injunction on Monday, April 7. The Democratic Party Plaintiffs join the Nonpartisan Plaintiffs' request for expedited briefing and an expedited hearing but defer to the Court on the appropriate schedule. The Democratic Party Plaintiffs request that the Court issue a decision prior to the April 24, 2025 deadline set forth by the Executive Order in Section 2(a)(i).

Defendants take no position on the motion for clarification, and oppose the request for an expedited briefing schedule and hearing.

Dated: April 4, 2025                                     Respectfully submitted,

Wendy R. Weiser\*\*\*
Sean Morales-Doyle\*\*\*
Eliza Sweren-Becker\*\*\*
Jasleen K. Singh\*\*\*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
weiserw@brennan.law.nyu.edu
morales-doyles@brennan.law.nyu.edu
sweren-beckere@brennan.law.nyu.edu
singhj@brennan.law.nyu.edu

Leah C. Aden\*\*
John S. Cusick\*\*
Brenda Wright\*\*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
jcusick@naacpldf.org
bwright@naacpldf.org

Miranda Galindo\*\*
Cesar Z. Ruiz\*\*
Delmarie Alicea\*\*
LATINO JUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
mgalindo@latinojustice.org
cruiz@latinojustice.org
dalicea@latinojustice.org

*/s/ Michael Perloff*
Michael Perloff (D.C. Bar No. 1601047)
Scott Michelman (D.C. Bar No. 1006945)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
OF THE DISTRICT OF COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
mperloff@acludc.org
smichelman@acludc.org

Megan C. Keenan (D.C. Bar No. 1672508)
Sarah Brannon\* (D.C. Bar No. 90024493)
Adriel I. Cepeda Derieux\*\* (D.C. Bar No. 90026636)
Jacob Van Leer (DC Bar No. 1742196)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20001
(740) 632-0671
mkeenan@aclu.org
sbrannon@aclu.org
acepedaderieux@aclu.org

Sophia Lin Lakin\*
Ethan Herenstein\*
Jonathan Topaz\*
Clayton Pierce\*
Davin Rosborough\*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
eherenstein@aclu.org
jtopaz@aclu.org
cpierce@aclu.org
drosborough@aclu.org


Niyati Shah (D.C. Bar No. 1659560)
Alizeh Ahmad (D.C. Bar No. 90018919)\*\*\*
ASIAN AMERICANS

6

ADVANCING JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, D.C. 20036
(202) 296-2300
nshah@advancingjustice-aajc.org

*Counsel for Plaintiffs League of Women Voters Education Fund, League of Women Voters of the United States, League of Women Voters of Arizona, Hispanic Federation, National Association for the Advancement of Colored People, OCA-Asian Pacific American Advocates, and Asian and Pacific Islander American Vote*

*Admitted *pro hac vice*
**Pro hac vice* motion forthcoming
***Pro hac vice* motion pending

*/s/ Norman L. Eisen*
Norman L. Eisen (D.C. Bar No. 435051)
Tianna J. Mays (D.C. Bar No. 90005882)***
Pooja Chaudhuri (D.C. Bar No. 888314523)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org
pooja@statedemocracydefenders.org

*Counsel for Plaintiffs LULAC, SFI, and ASA*

*D.D.C. application pending
**Application for D.D.C. admission forthcoming
*** *Pro hac vice* motion forthcoming

*Counsel for Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students Association*

*/s/ Danielle Lang*
Danielle Lang (DC Bar No. 1500218)
Jonathan Diaz (DC Bar No. 1613558)
Robert Brent Ferguson (DC Bar No. 1782289)*
Anna Baldwin (DC Bar No. 998713)**
Heather Szilagyi (DC Bar No. 90006787)
Benjamin Phillips (DC Bar No. 90005450)**
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
bphillips@campaignlegalcenter.org

7