**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, *Plaintiffs*, v. EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, *Defendants*. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*, *Plaintiffs*, v. DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, *Defendants*. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*, *Plaintiffs*, v. DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, *Defendants*. | Civil Action No. 25-0955 (CKK) |

**LULAC PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER AS TO SECTION 7 OF THE EXECUTIVE ORDER**

1

LULAC Plaintiffs[1] respectfully move this Court to modify its scheduling order solely as to briefing on the merits of the parties' claims challenging Section 7 of President Trump's Executive Order 14248 (the "EO"), which directs the Attorney General and Election Assistance Commission (EAC) to take certain action against states that lawfully count ballots received after Election Day pursuant to state law ("Receipt Deadline").

LULAC Plaintiffs plan to file shortly a motion for partial summary judgment on their purely legal claims challenging Section 7 of the EO. A preliminary injunction motion from the Democratic Party Plaintiffs[2] is pending with this Court on those same claims.[3] Both the interests of justice and efficiency support consolidating the briefing and consideration of Democratic Party Plaintiffs' preliminary injunction motion on Section 7 of the EO and LULAC Plaintiffs' forthcoming partial summary judgment motion on the same issue. The Democratic Party Plaintiffs' motion for a preliminary injunction on the Section 7 claims sets up the possibility of resolution of the merits of those purely legal claims in an immediately appealable order. LULAC Plaintiffs, who have brought claims challenging Section 7, have a strong interest in their inclusion in the briefing and resolution of those claims. As such, LULAC Plaintiffs respectfully move this Court to modify the schedule solely as to Section 7 of the Executive Order as follows:

---

[1] Plaintiffs in *League of United Latin American Citizens et al. v. Executive Office of the President et al.*, No. 25-cv-0946 are League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association.

[2] Plaintiffs in *Democratic National Committee et al. v. Trump et al.*, No. 25-cv-0952 are the Democratic National Committee, Democratic Governors Association, DSCC, DCCC, U.S. Senate Minority Leader Charles E. Schumer, and U.S. House of Representatives Minority Leader Hakeem S. Jeffries.

[3] LULAC Plaintiffs were unaware that the Democratic Party Plaintiffs intended to seek relief on Section 7 of the EO until Monday April 7, after LULAC Plaintiffs had filed their own motion for preliminary injunction.

- Permit LULAC Plaintiffs to file a motion for summary judgment on Section 7 of the Executive Order on or before April 28;

- Order Defendants to file any separate opposition to both the Democratic Party Plaintiffs' motion for preliminary injunction as to Section 7 as well as LULAC Plaintiffs' forthcoming motion for summary judgment on or before May 12;

- Order LULAC Plaintiffs and Democratic Party Plaintiffs to file any separate replies in support of their motions pertaining to Section 7 of the Executive Order on or before May 19.

LULAC Plaintiffs further request that any hearing with respect to preliminary or permanent relief pertaining to Section 7 of the EO be held after the conclusion of all briefing on Consolidated Plaintiffs' motions related to Section 7. This schedule will allow for fulsome briefing of the Section 7 issue by all involved parties while still ensuring necessary relief on a reasonably speedy timeline. LULAC Plaintiffs stress, however, the expedited schedule necessary to resolve the pending motions for preliminary injunction related to Section 2(a) of the EO should not change. Section 2(a) of the EO sets up a 30-day timeline for EAC action that requires emergency relief. Section 7 has no similar 30-day clock.

**BACKGROUND**

All Plaintiffs in the consolidated cases challenge Section 2(a) of the EO, which directs the Election Assistance Commission (EAC) to take action to require documentary proof of citizenship on the national mail voter registration form developed pursuant to the National Voter Registration Act ("Federal Form") within 30 days. *See League of United Latin American Citizens et al. v. Executive Office of the President et al.*, No. 25-cv-0946, ECF No. 2-1 at 49; *Democratic National Committee et al. v. Trump et al.*, No. 25-cv-0952, ECF No. 1 at 68–69; and *League of Women*

3

*Voters Education Fund et al. v. Trump et al.*, No. 25-cv-0955, ECF No. 1 at 33. LULAC Plaintiffs additionally challenge Sections 3(d), 4(a), and 7 of the EO, *see LULAC v. EOP*, ECF No. 2-1 at 49, and Democratic Party Plaintiffs additionally challenge Sections 2(b), 2(d), 3(a), 3(d), 4(a), 4(b), 4(c), and 7 of the EO, *DNC v. Trump*, ECF No. 1 at 68–69.

