**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al.,<br>    Plaintiffs,<br><br>        v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 25-00946 (CKK)<br>)<br>)<br>)<br>) |
| DEMOCRATIC NATIONAL COMMITTEE, et al.,<br>    Plaintiffs,<br><br>        v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br>    Defendants. | )<br>)<br>)<br>) Civil Action No. 25-00952 (CKK)<br>)<br>)<br>)<br>) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, et al.,<br>    Plaintiffs,<br><br>        v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 25-00955 (CKK)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER AS TO SECTION 7 OF THE EXECUTIVE ORDER**

Plaintiffs' Motion to Modify the Scheduling Order as to Section 7 of the Executive Order, ECF No. 68 ("Motion to Modify"), should be denied in full. Federal Rule of Civil Procedure 56(c) provides the procedures by which a moving party may move for summary judgment, including the required "materials in the record." Fed. R. Civ. P. 56(c)(1)(A). However, the moving party must demonstrate its basis to this Court for such relief "identifying those portions of 'the pleadings, *depositions, answers to interrogatories, and admissions on file*…'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis added).[1] "At the summary judgment stage, the plaintiff 'cannot rely on the allegations of her complaint…, but must substantiate them with evidence.'" *Grimes v. D.C.*, 794 F.3d 83, 94 (D.C. Cir. 2015) (citing *Celotex*, 477 U.S. at 324).

While LULAC Plaintiffs make clear by their suggested timeline in their present Motion to Modify that there is no immediate harm from the implementation of Section 7 of Executive Order 14248 sufficient to warrant a Preliminary Injunction, *compare* Motion to Modify at 3, *with* ECF Nos. 53, 53-1 (Democratic Party Plaintiffs' Motion for Preliminary Injunction, and Memorandum in Support of that motion, respectively), it is clear that the record of these consolidated cases will not be developed enough for purposes of a motion for summary judgment, s*ee, e.g.*, *Grimes*, 794 F.3d at 94; Fed. R. Civ. P. 56(c)(1)(A). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion.…" *Celotex*, 477 U.S. at 317 (emphasis added). Defendants would be prejudiced by the

---

[1] Since 1986, Fed. R. Civ. P. 56(c)(1)(A) has been amended by removing pleadings from the materials in the record required for a motion for summary judgment, and has since added more possible parts of the record which may be used. *See* Fed. R. Civ. P. 56(c)(1)(A). This demonstrates the need for a more developed record than just pleadings.

granting of the Motion to Modify, due to a lack of discovery that impairs their ability to explore genuine issues of material fact, as well as other rulings on standard motions forthcoming.

Date:  April 9, 2025

                                      Respectfully submitted,

/s/ Michael E. Gates
MICHAEL E. GATES (CA Bar No. 258446)
Deputy Assistant Attorney General
Civil Rights Division
United States Department of Justice
950 Constitution Avenue, NW
Room 5744
Washington, DC  20530
Telephone: (202) 532-4475
FAX: (202) 514-1005
E-mail: Michael.Gates2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2025, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court by using the CM/ECF system.

/s/ Michael E. Gates