UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br> v. <br> EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*, <br><br> *Plaintiffs*, <br> v. <br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*, <br><br> *Plaintiffs*, <br> v. <br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-0955 (CKK) |

**LULAC PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO MODIFY THE SCHEDULING ORDER**

LULAC Plaintiffs file this reply to Defendants' opposition to the pending motion to modify the scheduling order. ECF No. 70 ("Opp."). In opposing LULAC Plaintiffs' motion, ECF No. 68 ("Mot."), Defendants respond that it would be premature for LULAC Plaintiffs to file a motion for

1

summary judgment on the validity of Section 7 of the Executive Order. Not so. Under the plain text of Rule 56(b) "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

While many summary judgment motions no doubt do require "a more developed record," Opp. at 2 n.1, to prevail, other claims that raise pure questions of law do not. Here, the issue presented—namely, the validity of Section 7 of the Executive Order, which directs the Attorney General to take enforcement action against states that count mail ballots received after Election Day pursuant to state law and directs the EAC to condition state funding on a state's adoption of an Election Day ballot return deadline—is a purely legal question, and no record development is required. Unsurprisingly, then, Defendants identify no discovery needed to defend against such a motion, nor do they identify any disputes of material fact. And they certainly do not follow the established procedure under Rule 56 for establishing that a party needs more discovery to respond to a summary judgment motion. *See* Fed. R. Civ. P. 56(d); *Klayman v. Jud. Watch, Inc.*, No. CIV.A.06 670 CKK, 2007 WL 1034937, at *6 (D.D.C. Apr. 3, 2007) ("A party seeking the protection of Rule 56(f) [now 56(d)] must state by affidavit the reasons why he is unable to present the necessary opposing material . . . . The party seeking additional discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion. It must also show a reasonable basis to suggest that discovery might reveal triable issues of fact.") (internal citations omitted). Defendants cannot assert they would be prejudiced "due to a lack of discovery" without identifying any material and unavailable facts they seek to discover. Opp. at 3. Furthermore, LULAC Plaintiffs are unsure what Defendants mean by asserting that they will be prejudiced "due to a lack of . . . other rulings on standard motions forthcoming." *Id.* To the extent Defendants complain that they

2

would like to file a motion to dismiss, they can raise all the same arguments they would raise on a motion to dismiss in their motion for summary judgment opposition.

Courts in this Circuit have regularly considered motions for summary judgment on expedited timelines in analogous situations that do not require substantial factual development. *See, e.g.*, *Grundmann v. Trump*, No. 25-cv-00425-SLS (D.D.C. 2025), ECF No. 22 (granting plaintiff's motion for summary judgment filed one day after the complaint); *Perkins Coie, LLP v. U.S. Dep't of Justice*, No. 25-cv-00716-BAH (D.D.C. 2025), ECF Nos. 25, 26, 39 (court ordering schedule including summary judgment motion filed weeks after complaint); *Jenner & Block LLP v. U.S. Dep't of Justice*, No. 25-cv-00916-JDB (D.D.C. 2025), ECF Nos. 13, 14, 19 (same); *see also Klayman*, No. CIV.A.06 670 CKK, 2007 WL 1034937, at *6 (granting partial summary judgment where "the parties ha[d] not yet conducted discovery" because "[t]hose aspects of [plaintiff's claims] present purely legal or factual questions as to which no further discovery is required").

Most importantly, Defendants make no objection to the precise schedule proposed by LULAC Plaintiffs except insofar as they complain that the motion will require a more robust record. But those objections actually go to the merits of LULAC Plaintiffs' forthcoming motion for summary judgment (which has not been filed) and potential defenses Defendants could raise in response. Defendants' opposition to LULAC Plaintiffs' motion for summary judgment may be appropriately resolved in accordance with the schedule proposed by Plaintiffs.

Finally, contrary to Defendants' suggestion, LULAC Plaintiffs do not contend that "there is no immediate harm from the implementation of Section 7" of the Executive Order. Opp. at 2. Indeed, LULAC Plaintiffs assert that Section 7 is causing ongoing and irreparable harm and

3

confusion and request that its unlawfulness be fully and quickly adjudicated on the proposed schedule.

Plaintiffs respectfully request that the Court grant their motion.

Dated: April 9, 2025

Respectfully submitted,

/s/ Norman L. Eisen
Norman L. Eisen (D.C. Bar No. 435051)
Tianna J. Mays (D.C. Bar No. 90005882)***
Pooja Chaudhuri (D.C. Bar No. 888314523)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org
pooja@statedemocracydefenders.org

*Counsel for Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students Association*

*Admitted* pro hac vice
**Application for D.D.C. admission pending*
***Application for pro hac vice admission forthcoming*

/s/ Danielle Lang
Danielle Lang (DC Bar No. 1500218)
Jonathan Diaz (DC Bar No. 1613558)
Robert Brent Ferguson (DC Bar No. 1782289)
Anna Baldwin (DC Bar No. 998713)*
Heather Szilagyi (DC Bar No. 90006787)
Benjamin Phillips (DC Bar No. 90005450)**
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
bphillips@campaignlegalcenter.org