UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>    Defendants. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | Civil Action No. 25-0955 (CKK) |

**ORDER**
(April 15, 2025)

Counsel for all parties in these consolidated cases shall appear for a joint hearing on the Plaintiffs' pending [34] & [53] Motions for Preliminary Injunctions at **1:30 p.m. ET on April 17, 2025**, in Courtroom 28-A.

1

At this hearing, counsel shall be prepared to address all legal and factual issues presented in the pending motions, including each of the following topics:

(1) Whether the Election Assistance Commission ("EAC") Defendants—the EAC, its Commissioners, and its Executive Director—will stipulate that they "do not intend to make any change to the Federal Form relating to documentary proof of citizenship within 30 days, and that they will comply with notice-and-comment and other procedural requirements" under the Administrative Procedure Act, the Help America Vote Act, the National Voter Registration Act, and the Paperwork Reduction Act before making any such changes in the future. *See* Nonpartisan Pls.' Mot., ECF No. 34-1, at 19; Defs.' Opp'n, ECF No. 85, at 20–22.

(2) Whether the EAC could act within 30 days to "require" documentary proof of citizenship from users of the Federal Form while complying with all applicable statutes and regulations, including those governing applicable notice-and-comment periods for new or revised regulations or information collections. *See* Decl. of Brianna Schletz, ECF No. 84-1, ¶¶ 2–7; Nonpartisan Pls.' Mot., ECF No. 34-1, at 3–4.

(3) How the Executive Order's instructions that agencies and officers take "appropriate action" and act "consistent with applicable law" affect the Plaintiffs' claims for preliminary relief. *See* Defs.' Opp'n, ECF No. 84, at 24–25, 31, 40, 42; Defs.' Opp'n, ECF No. 85, at 17–18, 20, 22, 28.

(4) Whether a requirement that federal agencies "assess citizenship" before providing the Federal Form to "enrollees of public assistance programs" would affect the competitive environment for candidates for federal elective office. *See* Dem. Pls.' Mot., ECF No. 53-1, at 9–10.

(5) Whether each of the Plaintiff organizations has identifiable, individual members that have standing to raise each of the claims presented in the pending motions. *See* Defs.' Opp'n, ECF No. 84, at 19–20; Defs.' Opp'n, ECF No. 85, at 13–14.

(6) Whether the Court can or should limit any preliminary relief in this case to cover only the State of Arizona. *See* Defs.' Opp'n, ECF No. 84, at 43–44.

**SO ORDERED.**

**Dated:** April 15, 2025

COLLEEN KOLLAR-KOTELLY
United States District Judge