IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>      Plaintiffs,<br><br>   v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>      Defendants. | Case No. 1:25-cv-00946-CKK |
| DEMOCRATIC NATIONAL COMMITTEE, *et al,*,<br><br>      Plaintiffs,<br><br>   v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>      Defendants. | Case No. 1:25-cv-00952-CKK |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>      Plaintiffs,<br><br>   v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>      Defendants. | Case No. 1:25-cv-00955-CKK |

**MOTION OF BIPARTISAN FORMER STATE SECRETARIES OF STATE FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF LEAGUE AND LULAC PLAINTIFFS'** <u>**MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 34)**</u>

Pursuant to LCvR 7(o), Amici Curiae, a bipartisan group of former state secretaries of state (together, "Amici"), respectfully move for leave to file the attached proposed brief in support of

1

Plaintiffs LULAC and League of Women Voters' motion for preliminary injunction (ECF No. 34). This motion is submitted on behalf of the following proposed Amici: Former Secretary of the Commonwealth of Pennsylvania Kathy Boockvar, Former Acting Secretary of the Commonwealth of Pennsylvania Leigh M. Chapman, Former Secretary of State for the State of Colorado Mary Estill Buchanan, and Former Secretary of State for the State of Minnesota Joan Anderson Growe.

Consistent with Local Rule 7(o)(2), counsel for Amici have sought the positions of counsel for Plaintiffs and Defendants about this motion for leave to file amicus curiae brief. Counsel for Plaintiffs LULAC and the League of Women Voters advised that they do not object. Counsel for Defendants represented that, "USDOJ does not support or consent – particularly without a showing that CREW has standing. If CREW can offer proof of its standing under Article III, I may reconsider."

In support of this motion, proposed Amici state:

1. Amici are a bipartisan group of former state secretaries of state. As the former chief election administrators in their respective states, they are uniquely familiar with states' crucial role in regulating and administering federal elections. And although Amici may not always have agreed about the best election policies, Amici nonetheless share a common commitment to ensuring elections are free and fair and are unified in their understanding of states' crucial role in enacting and executing election laws, as set forth in the U.S. Constitution. Amici should be granted leave to file the accompanying brief because of their unique insight into the states' role in administering elections, which addresses a matter central to this challenge and is offered from a perspective that is not otherwise provided by the parties.

2. This Court has "wide discretion in deciding whether to grant a third party leave to file an amicus curiae brief." *In re Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014); *Nat'l Ass'n of Home Builders*

*v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007) (same). Amicus participation "should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Mashpee Wampanoag Tribe v. Bernhardt*, 2020 WL 2615523, *1 (D.D.C. May 22, 2020) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *see also In re Search of Info.*, 13 F. Supp. 3d at 167 (same). And the Court has previously exercised its "broad discretion" to allow amicus participation by amici with "relevant expertise and a stated concern for the issues at stake" where the Court found that "it may benefit from their input" in deciding the case. *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011); *see also, Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [amicus] input"). An amicus "'participates only for the benefit of the Court,'" *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (quoting *United States v. Microsoft Corp.*, 2002 WL 319366, at *2 (D.D.C. 2002)).

3. The proposed Amici and brief, attached as Exhibit 1, plainly satisfy these standards.

4. **The brief is relevant to the disposition of this case.** The proposed brief directly addresses the key issues that are raised in this litigation and that are relevant to its disposition. The brief details how the March 25, 2025, Executive Order—"Preserving and Protecting the Integrity of American Elections" (the "Executive Order")—seeks to upend states' role in enacting election laws and administering elections, as set forth in the Elections Clause and Electors Clause of the U.S. Constitution. The brief proceeds by arguing that, pursuant to the Elections and Electors Clauses, states play an irreplaceable role in election regulation and administration. The brief then analyzes caselaw that reaffirms that the President has no standalone role in regulating elections. It finally argues that to the extent the Executive Order attempts to draw power from federal laws enacted by Congress, none of the laws at issue have displaced states' traditional role in elections.

5. **The brief is desirable and provides Amici's unique perspectives and input, which will benefit the Court.** Amici offer the perspective of state officials who faithfully oversaw elections across their respective jurisdictions. In their roles, Amici witnessed firsthand the founders' wisdom in giving states' authority to enact election laws and administer elections, as set forth in the Elections Clause and Electors Clause of the U.S. Constitution. To Amici's successors and every state legislator in the country, the Executive Order represents an existential threat, as it not only would permit the President and Executive Branch to immediately usurp the authority of the lawmakers and officials constitutionally responsible for making and enforcing election policy, but also would write any President a blank check to further aggregate to him or herself powers that the Constitution explicitly reserves for the states and Congress.

6. **The proposed brief is timely.** This motion is being filed on the same day the Court has ordered Plaintiffs submit their reply brief. This timing will neither affect the Court's ability to timely rule on the pending motion for preliminary injunction nor will it otherwise delay this case.

For the foregoing reasons, the proposed Amici respectfully request that the Court grant this motion for leave to file the proposed amicus curiae brief, attached as Exhibit 1, in support of the LULAC and League of Women Voters Plaintiffs' motion for summary judgment. A Proposed Order is attached hereto as Exhibit 2.

Dated: April 16, 2025

Respectfully submitted,
*/s/ Kalyn Mizelle McDaniel*
Kalyn Mizelle McDaniel (D.C. Bar No. 90027120)
John B. Hill (PA Bar No. 328340)*
Donald K. Sherman (D.C. Bar No. 90031810)*
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, D.C. 20044
Telephone: (202) 408-5565
kmcdaniel@citizensforethics.org
jhill@citizensforethics.org
dsherman@citizensforethics.org
* *pro hac vice* motion forthcoming
*Counsel for Amici*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, the foregoing document and all attachments were filed with the Clerk of the Court, using the CM/ECF system, causing them to be served on all parties.

Dated: April 16, 2025

/s/ *Kalyn Mizelle McDaniel*
Kalyn Mizelle McDaniel