# Exhibit 2

**Civil Action No. 25-cv-0952 (CKK)**





**U.S. Department of Homeland Security**
*U.S. Citizenship and Immigration Services*
*Verification Division*
*Camp Springs, MD  20588*

# Guide to Understanding SAVE Verification Responses

## BACKGROUND

Systematic Alien Verification for Entitlements (SAVE) is a service that helps federal, state, and local benefit-issuing agencies, institutions, and licensing agencies determine the immigration status of benefit applicants so only those entitled to benefits receive them. To use this service, <u>an agency must execute a Memorandum of Agreement with SAVE</u>.

SAVE uses online systems to check information about a benefit applicant's immigration status or naturalized or derived United States citizenship against records contained in relevant immigration databases. SAVE does not determine an applicant's eligibility for benefits; the benefit-issuing agencies make those determinations.

This guide provides general guidance for interpreting SAVE responses.

## VERIFICATION PROCESS OVERVIEW

The agency submits an electronic query to United States Citizenship and Immigration Services (USCIS) using information provided by the applicant. SAVE electronically verifies immigration status or naturalized or derived citizenship using a process that can take up to three steps:

**Initial Verification** (first step) - electronically compares information the agency enters against immigration databases and returns a response within seconds. SAVE responds with the applicant's current immigration status or naturalized or derived United States citizenship information and other specific information (such *as employment authorization, admit to/expiration date*) or a message prompting the user to "Institute Additional Verification." Most verification requests are resolved upon initial verification.  However, in some instances, immigration status or naturalized or derived citizenship cannot be verified through initial verification. Accordingly, SAVE will prompt the customer agency to "Institute Additional Verification" (IAV) or provide copies of the applicant's immigration/citizenship document in order to verify the applicant's immigration status or United States citizenship.  This does not necessarily mean that the applicant is not authorized to be in the United State or is ineligible to receive the benefit. It simply means that additional research is required in order to determine the applicant's immigration status.

**Additional Verification** (second step) – must be initiated by the agency after receiving an initial response of IAV in order to complete the verification process and have the applicant's status verified.  However, an agency may escalate a case for additional verification any time after receiving an initial response if they believe the initial response was incorrect or incomplete.

Initiating or escalating to additional verification allows SAVE to conduct a manual search of immigration databases, including databases that were not automatically searched during the initial step. If the agency is initiating a case due to the response received previously, it should explain in

the comments field why it believes that the initial response needs further review. If the agency needs information on pending applications, it may write "Request Pending Application(s) and the application number(s)" in comments, e.g. I-765, for the application(s) that they would like to verify are pending. **Note:** SAVE will not specifically indicate that an applicant **does not** have an applications(s) pending in its response, and such requests will not receive a response. This step takes between 3-5 federal working days. SAVE will respond with information about the applicant: either the applicant's United States citizenship information, or immigration status (if any) and/or other information such as employment authorization, admit to or expiration date, or a request to "**Resubmit Doc**." The agency must use the Scan and Upload function to electronically submit photocopies (front and back) of the applicant's relevant immigration/citizenship documents when instituting additional verification to avoid the possibility of a "Resubmit Doc" response. Except for very limited circumstances, the benefit of using the Scan and Upload function at second step is to complete the entire verification process within 3-5 federal working days. The "Resubmit Docs" response is the prompt for a third step verification.

**Third Step Verification -** The agency **MUST** submit photocopies (front and back) of the applicant's relevant immigration documents using the Scan and Upload function. It is always best to submit the applicant's most recent immigration document. If the agency is initiating a case due to the response received previously, it should explain in comments why it believes that the prior response needs further review. If the agency needs information on pending applications they may write "Request Pending Application(s) and the application number(s)" in comments, e.g., I-765, for the application(s) that they would like to verify are pending. **Note:** SAVE will not specifically indicate that an applicant **does not** have an application(s) pending in its response and such requests will not receive a response. SAVE conducts a manual search of immigration databases. Agencies should receive a response within 3-5 federal working days. However, if extensive research is required, a response may take 10-20 federal working days.

| Initial Verification Responses |
|---|

There are a limited number of responses that your agency may receive on initial verification. In most cases, a response will have employment authorization information, but some will not. The fact that some responses do not have employment authorization language does not necessarily mean that the individual is not employment authorized. The following is a list of those text responses and what they mean:

**INSTITUTE ADDITIONAL VERIFICATION:** SAVE was unable to verify the applicant's status on initial verification. There may have been an issue electronically locating the records or additional verification may be required due to conflicting data or the nature of the applicant's status. This is not a final response. In order to continue the verification process and receive a final response, users must institute additional verification. An agency may not rely on a SAVE response if additional verification is not completed when prompted. See SAVE Program Guide. Agencies may use the Scan and Upload function at this point to attach a copy of the applicant's immigration document (front and back).

