# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 25-0946 (CKK) |
| EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, | |
| *Defendants*. | |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 25-0952 (CKK) |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | |
| *Defendants*. | |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 25-0955 (CKK) |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | |
| *Defendants*. | |

## JOINT SCHEDULING PROPOSAL

In response to the Court's April 28, 2025 Minute Order the parties respectfully submit the following scheduling proposals for this consolidated litigation.

1

## BACKGROUND

On March 25, 2025, President Trump signed an Executive Order entitled "Preserving and Protecting the Integrity of American Elections." Exec. Order 14,248, 90 Fed. Reg. 14005 (Mar. 25, 2025) ("Executive Order" or "EO"). Soon after, three groups of Plaintiffs filed suit seeking injunctive and declaratory relief against various executive officers and agencies responsible for implementation of the President's Executive Order. *See* Compl., ECF No. 1 (Case No. 25-cv-0946), ¶ 1 & at 49;[1] Compl., ECF No. 1 (Case No. 25-cv-0952), ¶ 4, at 68–69 & Ex. A;[2] Compl., ECF No. 1 (Case No. 25-cv-0955), ¶ 1 & at 33.[3] This Court consolidated the three cases, and directed the parties to consolidate their briefing to the greatest extent practicable. *See* ECF No. 12. The Court granted a motion to allow the Non-Partisan Plaintiffs to file briefs separately from the Democratic Party Plaintiffs given their non-partisan status. *See* ECF No. 31.

All three plaintiff groups filed motions for a preliminary injunction. On April 24, 2025, this Court granted plaintiffs' motions to preliminarily enjoin defendants from taking any action to implement or give effect to Section 2(a) of the EO. *See* ECF No. 104, at 119. The Court also granted the Democratic Party Plaintiffs' motion to preliminarily enjoin defendants from taking any action to implement or give effect to Section 2(d) of the EO. *Ibid.* Thereafter, the Court ordered

---

[1] Plaintiffs in this case are League of United Latin American Citizens ("LULAC"), the Secure Families Initiative, and the Arizona Students' Association (collectively, the "LULAC Plaintiffs").
[2] These plaintiffs are several national organizations affiliated with the Democratic Party—the Democratic National Committee ("DNC"), Democratic Governors Association ("DGA"), DSCC, and DCCC—as well as the individual leaders of the Democratic Caucuses in the U.S. Senate and the U.S. House of Representatives, Charles E. Schumer and Hakeem S. Jeffries (collectively, "Democratic Party Plaintiffs").
[3] The plaintiffs in this case are the League of Women Voters Education Fund, the League of Women Voters of the United States, the League of Women Voters of Arizona, the Hispanic Federation, the National Association for the Advancement of Colored People ("NAACP"), OCA – Asian Pacific American Advocates, and Asian and Pacific Islander American Vote (collectively, the "League Plaintiffs").

the parties to file a joint scheduling proposal as to further proceedings by May 5, 2025. *See* Minute

Order, Apr. 28, 2025.

The parties have met and conferred in an effort to reach agreement as to a joint scheduling

proposal, but they have not been able to reach agreement, principally concerning the need and

scope of any discovery. Accordingly, the parties set forth their separate proposals below.

## PLAINTIFFS' PROPOSED SUMMARY JUDGMENT SCHEDULE

Plaintiffs respectfully request the Court adopt the following schedule for summary

judgment briefing, subject to the reservations noted below:

- **Sept. 17, 2025**: Plaintiffs file summary judgment motions
- **Oct. 17, 2025**: Defendants file cross-summary judgment motion and responses
- **Nov. 7, 2025**: Plaintiffs file responses and replies
- **Nov. 21, 2025**: Defendants file reply

## PROPOSALS ON OUTSTANDING ISSUES

*Plaintiffs' Proposal*

### 1. Discovery

Democratic Party Plaintiffs propose a roughly four-month discovery period that will permit

them to obtain discovery on matters not resolved by the Court's preliminary injunction order,

which recognized that "further factual development" may be necessary on certain claims. ECF No.

104 at 83 (as to Democratic Party Plaintiffs' Privacy Act claims against Section 2(b) of the EO);

*see also* ECF No. 84 at 42 (defendants arguing that the "factual record is underdeveloped" as to

claims against Sections 2(b), 2(d), 7(a), and 7(b)). Accordingly, Democratic Party Plaintiffs

propose the following discovery deadlines, which they contend are sufficient to develop the record

on these issues and to resolve any ensuing discovery disputes in a timely manner:

- **May 12, 2025**: Initial Disclosures
- **Sept. 2, 2025**: Close of discovery (or 30 days after resolution of any discovery motion filed by Sept. 1)

Democratic Party Plaintiffs intend to work with Defendants to conduct discovery efficiently and to promptly resolve any discovery disputes in order to maintain the proposed summary judgment briefing schedule set forth above.

