**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>     *Defendants*. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>     *Defendants*. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>     *Defendants*. | Civil Action No. 25-0955 (CKK) |

## JOINT CIVIL RULE 16.3 REPORT TO THE COURT

In accordance with Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16.3, the

parties conferred on June 4, 2025 and submit this joint statement in advance of the scheduling

conference to be held by the Court on June 18, 2025.[1] Despite conferring in good faith, the parties continue to disagree about the necessary scope of discovery and set forth their positions below. The Republican National Committee takes no position on the parties' discovery disputes, but otherwise joins the Government Defendants' proposals.

1.  **Parties' Proposed Discovery Plan.**

The Court's May 6, 2025 order requests that the parties identify "the subject matter of any proposed discovery, the claim(s) and provision(s) of Executive Order 14,248 to which the proposed discovery would be relevant, and a discovery plan outlining how Plaintiffs propose to obtain the relevant information." ECF No. 122 at 2. The parties set forth their respective positions on this topic as follows:

***Plaintiffs' Positions:*** As the Government previously acknowledged, "this is plainly a case in which development of the factual record is required." ECF No. 84 at 41 (citation omitted). Democratic Party Plaintiffs agree that discovery is necessary as the case moves beyond the preliminary relief phase. As such, they propose that fact discovery should be completed within four (4) months of its commencement, an appropriate period to facilitate the development of their claims ahead of their motion for summary judgment. In addition to seeking discovery on claims not included in their preliminary injunction motion, Democratic Party Plaintiffs also intend to seek discovery contemplated in the Court's preliminary injunction order, where the Court recognized that "further factual development" was necessary to adjudicate certain of Democratic Party Plaintiffs' challenges. ECF No. 104 at 83 (as to Democratic Party Plaintiffs' Privacy Act claims

---

[1] The parties conferred prior to the RNC being granted partial intervention in this consolidated matter on June 12, 2025. *See* ECF No. 135. After the Court granted the RNC's partial intervention, Plaintiffs forwarded the draft Joint Report to counsel for the RNC Intervenors, who indicated that they assent to the Joint Report as filed.

against Section 2(b) of the EO). Democratic Party Plaintiffs anticipate that this will involve requests for production of documents, interrogatories, requests for admission, and depositions of relevant fact witnesses (including individuals and Rule 30(b)(6) designees).

The Federal Rules of Civil Procedure "encourage the exchange of information through broad discovery." *In re England*, 375 F.3d 1169, 1177 (D.C. Cir. 2004). "Relevance, for discovery purposes, has been 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'" *Lamaute v. Power*, 339 F.R.D. 29, 34 (D.D.C. 2021) (quoting *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016)). As this Court noted a few months ago in an action under the Administrative Procedure Act, an "adequate record of exactly what [a]ctions" defendants are taking is "required" where the "record [] before the Court is insufficient to allow the Court and Plaintiffs to 'ascertain the contours of the precise policy at issue.'" *See* Memorandum Opinion & Order at 6, *Alliance for Retired Americans, et al. v. Bessent, et al.*, 1:25-cv-00313-CKK (D.D.C. Mar. 20, 2025) (quoting *Venetian Casino Resort, L.L.C. v. E.E.O.C.*, 409 F.3d 359, 367 (D.C. Cir. 2005)), ECF No. 52.

Democratic Party Plaintiffs plan to seek information related to the actions Defendants are taking to implement EO 14,248, the contours of the Executive Order's scope, and the effects that the challenged provisions are having on states, localities, and voters. For example, this Court noted in its preliminary injunction order that Democratic Party Plaintiffs' challenges to Section 2(b) of the Executive Order, which directs federal agencies and officers to grant third parties access to systems and databases containing voters' personal information, could not be addressed "[o]n the present record," and "would benefit from further factual development." ECF No. 104 at 83. That factual development, the Court concluded, includes information about "how broadly [Section 2(b)] is implemented" and whether Defendants "have a specific, imminent plan to share personal

3

information in violation of the Privacy Act." *Id.* at 86 (alteration in original) (citation omitted). Since the Order, Defendants have not provided the Court or the public with any information regarding their compliance with the Executive Order's data-sharing directives; Democratic Party Plaintiffs plan to seek discovery into those matters.

