UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>   *Defendants*. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>   *Defendants*. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>   *Defendants*. | Civil Action No. 25-0955 (CKK) |

**LULAC PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE
TO IDENTIFY TWO DECLARANTS BY PSEUDONYM**

LULAC Plaintiffs[1] hereby move the Court for an order allowing two non-party declarants submitting declarations in support of Plaintiffs' Motion for Partial Summary Judgement to be identified using the pseudonyms "J. Doe 1" and "J. Doe 2" in public filings. LULAC Plaintiffs conferred by email with the League Plaintiffs, Democratic Party Plaintiffs, and Defendants, and no party opposes this Motion.

## BACKGROUND

These cases concern President Trump's Executive Order "purporting to change the rules of federal elections" including by ordering the EAC to add a documentary-proof-of-citizenship requirement to the Federal From. *LULAC v. Exec. Off. of the President*, No. CV 25-0946 (CKK), 2025 WL 1187730, at *1, *11 (D.D.C. Apr. 24, 2025). On April 24, 2025, this Court preliminarily enjoined certain provisions of the Executive Order, including the documentary-proof-of-citizenship requirement in Section 2(a), which is now the subject of Plaintiffs' Motion for Partial Summary Judgment.

During the preliminary injunction hearing, when the Court was addressing standing, the LULAC Plaintiffs proffered that they could produce a "pseudonymous declaration from a member of the Arizona Students' Association showing that the declarant is eligible to vote but would have difficulty complying with a documentary-proof-of-citizenship requirement." *Id.* at *32. This Court concluded that this "on-the-record proffer of evidence from at least one specifically aggrieved member," combined with the declarations from organizational leaders, was a "sufficient basis for holding" that Plaintiffs had properly established associational standing at the preliminary injunction stage. *Id.* LULAC Plaintiffs now move for leave to file that previously proffered

---

[1] Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association.

1

pseudonymous declaration, along with an additional non-party declaration from a similarly-situated Arizona Students' Association member.

These two non-party declarations are identified as "Declaration of J. Doe 1" and "Declaration of J. Doe 2." As described in their declarations, Doe 1 and Doe 2 are both U.S. citizens and members of Arizona Students' Association ("ASA"). Doe 1 and Doe 2 are eligible to vote, but both lack U.S. passports, and their birth certificates are inaccessible or invalid. As described in their declarations, Doe 1 and Doe 2 would face significant barriers complying with the documentary-proof-of-citizenship requirement in Section 2(a) of the Executive Order.

## ARGUMENT

A pseudonymous declaration from a non-party member of a plaintiff organization is proper because "[d]efendants do not 'need to know the identity of a particular member to respond to [Plaintiffs'] claim[s] of injury.'" *LULAC*, 2025 WL 1187730, at *32 (quoting *Mi Familia Vota v. Fontes*, 129 F. 4th 691, 709 (9th Cir. 2025)). This motion concerns two such non-parties, and does not involve a party seeking to litigate pseudonymously. Whereas pseudonymous requests *by parties* are disfavored, the same is not true with respect to *non-parties*. While "[t]he people have a right to know who is using their courts" as a party, *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)), granting anonymity to a non-party declarant would not deprive the public of that right and therefore does not implicate the same concern.

Again, in deciding the motion for preliminary injunction, this Court correctly concluded that the use of a pseudonymous declaration from a non-party declarant in support of Plaintiff ASA's standing was appropriate because "[d]efendants do not 'need to know the identity of a particular member to respond to [Plaintiffs'] claim[s] of injury." *LULAC*, 2025 WL 1187730, at *32 (quoting

2

*Mi Familia Vota*, 129 F. 4th at 709). That conclusion was correct then and remains so now. The declarants' names have no relevance to the injuries that they assert or to the merits of the claims at issue in this case.

Even under the more rigorous standard applied to *party* pseudonymity requests, pseudonymity is warranted because the Doe declarants have legitimate privacy interests, reasonably fear retaliation or harassment if their identities were made public in this high-profile case, the litigation is against the government, and Defendants face no harm from declarants remaining under pseudonym. *See In re Sealed Case*, 971 F.3d at 326-27. Moreover, courts in this district regularly permit the filing of anonymous non-party declarations. *See, e.g.*, Minute Order, *Nat'l Treasury Empl. Union. v. Vought*, No. 1:25-cv-00381 (ABJ), 2025 WL 943772 (D.D.C Feb. 28, 2025); *Aids Vaccine Advoc. Coal. v. Dep't of State*, No. 1:25-cv-00400 (AHA), 2025 WL 752378, *13 (D.D.C. Mar. 10, 2025) (noting use of anonymous declarations); *United States v. Wills*, No. CR 18-0117 (PLF), 2018 WL 6716096, at *1 (D.D.C. Dec. 21, 2018) (same).

## CONCLUSION

For the foregoing reasons—and consistent with this Court's findings about pseudonymous non-party declarations at the preliminary injunction stage—the LULAC Plaintiffs' unopposed Motion for the two Doe declarants to proceed by pseudonym should be granted.

Respectfully submitted this 11th day of July, 2025.

| | |
|---|---|
| */s/ Norman L. Eisen* <br> Norman L. Eisen (D.C. Bar No. 435051) <br> Tianna J. Mays (D.C. Bar No. 90005882) <br> Pooja Chaudhuri (D.C. Bar No. 888314523) <br> STATE DEMOCRACY DEFENDERS FUND <br> 600 Pennsylvania Avenue SE #15180 <br> Washington, D.C. 20003 <br> (202) 601-8678 <br> norman@statedemocracydefenders.org <br> tianna@statedemocracydefenders.org <br> pooja@statedemocracydefenders.org <br><br> *Counsel for Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association* | */s/ Danielle Lang* <br> Danielle Lang (DC Bar No. 1500218) <br> Jonathan Diaz (DC Bar No. 1613558) <br> Robert Brent Ferguson (DC Bar No. 1782289) <br> Anna Baldwin (DC Bar No. 998713) <br> Heather Szilagyi (DC Bar No. 90006787) <br> Benjamin Phillips (DC Bar No. 90005450) <br> CAMPAIGN LEGAL CENTER <br> 1101 14th St. NW, Suite 400 <br> Washington, D.C. 20005 <br> (202) 736-2200 <br> dlang@campaignlegalcenter.org <br> jdiaz@campaignlegalcenter.org <br> bferguson@campaignlegalcenter.org <br> abaldwin@campaignlegalcenter.org <br> hszilagyi@campaignlegalcenter.org <br> bphillips@campaignlegalcenter.org |