UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>    *Plaintiffs*,<br> v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>    *Defendants*. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>    *Plaintiffs*,<br> v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    *Defendants*. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>    *Plaintiffs*,<br> v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    *Defendants*. | Civil Action No. 25-0955 (CKK) |

**<u>LULAC PLAINTIFFS' MOTION TO COMPEL INTERROGATORY RESPONSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT</u>**

Pursuant to Federal Rule of Civil Procedure 37, Local Civil Rule 7, and this Court's Scheduling Order, ECF No. 141, Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association ("LULAC Plaintiffs") respectfully move to compel responses to Plaintiffs' interrogatories. A Proposed Order is attached.

## BACKGROUND

This Court entered a Scheduling Order on June 20, 2025 permitting Democratic Party Plaintiffs[1] and LULAC Plaintiffs ("Plaintiffs") to propound limited discovery pertaining to certain challenged provisions of Executive Order 14,248 ("Executive Order") and setting a schedule for this discovery. ECF No. 141. This Court's Scheduling Order clearly instructed that Plaintiffs "may propound targeted factual interrogatories on the federal agency defendants to discern the existence *vel non* of final agency actions and the 'contours of the precise policy at issue' in their claims. *See Hispanic Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018)." ECF No. 141 at 2. On June 27, 2025, in compliance with the Court's Order, Plaintiffs propounded targeted interrogatories on Defendants requesting information on actions taken to implement challenged provisions of the Executive Order. Each set of Plaintiffs' interrogatories further specifies which interrogatories LULAC Plaintiffs join in propounding as relevant to their claims that overlap with the claims of the Democratic Party Plaintiffs.[2] ECF No. 147-2 (hereinafter "Ex. A").

Defendants' deadline to respond to these requests was July 11, 2025, but Defendants waited until July 9 to inform Plaintiffs' counsel via email that they "cannot respond to the interrogatories as presently drafted." ECF No. 147-3 at 6 (hereinafter "Ex. B"). Counsel for Defendants did not—

---

[1] The Democratic Party Plaintiffs are the Plaintiffs in Case No. 25-cv-552.
[2] LULAC Plaintiffs and Democratic Party Plaintiffs each challenge Sections 2, 3(d), 4(a), and 7 of the Executive Order. Democratic Party Plaintiffs additionally challenge Sections 3(a), 4(b), 4(c), and 4(d).

and to date, have not—provided specific responses or objections to each interrogatory, and indeed only raised a general objection to one interrogatory that mischaracterized its scope in their July 9 correspondence. *Id.*

Following email correspondence in which Plaintiffs' counsel made clear that Defendants' counsel still needed to provide specific responses and objections to each interrogatory by the Court's deadline, Ex. B at 2–5, counsel for Plaintiffs and Defendants conferred via video conference on July 11, 2025. During this conference, counsel for Defendants confirmed that they did not plan to provide any written response to Plaintiffs' interrogatories but offered no further specific objections. *See* Ex. B at 1. Defendants' categorical refusal to serve *any* written response or objection to a *single* duly propounded interrogatory is a *de facto* violation of Rule 33, which requires specific responses and objections to *each* interrogatory. LULAC Plaintiffs join in the arguments of the Democratic Party Plaintiffs, ECF No. 147-1, and respectfully move this Court to compel Defendants to respond to Plaintiffs' interrogatories.

## LEGAL STANDARD

Rule 33 states "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). It further provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Any objection based on undue burden must "make a specific, detailed showing of how the discovery request is burdensome." *Walker v. England*, No. CV 02-01695 (CKK/AK), 2005 WL 8178051, at *1 (D.D.C. Feb. 22, 2005) (citing *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 60–61 (D.D.C. 1984)). Courts may grant a motion to compel when the

3

party upon which discovery is served "fails to specify how [discovery] requests are overly broad, burdensome or oppressive, and thus fails to carry its burden of proof." *Id.*

