# Exhibit B

Civil Action No. 25-cv-0952 (CKK)
(Lead Case: No. 25-cv-00946 (CKK))

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, <br><br> Defendants. | Civil Action No. 25-cv-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 25-cv-0955 (CKK) |

**DEMOCRATIC PARTY AND LULAC PLAINTIFFS'
REVISED FIRST SET OF INTERROGATORIES**

1

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Court's July 25, 2025 Minute Order, Plaintiffs Democratic National Committee, Democratic Governors Association, DSCC, DCCC, Charles E. Schumer, and Hakeem S. Jeffries (collectively, "Democratic Party Plaintiffs"), through their undersigned counsel, serve this First Set of Interrogatories on Defendants the U.S. Department of Justice (DOJ), the U.S. Election Assistance Commission (EAC), the U.S. Department of Homeland Security (DHS), the U.S. DOGE Service (DOGE), the U.S. Social Security Administration (SSA), the U.S. Department of State (DOS), and the U.S. Department of Defense (DOD).

Plaintiffs League of United Latin American Citizens ("LULAC"), the Secure Families Initiative, and the Arizona Students' Association ("LULAC Plaintiffs") join as to all definitions and instructions and join in propounding interrogatory numbers 6, 7, 8, 9, 13, 14, 15.

Responses to these Interrogatories are to be produced to counsel of record for the Democratic Party Plaintiffs in accordance with the Court's resolution of Plaintiffs' July 18, 2025, motions to compel responses to Plaintiffs' interrogatories and Defendants' July 25, 2025, cross motion for a protective order. *See* ECF No. 147, 148, 150. These requests are continuing in nature, as provided by Rule 26(e) of the Federal Rules of Civil Procedure. Each Interrogatory is subject to the Definitions and Instructions listed below.

## DEFINITIONS

Except as specifically defined below, the terms used in this request shall be construed and defined in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Columbia, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Any" or "all" mean "any and all."

2.       "Communication" is synonymous in meaning and scope with the term "communication" as used in Local Rule 26, and includes any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes but is not limited to transfers of information via email, report, phone call, letter, text message, Slack, Signal, direct messages on social media platforms, ephemeral messaging applications, instant messaging applications, voicemail message, voice message, written memorandum, note, summary, and other means.

3.       "Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

4.       "Executive Order" and "EO" means Executive Order 14,248, *Preserving and Protecting the Integrity of American Elections*, signed by President Trump on March 25, 2025 and published in the Federal Register on March 28, 2025 at 90 Fed. Reg. 14005 (Mar. 28, 2025).

5.       The "challenged provisions of the Executive Order" means the sections challenged by Plaintiffs in these consolidated cases that have not yet been enjoined by the Court: Sections 2(b); 3(a) and (d); 4(a), (b), (c) and (d); and 7(a) and (b).

6.       "Including" means "including, but not limited to."

7.       "You" and "your" means the Defendant or Defendants instructed or required to act pursuant to the Executive Order provision referenced in the interrogatory, including any past or present officers, employees, agents, interns, attorneys, advisors, consultants, and contractors of that Defendant, as well as any other Defendant acting to implement the provision, whether expressly directed to do so in the Executive Order or not. A complete response requires an answer from each Defendant acting to implement the referenced provision, even if not expressly named in the interrogatory or Executive Order.

## **INSTRUCTIONS**

1. In construing these Interrogatories, apply the broadest construction, so as to produce the most comprehensive response. This instruction includes but is not limited to the following:

   a. The terms "and" and "or" either disjunctively or conjunctively shall be used as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside that scope.

   b. Words used in the singular include the plural and vice-versa.

   c. Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

   d. "Persons" include entities, incorporated and not, and "entities" include persons and associations thereof. A reference to a person or entity includes their agents, past and present, and their predecessors in office if applicable.

2. Each response should be categorized by the number of the Interrogatory to which it responds.

3. No portion of an Interrogatory may be left unanswered because an objection is raised to another part of that Interrogatory. Pursuant to Federal Rule of Civil Procedure 33(b)(4), if you object to any portion of an Interrogatory, you must state with specificity the grounds of any objections. Any ground not stated will be waived.

4. Where you, in good faith, doubt the meaning or intended scope of an Interrogatory, before objecting to the Interrogatory based on its vagueness, overbreadth, or ambiguity, contact Plaintiffs' counsel in advance of asserting an objection. Plaintiffs' counsel will provide whatever additional clarification or explanation may be needed. If you still believe the Interrogatory to be vague, overbroad, or ambiguous, set forth in your response what you find to be vague, overbroad,

4

or ambiguous and the construction you used in responding.

5. If you contend that it would be unduly burdensome or disproportionate to the needs of the case to obtain and provide all of the information called for in response to any Interrogatory or any subsection thereof, then in response to the appropriate Interrogatory: (a) answer to the extent available without undertaking what you contend to be an unreasonable burden; (b) describe with particularity the efforts made by you or on your behalf to obtain the information; and (c) state with particularity the grounds upon which you contend that additional efforts to obtain the requested information would be unreasonable or disproportionate to the needs of the case.

