UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>    *Plaintiffs*,<br>  v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>    *Defendants*. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>    *Plaintiffs*,<br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    *Defendants*. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>    *Plaintiffs*,<br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    *Defendants*. | Civil Action No. 25-0955 (CKK) |

**LULAC PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL INTERROGATORY RESPONSES AND OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

1

In compliance with this Court's Scheduling Order, ECF No. 141, Democratic Party Plaintiffs and LULAC Plaintiffs ("Plaintiffs") propounded a limited set of factual interrogatories on Defendants on June 27, 2025. On July 18, 2025, LULAC Plaintiffs moved to compel Defendants' responses to Plaintiffs' interrogatories because Defendants flatly refused to provide responses or objections to a single interrogatory, let alone to each interrogatory as required by the Federal Rules of Civil Procedure. ECF No. 148. Indeed, Defendants' opposition to Plaintiffs' motions to compel raises certain objections for the *first time* since Plaintiffs propounded their interrogatories on June 27, 2025, and still fails to provide specific objections to each interrogatory. *See, e.g.*, ECF Nos. 149, 150 at 11 (raising generalized deliberative process privilege objections about "the vast majority" of interrogatories for the first time, without specifying each objectionable interrogatory).

LULAC Plaintiffs maintain that Plaintiffs' interrogatories as originally drafted are consistent with the Court's Scheduling Order and the Federal Rules. *See* ECF No. 148. However, in compliance with the Court's July 25, 2025 Minute Order, Plaintiffs have proposed a narrowed set of interrogatories that seek to respond to Defendants' generalized objections, ECF No. 151-2, including those stated for the first time in their opposition, ECF Nos. 149, 150.

Of the interrogatories as narrowed, LULAC Plaintiffs join in propounding interrogatories 6, 7, 8, 9, 13, 14, and 15. These interrogatories are plainly "narrowly tailored to determining 'the existence *vel non* of final agency actions and the "contours"' of those actions." July 25, 2025 Minute Order. Each interrogatory asks Defendants to identify concrete actions taken or planned to implement challenged provisions of the Executive Order, other than Section 2(a). For example, Interrogatory No. 6 states "[EO § 3(d)]: Describe any action or effort you (including Defendant

DOD) have taken, initiated, or planned to update the Federal Post Card Application to require documentary proof of citizenship or proof of eligibility. Your answer should include, but not be limited to, the dates of such actions or efforts and all individuals involved in carrying them out." ECF No. 151-2 at 9. This interrogatory simply asks Defendants to explain actions taken to implement the Executive Order's command that the Secretary of Defense update the Federal Post Card Application to require documentary proof of citizenship. Like each of Plaintiffs' interrogatories, this interrogatory complies with the Court's Scheduling Order and July 25 Minute Order and should be answered without delay.

Furthermore, the Court should deny Defendants' Motion for a Protective Order, ECF Nos. 149, 150, because Defendants fail to meet the "heavy burden of showing 'extraordinary circumstances' based on 'specific facts'" that is required. *See Fonville v. District of Columbia*, 230 F.R.D. 38, 40 (D.D.C. 2005) (quoting *Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998)). Moreover, to the extent the Court finds merit in any of Defendants' generalized objections, the narrowed set of interrogatories, ECF No. 151-2, obviates these concerns, mooting any basis for a protective order. The Motion for a Protective Order should thus be denied.

## CONCLUSION

For the reasons above and those in the Democratic Party Plaintiffs' reply, EFC No. 151, the Court should order Defendants to respond by August 8, 2025 to Plaintiffs' interrogatories as narrowed. Defendants have waived any further opportunity to object, and Plaintiffs' effort to narrow the interrogatories obviates any possible basis for a protective order.

Dated: August 1, 2025                                   Respectfully submitted,

*/s/ Norman L. Eisen*
Norman L. Eisen (D.C. Bar No. 435051)
Tianna J. Mays (D.C. Bar No. 90005882)
Pooja Chaudhuri (D.C. Bar No. 888314523)
Sofia Fernandez Gold (D.C. Bar No. 90010196)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org
pooja@statedemocracydefenders.org
sofia@statedemocracydefenders.org

*Counsel for Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association*

*/s/ Danielle Lang*
Danielle Lang (DC Bar No. 1500218)
Jonathan Diaz (DC Bar No. 1613558)
Robert Brent Ferguson (DC Bar No. 1782289)
Anna Baldwin (DC Bar No. 998713)
Heather Szilagyi (DC Bar No. 90006787)
Benjamin Phillips (DC Bar No. 90005450)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
bphillips@campaignlegalcenter.org