On April 5, 2025, in response to an Emergency Motion for Clarification, ECF No. 30, this Court ordered League and LULAC Plaintiffs to file their joint Motion for a Preliminary Injunction by April 7, 2025. ECF No. 31 at 3. This Court also ordered Democratic Party Plaintiffs to file their separate Motion for a Preliminary Injunction by April 7, 2025. ECF No. 31 at 3. This Court ordered Defendants to file any opposition to each of these motions by April 14, 2025, and for Plaintiffs to file their respective replies in support of their motions by April 16, 2025. ECF No. 31 at 3. Plaintiffs explicitly sought this expedited schedule because the EO sets an exceptionally expedited 30-day implementation deadline for the EAC to take action to add a documentary proof of citizenship requirement to the Federal Form and any such action also threatened to impact an upcoming special election in Arizona. ECF No. 30 at 3–5.

Pursuant to this Court's scheduling order, LULAC and League Plaintiffs moved to preliminarily enjoin the implementation of Section 2(a) of the EO on April 7. ECF No. 34. Democratic Party Plaintiffs also filed their motion for a preliminary injunction on April 7. ECF No. 53. In addition to Section 2(a), Democratic Party Plaintiffs moved to enjoin Section 7 of the EO, which directs the Attorney General to take enforcement action against states that count mail ballots received after Election Day pursuant to state law and directs the EAC to condition state funding on a state's adoption of an Election Day ballot return deadline. ECF No. 53-1.

**ARGUMENT**

This Court has broad discretion to modify the scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4). Good cause exists for the modest modifications sought here.

A modified schedule to address requests for relief pertaining to Section 7 of the EO would be both efficient and just. It would give both LULAC Plaintiffs and Democratic Party Plaintiffs the opportunity to address the merits of their Section 7 claims prior to this Court's issuance of an immediately appealable order on that issue. The Plaintiffs' shared claims against Section 7 present largely legal issues and therefore, a preliminary injunction order and any subsequent appeals of such an order have the real possibility of, as a practical matter, resolving these issues permanently. LULAC Plaintiffs plainly have a vested interest in participating in such proceedings on their shared claims. A schedule that allows both Plaintiff groups that challenge Section 7 to address it before the Court is called to resolve those claims promotes the fair and efficient resolution of the parties' claims. Finally, the schedule requested by LULAC Plaintiffs would permit the Court to expeditiously consider the pending motions for preliminary injunction pertaining to Section 2(a) of the EO, which has a 30 day clock attached to it, while separately considering fulsome briefing and argument on shared claims pertaining to Section 7 on a timeframe that will still provide timely relief.

As such, LULAC Plaintiffs respectfully request this Court modify the briefing schedule to bifurcate consideration of claims pertaining to Section 2(a) and Section 7, and to allow additional time for LULAC Plaintiffs to move for relief pertaining to Section 7, as outlined above.

LULAC Plaintiffs conferred with League Plaintiffs and Democratic Party Plaintiffs and with Defendants regarding this motion on April 8, 2025.

5

The League Plaintiffs take no position on the LULAC Plaintiffs' request, except to the extent that the League Plaintiffs oppose any modification to the current briefing and hearing schedule as to the motion for preliminary injunction regarding Section 2(a) of the Executive Order.

Democratic Party Plaintiffs oppose this motion and intend to file a response.

Defendants oppose this motion.

Dated: April 9, 2025

Respectfully submitted,

/s/ Norman L. Eisen
Norman L. Eisen (D.C. Bar No. 435051)
Tianna J. Mays (D.C. Bar No. 90005882)***
Pooja Chaudhuri (D.C. Bar No. 888314523)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org
pooja@statedemocracydefenders.org

*Counsel for Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students Association*

*Admitted* pro hac vice
**Application for D.D.C. admission pending
***Application for pro hac vice admission forthcoming

/s/ Danielle Lang
Danielle Lang (DC Bar No. 1500218)
Jonathan Diaz (DC Bar No. 1613558)
Robert Brent Ferguson (DC Bar No. 1782289)
Anna Baldwin (DC Bar No. 998713)*
Heather Szilagyi (DC Bar No. 90006787)
Benjamin Phillips (DC Bar No. 90005450)**
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
bphillips@campaignlegalcenter.org