**INSTITUTE THIRD LEVEL VERIFICATION:** SAVE was unable to verify the applicant's status oninitial verification or additional verification. There may have been an issue electronically locatingthe records or third level verification may be required due to conflicting data or the nature of the applicant's status. This is not a final response and should not be used to determine benefit eligibility. Please Institute Third Level Verification so SAVE can conduct more research and return the correct response.

**Note:** In order to continue the verification process and receive a final response, users MUST use the Scan and Upload function to attach a copy of the applicant's immigration document (front and back). **An agency may not rely on a SAVE response if third level verification is not completed when prompted.    See SAVE Program Guide.**

**UNITED STATES CITIZEN:** Applicant that has a DHS record of naturalized or derived citizenship, usually documented with a Certificate of Naturalization or Certificate of Citizenship. Note: **SAVE does not verify the citizenship of native-born United States citizens. SAVE cannot verify United States citizenship using a United States passport or birth records.**

**LAWFUL PERMANENT RESIDENT (LPR) - EMPLOYMENT AUTHORIZED:** Any person who is not a citizen or national of the United States who has been admitted to the United States as an LPR with an immigrant visa or subsequently adjusted status to that of an LPR. Usually documented with an I-551 Permanent Resident Card, I-327 Reentry Permit, or a foreign passport endorsed with a temporary I-551 stamp. Employment is authorized incident to status.

**CONDITIONAL RESIDENT - EMPLOYMENT AUTHORIZED:** A person who is not a citizen or national of the United States who has been granted permanent resident status on a conditional basis. Conditional residents will need to apply to remove the conditions of their status within two years of issuance of their permanent resident status. An example of a person granted conditional resident status is a noncitizen/national who marries a United States citizen or national and adjusts status or is admitted on an immigrant visa before the marriage is two years old. Usually documented with an I-551 Conditional Permanent Resident Card or a foreign passport endorsed with a temporary I-551 stamp. Employment is authorized incident to status.

**CONDITIONAL RESIDENT:** See CONDITIONAL RESIDENT-EMPLOYMENT AUTHORIZED above.

**NON-IMMIGRANT - TEMPORARY EMPLOYMENT AUTHORIZED:** A non-national of the United States who is admitted to the United States for a specific reason and for a limited period of time. The non-immigrant classifications include, but are not limited to: foreign government officials, some visitors for business, foreign government officials in transit through the United States, treaty traders and investors, some students and some exchange visitors when certain conditions are met, international representatives, temporary workers and trainees, representatives of foreign information media, finance(e)s of United States citizens, intra-company transferees, NATO officials, and religious workers. When this response is issued the applicant is employment authorized. Spouses and unmarried children (also referred to as "dependents") can accompany or join the principal non-immigrant but most are not eligible for employment authorization based on their dependent non-immigrant status. Non-immigrants will typically have a Form I-94 (including an electronic printout from CBP's website) and a foreign passport with an admission stamp that evidences their temporary status and period of authorized stay.

**NON-IMMIGRANT:** A non-national of the United States who is admitted to the United States for a specific reason and for a limited period of time. When this response is issued the applicant is typically not employment authorized. Spouses and unmarried children (also referred to as "dependents") can accompany or join the principal non-immigrant but most are not eligible for employment authorization based on their dependent non-immigrant status. Non-immigrants will typically have a Form I-94 (including electronic printout from CBP's website) or a foreign passport with an admission stamp that evidences their temporary status and period of authorized stay.

**NON-IMMIGRANT - EMPLOYMENT AUTHORIZED CNMI ONLY:** Applies only to the Commonwealth of the Northern Marianas Islands (CNMI). The CNMI-Only Transitional Worker (CW) visa classification allows employers in the CNMI to apply for temporary permission to employ foreign (non-immigrant) workers who are otherwise ineligible to work under other non-immigrant worker categories. Usually documented with a Form I-94 (including electronic printout from CBP's website) or an unexpired foreign passport.

**TEMPORARY EMPLOYMENT AUTHORIZED:** Certain categories of non-nationals of the United States may apply for employment authorization while they are in a period of authorized stay in the United States. A response of "Temporary Employment Authorized" indicates that SAVE verified that the applicant has a valid Employment Authorization Document (EAD). Whether an agency receives this response depends on the benefits the agency administers and its SAVE configuration. Refer to SAVE System Online Resources Library for a list of EAD codes to determine the basis for the EAD.

**STUDENT STATUS TEMPORARY AUTHORIZED:** A non-national of the United States who has been admitted as an F-1 non-immigrant student to attend an academic program or English Language Program at a United States college or university, or an M-1 non-immigrant student attending a vocational or nonacademic program other than language training. Employment is authorized during the validity period specified on the EAD.