The Non-Partisan Plaintiffs take no position on the request for discovery and do not intend to take party discovery at this time, but may make Rule 36 requests for admission, and reserve the right to take party discovery if circumstances change and reserve the right to receive all discovery exchanged in this matter and participate in any depositions taken.

**2. Reservation as to Proposed Summary Judgment Schedule**

Plaintiffs' proposed summary judgment schedule above is contingent on Defendants' representation during the meet and confer process that they do not intend to appeal the Court's April 24 preliminary injunction order.[4] Plaintiffs' proposed summary judgment schedule is further contingent on defendants' representations that they do not intend to file motions to dismiss. Finally, Plaintiffs' proposed summary judgment schedule is further contingent on setting the discovery period proposed by Democratic Party Plaintiffs. If the Court determines a different discovery plan is appropriate, the Democratic Party Plaintiffs request a status conference and an opportunity to be heard on the schedule.

Plaintiffs reserve the right to seek to modify the briefing schedule if defendants do appeal the preliminary injunction or take other actions that warrant adjusting the schedule.

---

[4] Plaintiffs also do not intend to appeal the Court's preliminary injunction order, but reserve the right to cross-appeal if the government alters course and chooses to appeal.

### 3.  Reservation as to Seeking Further Preliminary Relief

Democratic Party Plaintiffs and Non-Partisan Plaintiffs each reserve the right to seek further preliminary injunctive relief if necessary, based upon any change of circumstances prior to resolution of summary judgment motions. For example, Democratic Party Plaintiffs and LULAC Plaintiffs each assert claims concerning Section 3(d) of the EO, which instructs the Secretary of Defense to add a documentary proof of citizenship requirement to the UOCAVA post card application. They reserve the right to seek preliminary relief as to Section 3(d) if Defendants, prior to the resolution of summary judgment, make or propose changes to the UOCAVA post card application form so as to implement the requirements of Section 3(d) of the EO.

### 4.  Answers to Plaintiffs' Complaints

Plaintiffs object to Defendants' proposal to delay answering their complaints and request that answers be served as under the ordinary course consistent with Rule 12 of the Federal Rules of Civil Procedure.

## DEFENDANTS' PROPOSED SUMMARY JUDGMENT SCHEDULE

Plaintiffs bring several claims against Defendants, alleging generally that Executive Order 14248 constitutes an ultra vires exercise of presidential authority in violation of the separation of powers and that if carried out, the EO's directives would result in agency action contrary to the "Election Day Statutes,"[5] National Voter Registration Act,[6] Uniformed and Overseas Citizens Absentee Voting Act,[7] the First Amendment, the Fifth Amendment, the Privacy Act,[8] and the Help America Vote Act.[9]  Compl. 41-48, 1:25-cv-946; Compl. 31-33, 1:25-cv-00955; Compl. 42-67, 1:25-cv-952. These claims present pure legal issues, which can be decided without discovery. The

---

[5] 2 U.S.C. § 7; 3 U.S.C. § 1.
[6] 52 U.S.C. § 20501.
[7] 52 U.S.C. § 20301.
[8] 5 U.S.C. § 552a.
[9] 52 U.S.C. § 20921.

Democratic Party Plaintiffs assert that discovery is appropriate for certain claims where there is "uncertainty about how [an agency] will implement" portions of the EO. ECF No. 104 at 86. But a lack of ripeness does not entitle Plaintiffs to discovery related to that claim. Rather, it counsels in favor of dismissing it. *See Common Cause v. Trump*, 506 F. Supp. 3d 39, 44, 47, 56 (D.D.C. 2020) (dismissing claims challenging a presidential memorandum for lack of ripeness where "judicial review . . . would benefit from further factual development"); *Atl. States Legal Found. v. E.P.A.*, 325 F.3d 281, 285 (D.C. Cir. 2003) ("In short, we have 'the classic institutional reason to postpone review: we need to wait for 'a rule to be applied [to see] what its effect will be.'"). Discovery is thus an unnecessary precondition to filing summary-judgment motions in this case. Accordingly, Defendants respectfully propose the following schedule:

- **June 25, 2025**: Plaintiffs file summary judgment motions
- **July 25, 2025**: Defendants file cross-summary judgment motion and responses
- **August 15, 2025**: Plaintiffs file responses and replies
- **August 29, 2025**: Defendants file reply

Additionally, Defendants request that their deadline to file an answer be deferred until the summary-judgment motions have been resolved. Because discovery is not necessary on these purely legal claims, Defendants also request that the deadline for initial disclosures be deferred.