Consistent with the Court's April 24 preliminary relief order, Democratic Party Plaintiffs also plan to seek discovery pertaining to Defendants' enforcement of Section 7(a), which directs the Attorney General to "enforce" the Election Day Statutes "against the States" that count federal-election ballots received after Election Day. *See id.* at 97 (citing EO § 7(a)). The Court expressed similar concerns about the development of the factual record surrounding Section 7(a). "The primary difficulty with this instruction," this Court concluded, was that "it is not clear what it means to 'enforce' the Election Day Statutes," and it was similarly "unclear on the present record" whether that provision would lead to unlawful action on the part of the Defendants. *Id.* at 98. Accordingly, Democratic Party Plaintiffs seek discovery as to their Section 7(a) claims as well.

Democratic Party Plaintiffs similarly intend to seek discovery as to their Section 7(b) claim, which instructs the Election Assistance Commission to condition funding to States based on the President's incorrect reading of the Election Day Statutes. *See* EO § 7(b). The Court concluded that, "on the present record," it is too "speculative" to know whether States will "respond to Section 7(b) by altering their ballot receipt deadlines." ECF No. 104 at 101. Democratic Party Plaintiffs plan to seek, as detailed in their discovery plan below, information concerning any decisions or plans by the Election Assistance Commission to withhold funding from any state that has refused to alter their policies for tabulating ballots received after Election Day).

In addition to seeking discovery relating to provisions challenged in their preliminary injunction motion, Democratic Party Plaintiffs also intend to seek discovery on claims not included

in that emergency motion, including their claims under the Administrative Procedure Act. *See* Case No. 1:25-cv-00952, ECF No. 1 ¶¶ 146-219 (Counts IV-XI). As proposed below, the Government should file an administrative record underlying the decisions challenged in this case on or before July 1, 2025. Democratic Party Plaintiffs reserve their rights to file objections to the Government's designation of the administrative record in due course. *See* Minute Order, *Alliance for Retired Americans, et al. v. Bessent, et al.*, 1:25-cv-00313-CKK (D.D.C. Feb. 25, 2025) (setting schedule for filing of administrative record and objections).

Democratic Party Plaintiffs are cognizant of the limitations imposed on discovery into certain aspects of executive decision-making processes. They are nonetheless entitled to "discovery regarding any nonprivileged matter that is relevant to [their] claim[s] or defense[s] and proportional to the needs of the case, considering," as relevant here, "the importance of the issues at stake in the action, … the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). And despite the Government's new position that *all* discovery is inappropriate, *see* ECF No. 119 at 5-6, that view is untenable given its position just weeks ago that the Democratic Party Plaintiffs' claims require further factual development. *See* ECF No. 84 at 42 (the Government arguing that for claims challenging Sections 2(b), 2(d), 7(a), and 7(b), the "factual record" was "underdeveloped").

In particular, Democratic Party Plaintiffs are entitled to discover information regarding, including but not limited to, provisions of Executive Order 14,248 as set forth below:

| E.O. Provision/Count (Case 1:25-cv-00952, ECF No. 1) | Information Sought | Discovery Method |
|---|---|---|
| **§ 2(a)**: Counts I, II, VI, X, XI | No discovery needed. | N/A. |

| | | |
|---|---|---|
| **§ 2(b)**: Counts I, IX | - Information concerning the systems and databases that have been or will be used to carry out EO § 2(b), including but not limited to:<br>○ data and other information being shared between the Department of Homeland Security, the Department of State, or the Social Security Administration, and state and local officials;<br>○ the state and local officials who have received or will receive data from the Department of Homeland Security, the Department of State, or the Social Security Administration;<br>○ data and other information to which individuals associated with the Department of Government Efficiency have been or will be granted access; and<br>○ the means and circumstances of all such information sharing. | Interrogatories, depositions, requests for admission, requests for documents. |
| **§ 2(d)**: Counts I, VI, VIII | - Information concerning the methods, criteria, and standards by which the heads of federal voter registration executive departments are assessing or plan to assess the citizenship of enrollees of public assistance programs in accordance with EO § 2(d).<br><br>- Information concerning which agencies are | Interrogatories, depositions, requests for admission, requests for documents. |