## ARGUMENT

First, the discovery propounded by Plaintiffs complies with the Rules and this Court's Order. The Court permitted Plaintiffs to serve interrogatories seeking information on any final agency action and the "contours of the precise policy at issue." ECF No. 141 at 2. Plaintiffs did just that. They propounded a limited number of interrogatories on federal government Defendants that boil down to a request for information about who is implementing relevant provisions of the Executive Order and how they are doing so. For example, Interrogatory No. 4 to the U.S. Department of Defense and Peter B. Hegseth, in his official capacity as the Secretary of Defense, asks Defendants to "[d]escribe any action or effort you have taken, initiated, planned, or considered to update the Federal Post Card Application to require documentary proof of citizenship or proof of eligibility to vote . . . ." Ex. A at 34. This interrogatory simply requests information identifying any action taken to implement Section 3(d) of the Executive Order. Like the others propounded by LULAC Plaintiffs, the interrogatory is plainly relevant, discoverable, and appropriately targeted to assist the Court in "efficiently resolv[ing] issues regarding the ripeness and justiciability of certain of Plaintiffs' claims." ECF No. 141 at 2.

Second, Defendants have indisputably failed to comply with the plain terms of Rule 33. Indeed, Defendants have failed to provide a single specific response to a single interrogatory, let alone respond with "specificity" to each interrogatory. Fed. R. Civ. P. 33(b)(4). Objections to particular interrogatories "must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems*, 103 F.R.D. at 60. Here, where Defendants have failed

4

to make any specific objection to any particular interrogatory explaining how it is improperly broad or burdensome, Defendants have clearly not met their burden. To further illustrate this point, though Defendants acknowledge that LULAC Plaintiffs joined in propounding some but not all of Plaintiffs' interrogatories, Ex. B at 6, they have not made clear whether these specific interrogatories are objectionable, or whether Defendants' objections pertain only to the interrogatories propounded solely by the Democratic Party Plaintiffs. As such, counsel for LULAC Plaintiffs are left to guess as to how they could modify their interrogatories to satisfy any objection from Defendants.

Finally, by failing to offer specific objections to Plaintiffs' interrogatories, Defendants' right to object has been waived. "[T]he failure to object in a timely fashion to interrogatories constitutes a waiver of any objections unless good cause is shown." *Banks v. Off. of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 21 (D.D.C. 2004); *see also* Fed. R. Civ. P. 33(b)(4). Objections to Plaintiffs' interrogatories were due on July 11, 2025. ECF No. 141 at 2. Defendants made no indication that they did not intend to comply with the Court's Order or the Federal Rules until an email communication on July 9, 2025. Ex. B at 6. Counsel for Plaintiffs made clear to Defendants' counsel on multiple occasions that objections to interrogatories must be made with specificity, and a blanket refusal to provide any written objection to each interrogatory violated Rule 33. *See, e.g.*, Ex. B. Defendants can show no good cause to excuse the failure to state timely specific objections and, without such a showing, "defendant's failure to respond to the interrogatories ordinarily compels the conclusion that the untimely objection is waived." *Byrd v. Reno*, No. CIV.A.96-2375 CKK JMF, 1998 WL 429676, at *4 (D.D.C. Feb. 12, 1998) (compiling cases). As such, this Court should require Defendants to respond to Plaintiffs' interrogatories without delay and without further opportunity to object.

## CONCLUSION

LULAC Plaintiffs respectfully request that this Court compel Defendants to provide responses to each of LULAC Plaintiffs' interrogatories.

Dated: July 18, 2025

Respectfully submitted,

/s/ *Norman L. Eisen*
Norman L. Eisen (D.C. Bar No. 435051)
Tianna J. Mays (D.C. Bar No. 90005882)
Pooja Chaudhuri (D.C. Bar No. 888314523)
Sofia Fernandez Gold (D.C. Bar No. 90010196)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org
pooja@statedemocracydefenders.org
sofia@statedemocracydefenders.org

*Counsel for Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association*

/s/ *Heather Szilagyi*
Heather Szilagyi (DC Bar No. 90006787)
Danielle Lang (DC Bar No. 1500218)
Jonathan Diaz (DC Bar No. 1613558)
Robert Brent Ferguson (DC Bar No. 1782289)
Anna Baldwin (DC Bar No. 998713)
Benjamin Phillips (DC Bar No. 90005450)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
hszilagyi@campaignlegalcenter.org
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
bphillips@campaignlegalcenter.org