6. If in any Interrogatory a number is requested and if the exact number is not known, provide an estimate, an explanation as to your confidence in that estimate, and an explanation as to how that estimate was reached.

7. If you do not know the answer to any Interrogatory, or if there are limitations to your knowledge about the answer to any Interrogatory, provide whatever answer you can, including the limitations to your knowledge. If there are other people or entities that you believe may know the answer to any Interrogatory or may be able to provide additional information in response to any interrogatory, identify those people or entities in your response.

8. If in any Interrogatory your response includes the identity of a person or entity, for each such person or entity, state the person's or entity's legal name (or the name of the person's or entity's representative, if any), present address (or last known address, if the present address is unknown), principal places of business, all telephone and cell phone numbers, and all e-mail addresses.

9. If you object to any Interrogatory based on privilege, you must state each fact on which the claimed privilege is based and provide both a description of the basis of the privilege

and all information necessary for Plaintiffs to assess the claim of privilege.

10. These Interrogatories are continuing in nature. Your responses must be supplemented and any additional responsive material disclosed if responsive materials become available after you serve your response. You have a duty to exercise due diligence to know if facts change such that a prior answer is in some material respect incomplete or incorrect. You must amend your responses to these Interrogatories if you learn that an answer is in some material respect incomplete or incorrect. If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you should state this fact in each response.

11. Unless otherwise limited or expanded by a particular Interrogatory, the Interrogatories apply to the period from January 20, 2025, to the present.

12. For each interrogatory where you describe or identify any action or effort you have taken, or plan to take, please identify which provision of the Executive Order you took (or will take) that action or effort in response to.

## INTERROGATORIES

**Interrogatory No. 1 [EO § 2(b)(i)-(ii)]:** Describe all systems and databases maintained by or accessible to you (including Defendants DHS and DOS) that have been or will be used to verify, investigate, or assess the citizenship, immigration status, or qualifications of individuals registering to vote or individuals who have already registered to vote. Your answer should include, but not be limited to, descriptions of (i) the categories of data contained within the database or system, (ii) the groups of individuals whose information is contained within, or accessible through, the database or system, and (iii) all System of Records Notices, agreements, policies, and procedures related to use of the database or system.

**Interrogatory No. 2 [EO § 2(b)(i)-(ii)]:** Describe the data and other information that has been or will be shared between you (including DHS and DOS) and state or local officials to carry out EO § 2(b), including to verify, investigate, or assess the citizenship, immigration status, or qualifications of individuals registering to vote or who have already registered. Your answer should include the means and dates of sharing such information and the identity of all individuals who have received, will receive, or have requested to receive such data or information.

**Interrogatory No. 3 [EO § 2(b)(iii)]:** Describe any data and other information concerning the citizenship, immigration status, or qualifications of individuals registering to vote or who have already registered to vote to which Defendant DOGE or any individual associated with DOGE has been granted access or will be granted access by you (including Defendant DHS). Your answer should include how such data was made available to DOGE and when.

**Interrogatory No. 4 [EO §§ 2(b)(i), (iii); 3(a)]:** Describe all actions you (including Defendants DHS, DOGE, and SSA) have taken to update, expand, or otherwise alter the Systematic Alien Verification for Entitlements (SAVE) service for the purpose of verifying or providing information about the citizenship, immigration status, or qualifications of individuals registering to vote or who have already registered. Your answer should include the date of such actions and the individuals who carried out such actions.

**Interrogatory No. 5 [EO § 3(a)]:** Describe the systems and federal databases—including but not limited to the Social Security Number Verification Service and Death Master File—that have been or will be made available by you (including Defendant SSA) to state or local election officials engaged in verifying, investigating, or assessing the eligibility of individuals who are registering or who have already registered to vote. Your answer should include but not be limited to descriptions of (i) when and by what means such systems and databases were made available to

7

any state and local officials, (ii) any data or other information that has been shared, is being shared, or will be shared, and (iii) all System of Record Notices, agreements, policies, and procedures related to the use of any such systems and databases.

**Interrogatory No. 6 [EO § 3(d)]:** Describe any action or effort you (including Defendant DOD) have taken, initiated, or planned to update the Federal Post Card Application to require documentary proof of citizenship or proof of eligibility. Your answer should include, but not be limited to, the dates of such actions or efforts and all individuals involved in carrying them out.

**Interrogatory No. 7 [EO § 3(d)]:** Identify and describe any rules or guidance you (including Defendant DOD) has issued, initiated, or planned regarding the methods, procedures, or standards by which states must review Federal Post Card Applications to assess a voter's documentary proof of citizenship or proof of eligibility to vote.