**IF PRINCIPAL - TEMPORARY EMPLOYMENT AUTHORIZED:** Certain agencies receive this non-immigrant response when the applicant presents a Form I-94 (including electronic printout from CBP's website) or foreign passport because of the way their responses are set by SAVE. This response includes foreign government officials, treaty traders and investors, international representatives, representatives of foreign information media, and NATO officials. It says IF PRINCIPAL because the individual who was admitted under the Class of Admission (COA) as the representative or official is employment authorized incident to status. Spouses and some unmarried children (also referred to as "dependents") of these principals must obtain an EAD to become employment authorized.

**IF PRINCIPAL OR SPOUSE - TEMPORARY EMPLOYMENT AUTHORIZED:** Certain agencies receive this non-immigrant response when the applicant presents a Form I-94 (including electronic printout from CBP's website) or foreign passport because of the way their responses are set by SAVE. This response includes foreign government officials, treaty traders and investors, international representatives, representatives of foreign information media, NATO officials, and their spouses. It says IF PRINCIPAL OR SPOUSE because principals and spouses who receive this SAVE response are employment authorized incident to status. Other relatives and dependents that receive this response are not employment authorized.

**ASYLEE - EMPLOYMENT AUTHORIZED:** A non-national in the United States or at a port of entry who was found to be unable or unwilling to return to his or her country of nationality, or to seek the protection of that country because of persecution or a well-founded fear of persecution. Persecution or the fear thereof must be based on the person's race, religion, nationality, membership in a particular social group, or political opinion. Usually documented with a Form I-94 (including electronic printout from CBP's website), Form I-571, or an EAD. **An asylee is employment authorized incident to status.**

**REFUGEE - EMPLOYMENT AUTHORIZED:** A non-national outside his or her country of nationality who is unable or unwilling to return to that country because of persecution or a well-founded fear of persecution. Persecution or the fear thereof must be based on the person's race, religion, nationality, membership in a particular social group, or political opinion. Usually documented with a Form I-94 (including electronic printout from CBP's website), Form I-571, or an EAD. **A refugee is employment authorized incident to status.**

**PAROLEE:** A non-national of the United States who may be inadmissible or otherwise ineligible for admission into the United States, who has been paroled into the United States temporarily for urgent humanitarian reasons or significant public benefit. Paroles are usually issued for a specific period of time, and end on the date the parole period expires or when the beneficiary departs the United States or acquires an immigration status, whichever occurs first. A Parolee Entrepreneur (PE-1) is employment authorized incident to status. However, all other parolees must apply for and be approved for an EAD to become employment authorized.

**TEMPORARY RESIDENT - TEMPORARY EMPLOYMENT AUTHORIZED:** A non-national of the United States who performed agricultural labor and was granted a one-year temporary resident status based on the legalization and Special Agricultural Worker (SAW) Program qualifications under a provision of the Immigration Reform and Control Act of 1986. Applicants previously granted temporary resident status were issued one of the following documents: Form I-688 Temporary Resident Card, I-688A Employment Authorization Card, or I-688B Employment Authorization Card. These documents are no longer issued by USCIS.

**FAMILY UNITY - TEMPORARY EMPLOYMENT AUTHORIZED:** Applicant falls under the Family Unity Program. This means they are an eligible immigrant who is shielded from deportation because they are a spouse or child of a qualifying legal immigrant. Under the Family Unity Program, applicants may obtain an EAD bearing the category code of A13 or A14.

**DEFERRED ACTION FOR CHILDHOOD ARRIVALS (DACA) – EMPLOYMENT AUTHORIZED:** On June 15, 2012, the Secretary of the Department of Homeland Security announced that individuals who came to the United States as children and met other key requirements could request consideration for deferred action. This is referred to as DACA and is limited for a specific period of time. Certain agencies will receive this response when the applicant's immigration status verified using a valid EAD demonstrating employment authorization because of the way their responses are set by SAVE.

**TEMPORARY PROTECTED STATUS (TPS) - EMPLOYMENT AUTHORIZED:** Establishes a legislative basis for allowing a group of people temporary refuge in the United States. The Secretary of Homeland Security may designate nationals of a foreign state to be eligible for TPS with a finding that conditions in that country pose a danger to personal safety because of ongoing armed conflict, environmental disaster, or other extraordinary and temporary conditions. Grants of TPS are initially made for periods of 6 to 18 months, and may be extended depending on the situation. Individuals granted TPS are employment authorized incident to status. However, the response says EMPLOYMENT AUTHORIZED because the individual was verified using a valid EAD demonstrating employment authorization. Note that EADs for these individuals may be auto-extended. In such cases, SAVE will announce such an extension is in effect, and in most cases will automatically add the extended work authorization period onto the existing EAD, which may be expired on its face. If the additional validity period is not added and you need a SAVE verification on that point, please submit the case for additional verification. Evidence of TPS includes a Form I-797 Notice of Action and/or an EAD bearing the category code A12 or C19.