Dated: May 5, 2025                                Respectfully submitted,

/s/ Norman L. Eisen
Norman L. Eisen (D.C. Bar No. 435051)
Tianna J. Mays (D.C. Bar No. 90005882)***
Pooja Chaudhuri (D.C. Bar No. 888314523)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org
pooja@statedemocracydefenders.org

Counsel for Plaintiffs League of United Latin
American Citizens, Secure Families Initiative,
and Arizona Students Association

*Admitted pro hac vice
**Application for D.D.C. admission pending
***Application for pro hac vice admission
forthcoming

/s/ Danielle Lang
Danielle Lang (DC Bar No. 1500218)
Jonathan Diaz (DC Bar No. 1613558)
Robert Brent Ferguson (DC Bar No. 1782289)
Anna Baldwin (DC Bar No. 998713)
Heather Szilagyi (DC Bar No. 90006787)
Benjamin Phillips (DC Bar No. 90005450)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
bphillips@campaignlegalcenter.org

Wendy R. Weiser*
Sean Morales-Doyle*
Eliza Sweren-Becker*
Jasleen K. Singh*
Andrew B. Garber*
Brennan Center for Justice at
NYU School of Law
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
weiserw@brennan.law.nyu.edu
morales-doyles@brennan.law.nyu.edu
sweren-beckere@brennan.law.nyu.edu
singhj@brennan.law.nyu.edu
garbera@brennan.law.nyu.edu

/s/ Sophia Lin Lakin
Sophia Lin Lakin*
Ethan Herenstein*
Jonathan Topaz*
Clayton Pierce*
Davin Rosborough*
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
eherenstein@aclu.org
jtopaz@aclu.org
cpierce@aclu.org
drosborough@aclu.org

Leah C. Aden*
John S. Cusick*
Brenda Wright*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
jcusick@naacpldf.org
bwright@naacpldf.org

Miranda Galindo*
Cesar Z. Ruiz*
Delmarie Alicea*
Latino Justice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
mgalindo@latinojustice.org
cruiz@latinojustice.org
dalicea@latinojustice.org

Megan C. Keenan (D.C. Bar No. 1672508)
Sarah Brannon (D.C. Bar No. 90024493)
Adriel I. Cepeda Derieux (D.C. Bar No.
90026636)
Jacob Van Leer (DC Bar No. 1742196)
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20001
(740) 632-0671
mkeenan@aclu.org
sbrannon@aclu.org
acepedaderieux@aclu.org
jvanleer@aclu.org

Michael Perloff (D.C. Bar No. 1601047)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
mperloff@acludc.org
smichelman@acludc.org

Niyati Shah (D.C. Bar No. 1659560)
Alizeh Ahmad (D.C. Bar No. 90018919)
ASIAN AMERICANS
ADVANCING JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, D.C. 20036
(202) 296-2300
nshah@advancingjustice-aajc.org
aahmad@advancingjustice-aajc.org

*Counsel for Plaintiffs League of Women Voters Education Fund, League of Women Voters of the United States, League of Women Voters of Arizona, Hispanic Federation, National Association for the Advancement of Colored People, OCA-Asian Pacific American Advocates, and Asian and Pacific Islander American Vote*

*\*Admitted pro hac vice*

*/s/ Lalitha D. Madduri*
**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Aria C. Branch (DC 1014541)
Lalitha D. Madduri (DC 1659412)
Christopher D. Dodge (DC 90011587)
Jacob D. Shelly (DC 90010127)
James J. Pinchak (NY 5965397)*
Julie Zuckerbrod (DC 1781133)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652


Tyler L. Bishop (DC 90014111)
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177

*Counsel for the Democratic Party Plaintiffs*
*\*Admitted pro hac vice*


HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

/s/   *Michael E. Gates*
MICHAEL E. GATES
(CA Bar No. 258446)
Deputy Assistant Attorney General
Civil Rights Division
United States Department of Justice
950 Constitution Avenue, NW
Room 5744
Washington, DC 20530
Telephone: (202) 616-3790
E-mail: Michael.Gates2@usdoj.gov

*Counsel for Defendants*