| | | |
|---|---|---|
| | assessing or plan to assess citizenship of enrollees of public assistance programs in accordance with EO § 2(d). | |
| **§ 3(a)**: Count IX | - Information concerning the databases and systems that have been or will be used to carry out EO § 3(a), including but not limited to:<br>○ the nature of the data or information that has been or will be shared by the Social Security Administration to state and local officials;<br>○ the state and local election officials who have or will receive data or information; and<br>○ any other officials or other individuals who have or will receive data or information; and<br>○ the means and circumstances of all such disclosures. | Interrogatories, depositions, requests for admission, requests for documents. |
| **§ 3(d)**: Counts VII, X | - Information concerning any efforts the Secretary of Defense has taken to update the Federal Post Card Application to require documentary proof of citizenship or proof of eligibility to vote in accordance with EO § 3(d). | Interrogatories, depositions, requests for admission, requests for documents. |
| **§ 4(a)**: Counts I, II, IV, XI | - Information concerning any federal funds or grants that the Election Assistance Commission is withholding, or plans to withhold, from states that do not require documentary proof of citizenship with a voter's registration. | Interrogatories, depositions, requests for admission, requests for documents. |

| | | |
|---|---|---|
| | - Information concerning any states that have accepted, or plan to accept, the funding conditions set out in EO § 4(a). | |
| **§ 4(b)**: Counts I, II, XI | - Information concerning any actions that the Election Assistance Commission is taking or plans to take to amend the Voluntary Voting System Guidelines 2.0 and issue other guidance "establishing standards for voting systems" in accordance with EO § 4(b)(i).<br><br>- Information concerning any actions that the Election Assistance Commission is taking or plans to take to review and recertify voting systems and to rescind previous certifications of voting equipment in accordance with EO § 4(b)(ii). | Interrogatories, depositions, requests for admission, requests for documents. |
| **§ 4(c)**: Counts I, II, XI | - Information concerning any actions that the Election Assistance Commission is taking or plans to take to audit Help America Vote Act expenditures in accordance with EO § 4(c).<br><br>- Information concerning the results of any audit conducted in accordance with EO § 4(c), including findings of any "discrepancies" or "issues with an audited State's certifications of compliance with Federal Law." | Interrogatories, depositions, requests for admission, requests for documents. |

| | | |
|---|---|---|
| **§ 4(d)**: Count IV | - Information concerning any federal funds that the Secretary of Homeland Security and the Administrator of the Federal Emergency Management Agency are making subject, or plan to make subject, to the conditions set out in EO § 4(d).<br><br>- Information concerning how funding conditions set out in EO § 4(d) are being, or plan to be, applied to states.<br><br>- Information concerning any states that have accepted, or plan to accept, the funding conditions set out in EO § 4(d). | Interrogatories, depositions, requests for admission, requests for documents. |
| **§ 5(b)**: Count IV | - Information concerning any federal funds or grants that the Attorney General is withholding, or plans to withhold, from states that do not cooperate in investigations of election crimes as set out in EO § 5(b).<br><br>- Information concerning how funding conditions set out in EO § 5(b) are being, or plan to be, applied to states.<br><br>- Information concerning any states or jurisdictions that are being deprived, or will be deprived, of funds as set out in EO § 5(b). | Interrogatories, depositions, requests for admission, requests for documents. |
| **§ 7(a)**: Counts I, III, V | - Information concerning any enforcement mechanisms the Attorney General is using, or plans to use, against states that | Interrogatories, depositions, requests for admission, requests for documents. |

| | include in their final tabulation for federal elections absentee or mail-in ballots received after Election Day. | |
|---|---|---|
| **§ 7(b)**: Counts I, II, IV, V, XI | - Information concerning any federal funds that the Election Assistance Commission is making subject, or plans to make subject, to states' compliance with "a ballot receipt deadline of Election Day for all methods of voting," as set out in EO § 7(b).<br><br>- Information concerning any states that have altered, or plan to alter, their policies for tabulating ballots received after Election Day in accordance with EO § 7(b). | Interrogatories, depositions, requests for admission, requests for documents. |