**Interrogatory No. 8 [EO § 4(a)]:** Describe any action or effort you (including Defendant EAC) have taken, initiated, or planned to withhold federal funds or grants from states that fail to require documentary proof of citizenship from voter registration applicants who use the federal voter registration form. Your answer should include but not be limited to a description of (i) all such funds or grants, (ii) all guidance, policies, or procedures that have been or will be used to assess whether a state is requiring documentary proof of citizenship from applicants, and (iii) all individuals involved in making such assessments.

**Interrogatory No. 9 [EO § 4(a)]:** Identify any states that have communicated to you (including Defendant EAC) their acceptance or plan to accept any funding conditions established in EO § 4(a) and any states that have communicated to you their rejection or plan to reject any such funding conditions.

**Interrogatory No. 10 [EO § 4(b)]:** Describe any action or effort you (including Defendant EAC) have taken, initiated, or planned to amend the Voluntary Voting System Guidelines 2.0 and issue other guidance establishing standards for voting systems, including any action or effort to review and recertify voting systems, or rescind previous certifications. Your answer should include, but not be limited to, the dates of such actions or efforts and all individuals involved in carrying them out.

**Interrogatory No. 11 [EO § 4(c)]:** Describe any action or effort you (including Defendant EAC) have taken, initiated, or planned to conduct any audit of a state's use of Help America Vote Act funds. Your answer should include but not be limited to a description of (i) whether EAC has identified any discrepancies or issues related to a state's certification process, (ii) whether any such discrepancies or issues have been reported to Defendant DOJ, and (iii) the dates of such actions or efforts and all individuals involved in carrying them out.

**Interrogatory No. 12 [EO § 4(d)]:** Describe any action or effort you (including Defendant DHS) have taken, initiated, or planned to withhold or limit federal funds or grants from states that fail to comply with the Voluntary Voting System Guidelines 2.0 developed by the U.S. Election Assistance Commission or complete testing through the Voting System Test Labs accreditation process. Your answer should include but not be limited to a description of (i) all such federal funds or grants, (ii) any guidance, policy, or procedure that has been or will be used to assess whether a state is in compliance with the guidelines and testing requirements identified in EO § 4(d), and (iii) all individuals involved in making such assessments.

**Interrogatory No. 13 [EO § 7(a)]:** Describe any enforcement mechanism that you (including Defendant DOJ) have used, is using, or plans to use against any state that allegedly violates 2 U.S.C. § 7 and/or 3 U.S.C. § 1 by including mail-in ballots received after election day in the final

9

tabulation of votes in any federal election. Your answer should include but not be limited to a description of (i) any guidance, policy, or procedure that has been, may, or will be used to assess whether a state has violated 2 U.S.C. § 7 and/or 3 U.S.C. § 1, as well as (ii) all individuals involved in making such assessments.

**Interrogatory No. 14 [EO § 7(a)]:** Identify any states that have communicated to you (including Defendant DOJ) a change, a plan to change or possible change, or a refusal to change policies, practices, or procedures regarding the inclusion or exclusion of mail-in ballots received after election day in the final tabulation of votes in any federal election in response to EO § 7(a).

**Interrogatory No. 15 [EO § 7(b)]:** Describe any action or effort you (including Defendant EAC) have taken, initiated, or planned to withhold federal funds or grants from states that fail to adopt a ballot receipt deadline of election day for all methods of voting. Your answer should include but not be limited to a description of (i) all such federal funds or grants, (ii) any guidance, policy, or procedure that has been, is under consideration, or will be used to assess whether a state adopted a satisfactory ballot receipt deadline, and (iii) all individuals involved in making such assessments.

Dated: August 1, 2025

/s/ Aria C. Branch
**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Aria C. Branch (DC 1014541)
Lalitha D. Madduri (DC 1659412)
Christopher D. Dodge (DC 90011587)
Jacob D. Shelly (DC 90010127)
James J. Pinchak (NY 5965397)*
Julie Zuckerbrod (DC 1781133)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177

*Counsel for the Democratic Party Plaintiffs*

**Admitted pro hac vice*

/s/ Norman L. Eisen
Norman L. Eisen (D.C. Bar No. 435051)
Tianna J. Mays (D.C. Bar No. 90005882)***
Pooja Chaudhuri (D.C. Bar No. 888314523)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org
pooja@statedemocracydefenders.org

*Counsel for Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students Association*

**Admitted* pro hac vice
***Application for D.D.C. admission pending*
****Application for pro hac vice admission forthcoming*

/s/ Danielle Lang
Danielle Lang (DC Bar No. 1500218)
Jonathan Diaz (DC Bar No. 1613558)
Robert Brent Ferguson (DC Bar No. 1782289)
Anna Baldwin (DC Bar No. 998713)
Heather Szilagyi (DC Bar No. 90006787)
Benjamin Phillips (DC Bar No. 90005450)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
bphillips@campaignlegalcenter.org

## CERTIFICATE OF SERVICE

    I hereby certify that on August 1, 2025, the foregoing document was served on all counsel of record through the Court's ECF system.

/s/ <u>Aria C. Branch</u>