**APPLICATION PENDING (FORM I-485 ADJUSTMENT OF STATUS) - TEMPORARY EMPLOYMENT AUTHORIZED:** The applicant is not a citizen or national of the U.S. and has filed a Form I-485 application to adjust status to lawful permanent resident, but a decision on the application has not yet been made. This response also indicates that SAVE verified that the applicant has a valid EAD.

**APPLICATION PENDING (FORM I-589 ASYLUM) – TEMPORARY EMPLOYMENT AUTHORIZED:** The applicant is not a citizen or national of the U.S. and has filed a Form I-589 application for asylum, but a decision on the application has not yet been made. This response also indicates that SAVE verified that the applicant has a valid EAD.

**AMERICAN INDIAN BORN IN CANADA:** Under Section 289 of the Immigration and Nationality Act (INA), individuals born in Canada who possess at least 50 percent American Indian blood may live and work in the United States. Upon proving to USCIS that they meet the requirements of INA section 289 and that they maintain their principal residence in the United States, they will be accorded lawful permanent resident status under 8 C.F.R. § 289.2 and will be issued an I-551 Permanent Resident Card. If an individual has not previously had his or her status under INA section 289 verified by USCIS, the individual should be directed to make an appointment at the nearest USCIS Field Office, during which time the individual may prove his or her claim through the submission of documentary evidence.

**VERIFICATION IN PROCESS:** When any of the DHS systems are temporarily down and SAVE needs additional time to verify applicant immigration status. The initial verification case is placed in a queue for 24 hours and the user will receive the following message: "This case has been submitted but SAVE needs additional time to verify the immigration status of this benefit applicant."

**UNABLE TO PROCESS:** If there is a technical error and any partner systems are down for more than 24 hours, the user must close the case. The agency user must initiate a new verification request to verify the applicant's immigration status.

*Other Information Provided on Electronic Initial Verification*

In addition to the text response, your agency will receive information in the **Date Admitted To** field. This relates to when the non-citizen's authorized period of stay/status in the United States expires. See EXPIRED DOCUMENT in the Third Step Verification section below.

If there is no date in the field, it may state one of the following:

**Indefinite** – The person has no limit on how long he or she may remain in the United States. For example, a lawful permanent resident would receive this response.

**D/S** - Stands for "duration of status." This means that a non-citizen's authorized stay in the United States is continuous so long as the person is still engaging in the activity associated with thenon-citizen's immigration status. For example, a representative of a foreign government's authorized stay continues for as long as they comply with the requirements associated with the status.

Your agency will also generally receive a COA code with the Initial Verification response. The COA code may be relevant for benefit eligibility. However, the COA code provided is not always a definitive indicator of the individual's eligibility. SAVE recommends that agencies consider the COA in conjunction with the SAVE eligibility response and the immigration document presented. For example, someone with a pending application for asylum may have a COA code indicating that he or she is not legally in the United States. There are also some individuals granted temporary relief who are therefore lawfully present, such as TPS or Deferred Action, but whose COA does not reflect that temporary relief. SAVE recommends that agencies look to the eligibility statement and the immigration document as well in order to determine the applicant's eligibility for the benefit. **Note: Refer to the SAVE System [Online Resources](#) for a list of COA codes.**

In some instances, the response will provide an EAD category code instead of a COA code. **Refer to the SAVE System Online Resources Library for a list of EAD codes.**

## Additional (Second Step) Verification Responses

The responses returned by a Status Verifier are not always identical to those returned by the electronic system on first step. The Status Verifier response protocol is based on the applicant's current immigration status rather than the document. If the response returned by the Status Verifier differs from what the agency expected based on the information provided, it may be because the applicant's immigration status has changed since the document used by the agency to submit the SAVE request was issued. Generally, the Status Verifier will provide the applicant's naturalized or derived citizenship information, current immigration status, or application pending as the primary DHS response. If the primary response is an immigration status, the response will also include the admitted to date (refer to the **Appendix** for special cases), employment authorization, pending application(s), and additional information requested by the agency. Additionally, the Status Verifier will provide the COA for immigrant and non-immigrant responses.

There are a limited number of DHS responses that your agency may receive on additional (second step) verification. The following is a list of those responses with interpretations:

**LAWFUL PERMANENT RESIDENT (LPR) - EMPLOYMENT AUTHORIZED INDEFINITELY:** See LAWFUL PERMANENT RESIDENT - EMPLOYMENT AUTHORIZED above in initial verification section.

**APPLICATION PENDING:** The non-national has filed an application with USCIS for an extension, change or adjustment of status, or to obtain employment authorization, but a USCIS decision on the application has not yet been made. This response is only provided when no other status can be found and an application is currently pending with USCIS or the Executive Office of Immigration Review (EOIR). The applicant is not employment authorized unless they have a valid I-765 EAD. A pending application is usually documented with a Form I-797 Notice of Action.