Democratic Party Plaintiffs propose that the parties adhere to the limitations provided by Federal Rules of Civil Procedure 30, 33, 34, and 36, and Local Rule 26.2. *See* Fed. R. Civ. P. 30(a)(2)(A)(i); 33(a); 34; 36; LCvR 26.2(c).

Democratic Party Plaintiffs understand that Defendants are likely to assert privilege objections to their discovery requests, and that the parties are unlikely to agree on the scope of the privilege as relevant to these requests. As set forth below, Democratic Party Plaintiffs propose to conduct discovery expeditiously so that any privilege disputes can be presented to the Court for early resolution, in time for production of the relevant documents or information no later than thirty (30) days after resolution of any discovery motion filed by July 28, 2025—so that the parties can conclude summary judgment briefing by November 21, 2025 with the full benefit of discovery.

The LULAC Plaintiffs join in and support the Democratic Party Plaintiffs' requests as to discovery with respect to their overlapping claims as to Sections 3(d), 4(a), 7(a), and 7(b) of the EO. The League Plaintiffs take no position on the request for discovery and do not intend to take party discovery at this time, but reserve the right to take party discovery if circumstances change. All Non-Partisan Plaintiffs reserve the right to receive all discovery exchanged in this matter and participate in any depositions taken.

### ***Government's Position:***

Plaintiffs bring facial claims challenging sections 2(a), 2(b)(iii), 2(d), 3(d), 4(a), 4(b), 4(c), 4(d), 7(a), 7(b) of the Executive Order, alleging that the President's actions under the EO are *ultra vires* and violate federal statutes, constitutional provisions, and the separation of powers. Plaintiffs also challenge sections 2(a), 2(b), 3(a), 3(d), 4(a), 4(b), 4(c), 7(a), and 7(b) under the Administrative Procedure Act, alleging that the EO will result in agency action contrary to the "Election Day Statutes,"[2] the National Voter Registration Act,[3] the Uniformed and Overseas Citizens Absentee Voting Act,[4] the First Amendment, the Fifth Amendment, the Privacy Act,[5] and the Help America Vote Act.[6] Compl. 41–48, 1:25-cv-946; Compl. 31–33, 1:25-cv-00955; Compl. 42–67, 1:25-cv-952. Plaintiffs' claims challenging the Executive Order present pure legal issues— whether the President has the legal authority to direct members of the Executive Branch to carry out the EO's provisions and whether those violate certain statutes and constitutional provisions— which can and should be decided without discovery. *See Simon v. Muschell*, 2014 WL 1651975, at *3 (N.D. Ind. Apr. 18, 2014) ("This is a pure legal question that does not warrant discovery.");

---

[2] 2 U.S.C. § 7; 3 U.S.C. § 1.
[3] 52 U.S.C. § 20501.
[4] 52 U.S.C. § 20301.
[5] 5 U.S.C. § 552a.
[6] 52 U.S.C. § 20921.

*Travers v. Sullivan*, 791 F. Supp. 1471, 1482 (E.D. Wash. 1992) ("[B]ecause these issues raise pure legal questions, no discovery shall be permitted.").