**APPLICATION PENDING - TEMPORARY EMPLOYMENT AUTHORIZED:** The non-national has filed an application with USCIS for an extension, change or adjustment of status, or to renew employment authorization, but a USCIS decision on the application has not yet been made. The applicant is employment authorized with a valid EAD, usually documented with a Form I-797 Notice of Action and/or an EAD.

**APPLICATION PENDING - NOT TEMPORARY EMPLOYMENT AUTHORIZED:** The non-national has filed an application with USCIS for an extension, change or adjustment of status, but a USCIS decision on the application has not yet been made. The applicant is not employment authorized. Usually documented with a Form I-797 Notice of Action.

**PAROLEE INDEFINITE - NOT EMPLOYMENT AUTHORIZED:** A non-national who has been allowed into the United States under emergency conditions or when his or her parole has been determined to be in the public interest. The term "Indefinite" denotes that there is no specified time limit placed on the individual's parole into the United States.  Usually documentedwith a Form I-94 (including electronic printout from CBP's website) or foreign passport. The applicant is not employment authorized.

**PAROLEE INDEFINITE - TEMPORARY EMPLOYMENT AUTHORIZED:** A non-national who has been allowed into the United States under emergency conditions or when his or her parolehas been determined to be in the public interest. The term "Indefinite" denotes that there is no specified time limit placed on the individual's parole into the United States. Usually documented with a Form I-94 (including electronic printout from CBP's website), foreign passport, or EAD. The applicant is employment authorized with a valid EAD.

**PAROLEE EXPIRES - NOT EMPLOYMENT AUTHORIZED:** A non-national who has beenallowed into the United States under emergency conditions or when his or her parole has been determined to be in the public interest. The term "Expires" denotes that there is a specified time limit placed on the individual's parole into the United States. The relevant expiration date will beincluded in the response. Usually documented with a Form I-94 (including electronic printout from CBP's website) or foreign passport.  The applicant is not employment authorized.

**PAROLEE EXPIRES - TEMPORARY EMPLOYMENT AUTHORIZED EXPIRES:** A non-national who has been allowed into the United States under emergency conditions or when his or her parole has been determined to be in the public interest. The term "Expires" denotes that there is a specified time limit placed on the individual's parole into the United States. The relevant expiration date will be included in the response. The applicant is employment authorized with a valid EAD or I-94 indicating that the applicant was admitted as a PE-1, Entrepreneur Parolee. Usually documented with a Form I-94 (including electronic printout from CBP's website), foreign passport, or EAD.

**CONDITIONAL ENTRANT - EMPLOYMENT AUTHORIZED INDEFINITELY:** An immigration status used for refugees prior to the Refugee Act of 1980. All conditional entrants entered the United States before 1981, when the federal government stopped using this status. While many conditional entrants have adjusted to lawful permanent resident status or became United States citizens, some retain their original status and are allowed to live and work in the United States indefinitely. Conditional Entrants are employment authorized incident to status. See REFUGEE above in initial verification section.

**NON-IMMIGRANT:** See NON-IMMIGRANT  above in initial verification section.

**UNITED STATES CITIZEN:** See UNITED STATES CITIZEN above in initial verification section.

**CONDITIONAL RESIDENT - EMPLOYMENT AUTHORIZED:** See CONDITIONAL RESIDENT-EMPLOYMENT AUTHORIZED in initial verification section above.

**ASYLEE - EMPLOYMENT AUTHORIZED - INDEFINITE:** See ASYLEE – EMPLOYENT AUTHORIZED in initial verification section above.

**REFUGEE - EMPLOYMENT AUTHORIZED - INDEFINITE:** See REFUGEE – EMPLOYMENT AUTHORIZED in initial verification section above.

**NON-IMMIGRANT EMPLOYMENT AUTHORIZED - INDEFINITE:** Citizens of the Federated States of Micronesia (FSM), the Republic of the Marshall Islands (MIS), and Palau (PAL) are admitted to the United States as non-immigrants when admitted under the terms of those nations' respective Compacts of Free Association with the United States. Citizens of the FSM, the MIS, and PAL are not nationals of the United States, but are eligible to live and work in the United States indefinitely. They are employment authorized incident to status. Usually documented with a Form I-94 (including electronic printout from CBP), foreign passport with an admission stamp, or EAD.

**NON-IMMIGRANT - TEMPORARY EMPLOYMENT AUTHORIZED:** A non-immigrant who is authorized to work temporarily in accordance with the non-immigrant COA under which he or she has been admitted. Usually documented with a Form I-94 or an EAD. See NON-IMMIGRANT above in additional (second step) verification section. Certain agencies will receive this response because of the way their responses are set by SAVE.