Plaintiffs style some of their claims as APA claims, however, which purport to challenge specific agency action that may ultimately be issued in response to the Executive Order. Plaintiffs' focus of discovery appears to be the question of how agencies will actually implement the Executive Order at some point in the future. *See, e.g.*, *supra* (requesting "information concerning any efforts the Secretary of Defense has taken to update the Federal Post Card Application to require documentary proof of citizenship or proof of eligibility to vote in accordance with EO § 3(d)" and "[i]nformation concerning any enforcement mechanisms the Attorney General is using, or plans to use, against states that include in their final tabulation for federal elections absentee or mail-in ballots received after Election Day"). Those claims are not fairly part of the operative complaint, which challenges only the Executive Order itself, and therefore is not the appropriate subject of discovery. *See Nat'l Ass'n of Diversity Officers in Higher Educ. v. Donald J. Trump*, No. 25-1189 (4th Cir. Mar. 14, 2025) (Harris, J., concurring) (noting that "[w]hat the [Executive] Orders say on their face and how they are enforced are two different things.").

Discovery is also inappropriate with respect to these claims because the proper vehicle for factual development is an administrative record, not discovery under the federal rules. *See Cherokee Nation v. Dep't of Interior*, 2021 WL 3931870, at *1 (D.D.C. Sept. 2, 2021) ("For [APA] claims, review is limited to the administrative record, not a record developed through the usual processes of civil discovery." (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). This Court should therefore stay any discovery, at a minimum pending the production of an administrative record to the extent there is yet final agency action. No administrative record, however, can be prepared until there is final agency action. *Defs. of Wildlife v. Tuggle*, 2009 WL 10673072, at *2 (D. Ariz.

Aug. 25, 2009) ("Absent an agency action, there is no administrative record."). Therefore, Plaintiffs' demand that an administrative record be prepared by July 1, 2025, is also premature. And to the extent it would be appropriate to supplement the administrative record or seek extra-record discovery, that question could not be resolved until the administrative record was first produced.

Plaintiffs further assert that discovery is appropriate to obtain "information related to the actions Defendants are taking to implement EO 14,248, the contours of the Executive Order's scope, and the effects that the challenged provisions are having on states, localities, and voters." Plaintiffs distort the Government's and this Court's statements in the Government's preliminary-injunction opposition and this Court's order on Plaintiffs' preliminary injunction opposition, suggesting that their statements concerning an undeveloped factual record invited discovery. In reality, both statements acknowledged that certain of Plaintiffs' were not ripe or prudentially ripe because they required "further development of the factual record." ECF No. 84 at 41; ECF No. 104 at 83. But the lack of information concerning how the EO will be implemented is because that implementation is still ongoing (in part because certain sections have been enjoined), *i.e.*, there is not yet a final agency action, which demonstrates that Plaintiffs' claims are not ripe. A lack of ripeness does not entitle Plaintiffs to discovery related to that claim. Rather, it counsels in favor of dismissing the claim altogether. *See Common Cause v. Trump*, 506 F. Supp. 3d 39, 44, 47, 56 (D.D.C. 2020) (dismissing claims challenging a presidential memorandum for lack of ripeness where "judicial review . . . would benefit from further factual development"); *Atl. States Legal Found. v. E.P.A.*, 325 F.3d 281, 285 (D.C. Cir. 2003) ("In short, we have 'the classic institutional reason to postpone review: we need to wait for 'a rule to be applied [to see] what its effect will be.'"). Nor is the challenged provisions' effect on states and localities information in the

13

Government's possession. Discovery should thus be deferred until, at a minimum, the Court rules on Defendants' motion for summary judgment presenting purely legal issues.

Furthermore, resolution of dispositive summary judgment motions concerning legal issues would avoid complicated privilege issues involving still developing agency actions and White House directions. Plaintiffs seek predecisional, deliberative information concerning agency decision-making about how to implement an Executive Order that would be privileged and potentially implicate Presidential communication privilege issues that would significantly complicate and delay resolution of this dispute.