**NON-IMMIGRANT - NOT EMPLOYMENT AUTHORIZED:** A non-immigrant who is not authorized to work temporarily in accordance with the non-immigrant COA under which he or she has been admitted, and who does not have an EAD. See NON-IMMIGRANT above in additional (second step) verification. TEMPORARY PROTECTED STATUS EMPLOYMENT AUTHORIZED (TPS): See TEMPORARY PROTECTED STATUS EMPLOYMENT AUTHORIZED in initial verification section above.

**DACA - TEMPORARY EMPLOYMENT AUTHORIZED:** See DACA – EMPLOYMENT AUTHORIZED above in initial verification section.

**DACA - NOT EMPLOYMENT AUTHORIZED:** On June 15, 2012, the Secretary of the Department of Homeland Security announced that individuals who came to the United States as children and met other key requirements could request consideration for deferred action. This is referred to as DACA and is limited for a specific period of time. Individuals granted DACA are not employment authorized unless they have a valid EAD.

**FAMILY UNITY - TEMPORARY EMPLOYMENT AUTHORIZED:** See FAMILY UNITY - TEMPORARY EMPLOYMENT AUTHORIZED in initial verification section above.

**DEFERRED ACTION STATUS (DAS) - TEMPORARY EMPLOYMENT AUTHORIZED:** A non-national of the United States who has been granted discretionary relief deferring removal for a certain period of time. An individual who has been granted deferred action is not considered to be unlawfully present during the period in which deferred action is in effect. An individual who has received deferred action is authorized by DHS to be present in the United States, and is therefore considered by DHS to be lawfully present during the period deferred action is in effect. The applicant is employment authorized with a valid EAD. DHS can terminate or renew deferred action at any time at the agency's discretion.

**DEFERRED ACTION STATUS (DAS) - NOT EMPLOYMENT AUTHORIZED:** A non-national of the United States who has been granted discretionary relief deferring removal for a certain period of time. An individual who has been granted deferred action is not considered to be unlawfully present during the period in which deferred action is in effect. An individual who has received deferred action is authorized by DHS to be present in the United States, and is therefore considered by DHS to be lawfully present during the period deferred action is in effect. The applicant is not employment authorized. DHS can terminate or renew deferred action at any time at the agency's discretion.

**DEFERRED ACTION STATUS (DAS):** A non-national of the United States who has been granted discretionary relief deferring removal for a certain period of time. An individual who has been granted deferred action is not considered to be unlawfully present during the period in which deferred action is in effect. An individual who has received deferred action is authorized by DHS to be present in the

United States, and is therefore considered by DHS to be lawfully present during the period deferred action is in effect. The applicant is not employment authorized unless he or she has a valid EAD. DHS can terminate or renew deferred action at any time at the agency's discretion.

**DEFERRED ENFORCED DEPARTURE (DED) - TEMPORARY EMPLOYMENT AUTHORIZED:** DED is not a specific immigration status. It is a discretionary relief whereby individuals covered under DED are not subject to removal from the United States for a designated period of time. DED has been in use since 1990 and was formerly known as Extended Voluntary Departure (EVD). The applicant is employment authorized with a valid EAD.

**AMERICAN INDIAN BORN IN CANADA - EMPLOYMENT AUTHORIZED:** See AMERICAN INDIAN BORN IN CANADA-EMPLOYMENT AUTHORIZED above in initial verification section.

**VIOLENCE AGAINST WOMEN ACT (VAWA) - SELF-PETITIONER – TEMPORARY EMPLOYMENT AUTHORIZED:** A non-national of the United States who has filed an application under the Violence Against Women Act (VAWA) that allows battered non-United States national spouses, children, or parents of United States citizens and certain lawful permanent residents to file a petition for themselves without the abuser's knowledge. Having an approved VAWA petition by itself does not grant any immigration status. The applicant is employment authorized with a valid EAD.

**VAWA SELF-PETITIONER:** A non-national of the United States who has filed an application under the Violence Against Women Act (VAWA) which allows battered non-United States national spouses, children, or parents of US citizens and certain lawful permanent residents to file a petition for themselves without the abuser's knowledge. Having an approved VAWA petition by itself does not grant any immigration status. The applicant is employment authorized with a valid EAD.

**VAWA SELF-PETITIONER - NOT EMPLOYMENT AUTHORIZED:** A non-national of the United States who has filed an application under VAWA that allows battered non-United States national spouses, children, or parents of United States citizens and certain lawful permanent residents to file a petition for themselves without the abuser's knowledge. Having an approved VAWA petition by itself does not grant any immigration status. The applicant is not employment authorized.

**OTHER:** Used when one of the other more specific responses listed in the additional (second step) verification section are not appropriate for the individual in question. When "Other" is selected, status and employment information (when available) will be provided by the Status Verifier in the comments to the agency.