**2. Local Rule 16.3(c)**

a) <u>Likelihood of Disposal by Dispositive Motion.</u> Defendants filed answers to the complaints rather than move to dismiss. *See* ECF Nos. 123, 124, 131. The Parties anticipate cross-moving for summary judgment in accordance with the schedules below and believe the matter is resolvable via summary judgment.

b) <u>Joinder of Parties and Amendment of Pleadings.</u> The parties agree that motions to add parties or amend pleadings shall be governed by Federal Rule of Civil Procedure 15. At this time, the parties do not anticipate that the factual or legal issues will be substantially agreed upon or narrowed.

c) <u>Assignment to Magistrate Judge.</u> The parties do not consent to trial by a Magistrate Judge, or to the disposition of dispositive pre-trial motions by a Magistrate Judge.

d) <u>Settlement.</u> The parties do not believe that settlement discussions would be useful to engage in at this time.

e) <u>Alternative Dispute Resolution.</u> The parties have considered alternative dispute resolution procedures and do not believe that ADR would be useful to engage in at this time.

f) <u>Dispositive Motions.</u> The parties have provided dates for filing summary judgment motions in their Joint Scheduling Proposal, ECF No. 119, as well as in their proposed case schedules below.

g) <u>Initial Disclosures.</u>

***<u>Plaintiffs' Positions:</u>*** Democratic Party and LULAC Plaintiffs propose that parties should exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) no later than June 30, 2025. The League Plaintiffs take no position on the need for initial disclosures given the parties' agreement that no discovery is needed with respect to claims challenging Section 2(a) of the Executive Order, the only provision the League Plaintiffs challenge.

***<u>Government's Position:</u>*** Because discovery is not necessary on these purely legal claims, Defendants request that the deadline for initial disclosures be deferred. *See* ECF No. 119.

h) <u>Discovery.</u> The parties' respective positions with respect to discovery issues are set out above. The parties' respective proposed discovery dates are set out below.

i) <u>Disclosure, Discovery, and Preservation of Electronically Stored Information.</u> Should discovery be permitted, the parties will likely seek emails and the content of other electronically stored communications and information to the extent that those communications are nonprivileged. The parties agree that disclosure or production of electronically stored information will generally be limited to data reasonably available to the parties in the ordinary course of business. The parties do not anticipate seeking data beyond what is reasonably available in the ordinary course of business. The parties agree to continue to preserve such electronically stored communications and information until such time as the case has been concluded and the window for any appeal has expired. The parties also agree that if information to be produced in this case is subject to a protective

order, they will seek to negotiate and submit such an order in advance of that production. The parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B) regarding the inadvertent production of privileged information.

j) <u>Claims of Privilege.</u> Should discovery be permitted, the parties anticipate that some or all Plaintiffs and Defendants will assert privilege or other protections from disclosure. The parties agree that they will address these issues to the extent necessary in any forthcoming motion for a protective order.

k) <u>Expert Reports.</u>

***Plaintiffs' Positions:*** Democratic Party Plaintiffs recommend the schedule for exchange of expert witness reports and depositions as provided in the proposed Case Schedule below.

***Government's Position:*** Expert witness reports are not necessary because discovery is not appropriate for the reasons explained above.

l) <u>Class Actions.</u> Not applicable at this time.

m) <u>Bifurcation.</u> Plaintiffs propose two phases of summary judgment briefing, one for claims for which no party is seeking discovery (i.e., claims with respect to Section 2(a)), and another for the remaining claims following a period of discovery. Proposed dates for the briefing schedules are set forth below. The Government proposes one set of summary judgment briefing to dispose of all Plaintiffs' claims.

n) <u>Pre-trial Conference.</u> The parties anticipate that this case may be resolved on summary judgment and have not proposed a date for a Pre-trial Conference.

o) <u>Trial Setting.</u> The parties anticipate that this case may be resolved on summary judgment and have not proposed a date for trial.

16

p) <u>Other Matters.</u> The parties are not aware of any other matters to bring to the Court's attention.