**OTHER - EMPLOYMENT AUTHORIZED INDEFINITE:** Used when one of the other more specific responses listed in the additional (second step) verification section are not appropriate for the individual in question, and the individual is employment authorized indefinitely.

**OTHER - TEMPORARY EMPLOYMENT AUTHORIZED:** Used when one of the other more specific responses listed in the additional (second step) verification section are not appropriate for the individual in question, and the individual is authorized to work in the United States for a specific period of time as indicated on his or her valid EAD.

**OTHER - NOT EMPLOYMENT AUTHORIZED:** Used when one of the other more specific responses listed in the additional (second step) verification section are not appropriate for the individual in question. The individual is not employment authorized without a valid EAD.

**NO STATUS - GRANTED WITHHOLDING OF REMOVAL - EMPLOYMENT AUTHORIZED INDEFINITELY:** This applicant does not currently have any immigration status but has been granted withholding of removal, which means he or she is allowed to live and work in the United States because his or her removal has been withheld.

**NO STATUS - RELEASED ON AN ORDER OF SUPERVISION – TEMPORARY EMPLOYMENT AUTHORIZED:** This applicant does not currently have any immigration status, but was detained and was released from the custody of the Immigration and Customs Enforcement (ICE) on an Order of Supervision. This means the applicant is subject to an administrative final removal order but cannot be removed to his or her country at this time. Applicants released on an Order of Supervision are employment authorized with a valid EAD.

**RESUBMIT DOC:** The Status Verifier was unable to determine the person's status without seeing a copy of the person's most recent immigration document. The user must Scan and Upload a copy of the document (front and back) for third step verification. **An agency may not rely on a SAVE response if third level verification is not completed when prompted. See SAVE Program Guide.**

**CONTINUE TO PROCESS:** The Status Verifier is unable to determine the person's status based on the information currently available and further research is necessary. This is not a final response. A final response will be provided upon completion of research.

| Additional (Third Step) Verification Responses |
|---|

Third Step Verification has all of the responses provided by Second Step Verification, as well as the following responses not returned on Second Step Verification. Additionally, the same response protocol used by the Status Verifier for Second Step Verification is used for Third Step Verification.

**AMERICAN INDIAN BORN IN CANADA - EMPLOYMENT AUTHORIZED:** See AMERICAN INDIAN BORN IN CANADA-EMPLOYMENT AUTHORIZED above in initial verification section.

**EXPIRED DOCUMENT:** Document that has an expiration date that has already passed at the time it was used for immigration status verification. This response would be provided when there is no immigration status, employment authorization, pending applications, or relief from removal found.

**DOCUMENT APPEARS TO BE ALTERED:** Applicant provided a document that appears to be altered. Altered documents are issued by a proper authority but altered without authorization. For example, a photo-substitution or an altered date of birth.

**DOCUMENT APPEARS TO BE COUNTERFEIT:** Applicant provided a document that appears to be counterfeit. Counterfeit documents are not issued by a proper authority. Instead, they are produced entirely (top to bottom, front to back) through fraud.

**NO STATUS - EMPLOYMENT AUTHORIZED INDEFINITELY:** Based on the document and information provided, an immigration status was not found for this applicant. The applicant is allowed to work in the United States. If the applicant has other documents, SAVE suggests you initiate a new verification request with the most recent documentation.

**NO STATUS - TEMPORARY EMPLOYMENT AUTHORIZED:** Based on the document and information provided, an immigration status was not found for this applicant. The applicant is temporarily allowed to work in the United States. If the applicant has other documents, SAVE suggests you initiate a new verification request with the most recent documentation.

**NO STATUS:** Based on the document and information provided, an immigration status was not found for this applicant. If the applicant has other documents, SAVE suggests you initiate a new verification request with the most recent documentation.

**UNABLE TO VERIFY:** SAVE was unable to determine a status for this applicant based on the document and information provided. If the applicant has a more recent document available, please create a new case using the most recent documentation. If the applicant has already provided the most recent document, SAVE recommends that the applicant contacts the document issuing authority.

*Other Information Provided on Additional Second and Third Step Verifications*

**CUBAN/HAITIAN ENTRANT:** Cuban-Haitian Entrant is NOT AN IMMIGRATION STATUS, but a term relevant to the determination of an individual's eligibility for various public benefits, such as Medicaid or refugee assistance. A Cuban-Haitian Entrant is defined in section 501(e) of the Refugee Education Assistance Act of 1980, Pub. L. No. 96-422, as amended, as:

Any individual granted parole as a Cuban-Haitian Entrant (Status Pending) or granted any other special status subsequently established under the immigration laws for nationals of Cuba or Haiti, regardless of the status of the individual at the time assistance or services are provided,[1] and any other national of Cuba or Haiti who is not subject to a final, non-appealable and legally enforceable removal order and who[2] was paroled into the United States and has not acquired any other status under the immigration and Nationality Act; or is in removal proceedings under the Immigration and Nationality Act; or has an application for asylum pending with USCIS.