**3. Local Rule 16.3(d)**

a) <u>Discovery Plan.</u> The parties do not agree on a schedule and have provided their respective proposed schedules below.

b) <u>Statement of Agreements Reached with Respect to Rule 16.3(c).</u> The parties' respective responses to Rule 16.3(c) provide the agreement of the parties.

c) <u>Description of the Positions of Each Party on Any Matters on Which They Disagree.</u> The parties' respective responses to Rule 16.3(c) provide the positions of the parties with respect to matters on which they disagree.

d) <u>Proposed Case Schedule.</u>

***<u>Plaintiffs' Positions:</u>*** As set out in the parties' May 5, 2025 submission to the Court, Democratic Party and LULAC Plaintiffs propose to complete discovery by September 4, 2025 and summary judgment briefing on claims other than those related to Section 2(a) by no later than November 21, 2025. Democratic Party and LULAC Plaintiffs propose the following dates for the Court's consideration:

| Deadline or Event (for claims other than those that relate to Section 2(a) | Proposed Dates (for claims other than those that relate to Section 2(a) |
|---|---|
| Initial disclosures | June 27, 2025 |
| Deadline to amend pleadings and/or join parties | June 27, 2025 |
| Service of initial requests for production and interrogatories | June 27, 2025 |
| Administrative Record Due | July 1, 2025 |
| Objections to Administrative Record Due | July 7, 2025 |

| | |
|---|---|
| Responses to initial requests for production and interrogatories | July 11, 2025 |
| Responses to Objections Due | July 14, 2025 |
| Deadline for Privilege Logs for responses to initial requests | July 16, 2025 |
| Fact (individual and Rule 30(b)(6)) deposition notices to be served | July 21, 2025 |
| Motions to compel/motions for protective order with respect to assertions of privilege | July 28, 2025 |
| Mutual exchange of expert reports | July 28, 2025 |
| Oppositions to motions to compel/motions for protective order with respect to assertions of privilege | August 4, 2025 |
| Replies in support of motions to compel/motions for protective order with respect to assertions of privilege | August 11, 2025 |
| Hearing on motions to compel/motions for protective order with respect to assertions of privilege | To be set by court |
| Deadline to produce documents/information ordered by the Court in light of motions to compel/motions for protective order with respect to assertions of privilege | August 25, 2025 |
| Completion of fact discovery | September 4, 2025 |
| Completion of expert discovery | September 4, 2025 |
| Plaintiffs file summary judgment motions | September 17, 2025 |
| Defendants file cross-summary judgment motion and responses | October 17, 2025 |
| Plaintiffs file responses and replies | November 7, 2025 |
| Defendants file reply | November 21, 2025 |

With respect to claims related to Section 2(a) only, for which no party seeks discovery, Plaintiffs propose the following dates for the Court's consideration:

| Briefing Deadline for Section 2(a) Claims | Proposed Dates |
|---|---|
| Plaintiffs move for summary judgment | July 11, 2025 |
| Defendants file responses and cross-move | August 8, 2025 |
| Plaintiffs file replies | August 29, 2025 |
| Defendants file replies | September 19, 2025 |

**_Government's Position:_** The Government agrees that the deadline to amend pleadings or join parties should be June 27, 2025. There should be one round of motions for summary judgment on all of Plaintiffs' claims according to the schedule below.

| Briefing Deadline for All Claims | Proposed Dates |
|---|---|
| Plaintiffs move for summary judgment | July 11, 2025 |
| Defendants file responses and cross-move | August 8, 2025 |
| Plaintiffs file replies | August 29, 2025 |
| Defendants file replies | September 19, 2025 |

All parties agree that any amicus briefs shall be filed within 7 days after the principal brief of the party it supports, or within 7 days of the plaintiffs' principal brief if it does not support either side.

Dated: June 16, 2025                    Respectfully submitted,


*/s/ Norm L. Eisen*                     */s/ Danielle Lang*
Norman L. Eisen (D.C. Bar No. 435051)   Danielle Lang (DC Bar No. 1500218)

Tianna J. Mays (D.C. Bar No. 90005882)\*\*\*
Pooja Chaudhuri (D.C. Bar No. 888314523)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org
pooja@statedemocracydefenders.org

*Counsel for Plaintiffs League of United Latin
American Citizens, Secure Families Initiative,
and Arizona Students Association*

\*Admitted pro hac vice
\*\*Application for D.D.C. admission pending
\*\*\*Application for pro hac vice admission
forthcoming