Cuban-Haitian Entrants typically have some form of immigration status or designation, such as parolee, or lawful permanent resident, but they can be a Cuban-Haitian Entrant and have no immigration status. They may be affirmative asylum applicants, or they may be in removal proceedings.  Under 8 C.F.R. § 212.5(h)(1), Cubans or Haitians paroled into the United States under INA section 212(d)(5) since October 19, 1980, are considered to have been paroled in the immigration status referred to as "entrants" in the above section 501(e)(1) of the Refugee Education Assistance Act rather than section 502(e)(2), with the limited exception of those mentioned in 8 C.F.R. § 212.5(h)(2), which refers to law enforcement/witness paroles. Notably, such Cuban-Haitian Entrants maintain their Cuban-Haitian Entrant designation even after they acquire some other immigration status, or even if a final removal order is issued against them.

Some Cuban-Haitian Entrants may be eligible to apply for work authorization such as parolees or asylum applicants, or some Cuban-Haitian Entrants may be authorized to work incident to their immigration status, e.g. Lawful Permanent Residents. See 8 C.F.R. § 274a.12 generally, and (a)(1) for lawful permanent residents, (c)(11) for parolees, (c)(8) for asylum applicants.  Some Cuban-Haitian Entrants may not be eligible for work authorization although they may be eligible for certain public benefits.

# FINAL STEP

If the person's status is confirmed, the verification process is complete. If the applicant believes his or her information in DHS records is incorrect, the applicant can seek a records correction. Applicants should read the [SAVE Records: Fast Facts for Benefit Applicants](#) for more information.

If a status is not confirmed, the Status Verifier will provide additional information or guidance concerning how to proceed, e.g., *"No immigration status was located for the applicant based on the information and document provided"* or *"A records discrepancy exists with the document(s).  Please refer applicant to USCIS Contact Center at 1-800-375-5283 or [www.uscis.gov](http://www.uscis.gov)"* or *"A records discrepancy exists with the I-94.  Please refer the applicant to CBP Customer Service at 1-877-CBP-511 or [www.cbp.gov](http://www.cbp.gov)."*

---

[1] See § 501(e)(1) of Refugee Education Assistance Act of 1980 (REAA). Note that individuals who were paroled in as Cuban Haitian Entrants (status pending) retain their Cuban-Haitian designation even if they later acquire some other immigration status or even if a final removal order is issued against them.

[2] See §501(e)(2) of REAA.

| Appendix |
|---|

*Expiration Dates for Second and Third Step Verifications:*

The status expiration date will be provided for any status that expires.

- F-1 applicant (and dependents): 60 days will be added to the program end or Optional Practical Training (OPT) date to reflect the 60-day grace period allowed for departure following the end of the program.

    o The admitted to date will be "D/S" when the student has a pending application to extend employment (I-765 OPT pending, Science, Technology, Engineering, and Math (STEM) extensions).

    o The admitted to date will be 9/30/20XX when an F-1 applicant has applied to change status to H-1B prior to their admitted to date and an I-129 has been approved and has an effective date of 10/1/20XX (CAP-GAP).

- M-1 applicant (and dependents): 30 days is added to the program end or OPT expiration date to reflect the grace period allowed for M students to depart following the end of their program.

    Thirty days may not be added in its entirety if adding it would exceed one year.

- J-1 applicant (and dependents): 30 days is added to the program end date to reflect the grace period allowed for exchange visitors to depart after their program ends.

- H-2A applicant (and dependents): 30 days is added to the expiration date of the H-2A petition for the purpose of departure or to seek an extension based upon a subsequent offer of employment.

Employment authorization will be extended 240 days from I-94 expiration or petition end date (whichever is later) for:

- Certain non-immigrant statuses (A-3, CW-1, E-1, E-2, E-3, G-5, H-1, H-2A,[3] H-2B, H-3, I, J-1, L-1, O-1, O-2, P-1, P-2, P-3, R-1, or TN) when the applicant has a timely-filed I-129 pending with the same employer.[4]

Employment authorization for H-1B portability is not simply limited to filings before the expiration of the I-94. Rather, timely-filed in this context includes those H-1B petitions filed after the expiration of the I-94, but while the beneficiary remained in an authorized period of stay based on a prior H-1B extension petition that was filed prior to the expiration of the I-94.

---

[3] If the H-2A extension petition is filed by a new employer, a 120-day extension is given if the employer participates in E-Verify®.

[4] Generally, a nonimmigrant employee can change employers however, the employee cannot begin working for thenew employer until USCIS approves the petition. Note: there are two exceptions H-1B and H-2A nonimmigrant statuses described above.