Jonathan Diaz (DC Bar No. 1613558)
Robert Brent Ferguson (DC Bar No. 1782289)
Anna Baldwin (DC Bar No. 998713)
Heather Szilagyi (DC Bar No. 90006787)
Benjamin Phillips (DC Bar No. 90005450)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
bphillips@campaignlegalcenter.org

Wendy R. Weiser\*
Sean Morales-Doyle\*
Eliza Sweren-Becker\*
Jasleen K. Singh\*
Andrew B. Garber\*
Brennan Center for Justice at
NYU School of Law
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
weiserw@brennan.law.nyu.edu
morales-doyles@brennan.law.nyu.edu
sweren-beckere@brennan.law.nyu.edu
singhj@brennan.law.nyu.edu
garbera@brennan.law.nyu.edu

Leah C. Aden\*
John S. Cusick\*
Brenda Wright\*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
jcusick@naacpldf.org

*/s/ Sophia Lin Lakin*
Sophia Lin Lakin\*
Ethan Herenstein\*
Jonathan Topaz\*
Clayton Pierce\*
Davin Rosborough\*
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
eherenstein@aclu.org
jtopaz@aclu.org
cpierce@aclu.org
drosborough@aclu.org

Megan C. Keenan (D.C. Bar No. 1672508)
Sarah Brannon (D.C. Bar No. 90024493)
Adriel I. Cepeda Derieux (D.C. Bar No. 90026636)
Jacob Van Leer (DC Bar No. 1742196)
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20001
(740) 632-0671
mkeenan@aclu.org
sbrannon@aclu.org

bwright@naacpldf.org

Miranda Galindo*
Cesar Z. Ruiz*
Delmarie Alicea*
Latino Justice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
mgalindo@latinojustice.org
cruiz@latinojustice.org
dalicea@latinojustice.org

/s/ Aria C. Branch
**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Aria C. Branch (DC 1014541)
Lalitha D. Madduri (DC 1659412)
Christopher D. Dodge (DC 90011587)
Jacob D. Shelly (DC 90010127)
James J. Pinchak (NY 5965397)*
Julie Zuckerbrod (DC 1781133)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177

*Counsel for the Democratic Party Plaintiffs*
*Admitted pro hac vice*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

LESLEY FARBY
Deputy Director
Civil Division, Federal Programs Branch

acepedaderieux@aclu.org
jvanleer@aclu.org

Michael Perloff (D.C. Bar No. 1601047)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
mperloff@acludc.org
smichelman@acludc.org

Niyati Shah (D.C. Bar No. 1659560)
Alizeh Ahmad (D.C. Bar No. 90018919)
ASIAN AMERICANS
ADVANCING JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, D.C. 20036
(202) 296-2300
nshah@advancingjustice-aajc.org
aahmad@advancingjustice-aajc.org

*Counsel for Plaintiffs League of Women Voters Education Fund, League of Women Voters of the United States, League of Women Voters of Arizona, Hispanic Federation, National Association for the Advancement of Colored People, OCA-Asian Pacific American Advocates, and Asian and Pacific Islander American Vote*

*Admitted pro hac vice*

/s/ Thomas R. McCarthy
Thomas R. McCarthy (D.C. Bar 489651)
Gilbert C. Dickey (D.C. Bar 1645164)
Conor D. Woodfin (D.C. Bar 1780807)
William Bock IV* (Ohio Bar 0105262)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, Virginia 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com

/s/ *Bridget K. O'Hickey*
BRIDGET K. O'HICKEY
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 353-8679
Bridget.K.O'Hickey@usdoj.gov

*Attorneys for the Government Defendants*

conor@consovoymccarthy.com
wbock@consovoymccarthy.com

Lee E. Goodman (D.C. Bar 435493)
Michael Columbo (D.C. Bar 476738)
DHILLON LAW GROUP
2121 Eisenhower Ave., Ste. 608
Alexandria, VA 22314
(415) 433-1700
lgoodman@dhillonlaw.com
mcolumbo@dhillonlaw.com

*Counsel for Intervenor-Defendant the
Republican National Committee*