UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 25-0955 (CKK) |

**ORDER**
(August 1, 2025)

　　The Court is in receipt of the [147] and [148] Motions to Compel Responses to Interrogatories filed by the Democratic Party Plaintiffs[1] and the LULAC Plaintiffs,[2] respectively,

---

[1] The Democratic Party Plaintiffs are the Plaintiffs in Case No. 25-cv-552: Democratic National Committee, Democratic Governors Association, DSCC, DCCC, U.S. Senate Minority Leader Charles E. Schumer, and U.S. House of Representatives Minority Leader Hakeem S. Jeffries.

[2] The LULAC Plaintiffs are the Plaintiffs in Case No. 25-cv-946: the League of United Latin American Citizens

1

the [146] Memorandum in Opposition and [150] Motion for Protective Order filed by the Federal Defendants,[3] the [151] Reply in Support of the Motion to Compel and [152] Opposition to the Federal Defendants' Motion for Protective Order filed by the Democratic Party Plaintiffs, and the [153] Reply in Support of the Motion to Compel filed by the LULAC Plaintiffs. The Court has also received the [152-2] Democratic Party and LULAC Plaintiffs' Revised First Set of Interrogatories, which Plaintiffs provided in response to the Court's direction to "file a proposed set of no more than 25 total Interrogatories that are narrowly tailored to determining 'the existence *vel non* of final agency actions and the "contours"' of those actions." *See* Minute Order (July 25, 2025) (quoting Scheduling Order, ECF No. 141, at 2; and internally quoting *Hispanic Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018))

Upon consideration of these submissions, the Court concludes that the interests of justice are best served by a prompt ruling that resolves the parties' discovery dispute and directs production of responses to a targeted set of interrogatories that are "proportional to the needs of the case" in its current posture. *See* Fed. R. Civ. P. 26(b)(1). This brief Order sets out that ruling.

**I.**

As discussed at the Initial Scheduling Conference, the purpose of the limited discovery the Court has authorized at this stage is to "illuminat[e]" the "contours of the precise polic[ies] at issue" and help "resolve issues of ripeness and final agency action." Tr. of June 18, 2025 Hr'g ("Tr."), ECF No. 151-1, at 10:17–25; *see Hispanic Affs. Project*, 901 F.3d at 388. Accordingly, at this stage, it is proper for Plaintiffs to serve targeted interrogatories to determine "what actions have been taken to implement" specific provisions of Executive Order 14,248. Tr. at 11:1–4. Any

---

("LULAC"), the Secure Families Initiative, and the Arizona Students' Association.

[3] The Federal Defendants include Donald J. Trump, in his official capacity as President of the United States, and various federal agencies and federal officers in their official capacities.

"more intrusive discovery," if appropriate, will take place after the Court has resolved Defendants' threshold arguments about ripeness and justiciability. *Id.* at 10:9–14, 10:22–25.

The parameters the Court has set for this initial phase of discovery reflect a balance between two important considerations.

*First*, the Federal Defendants are entitled to a broad "deliberative process privilege" that protects "pre-decisional" and "deliberative" materials that precede and inform agency decisions. *See Abtew v. U.S. Dep't of Homeland Sec.*, 808 F.3d 895, 898–99 (D.C. Cir. 2015). Allowing extensive discovery at this early stage—before the Court has decided which (if any) of the Federal Defendants' challenged actions are final decisions—risks encroaching on this privilege and would inevitably lead to extensive litigation about its scope and application in this case.

*Second*, to resolve the Federal Defendants' threshold ripeness and justiciability arguments, the Court will be required "to ascertain the contours of the precise policy at issue" and determine whether it has "sufficiently 'crystallized'" into "a definite form." *Venetian Casino Resort, L.L.C. v. E.E.O.C.*, 409 F.3d 359, 364, 367 (D.C. Cir. 2005) (quoting *City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1430–31 (D.C. Cir. 1994)). In this case, the Democratic Party Plaintiffs and LULAC Plaintiffs are entitled to take limited discovery on this issue because "only the [Federal] Defendants know the 'contours' of" the relevant actions. *See All. for Retired Americans v. Bessent*, No. 25-cv-0313, 2025 WL 1114350, at *3 (D.D.C. Mar. 20, 2025) (CKK) (quoting *Venetian Casino Resort*, 409 F.3d at 367); *see also Hisp. Affs. Project*, 901 F.3d at 388.

Balancing these considerations, and recognizing the parties' interest in moving this case forward expeditiously and in keeping with the Court's [141] Scheduling Order, the Court shall allow the Democratic Party Plaintiffs and LULAC Plaintiffs to propound interrogatories that focus narrowly on actions that the Federal Defendants have already taken to implement Executive

3

Order 14,248. *See* Tr. at 11:1–4. Recognizing the Federal Defendants' objections that some of the Democratic Party Plaintiffs' and LULAC Plaintiffs' proposed interrogatories may encroach on the deliberative process privilege, the Court is directing further revisions to the proposed interrogatories that will minimize the extent to which the interrogatories request information about plans or potential future actions. *See Abtew*, 808 F.3d at 898–99. These revisions focus the interrogatories on actions that have already been taken or that are in progress. *See id.* These narrowing revisions are intended to address the Federal Defendants' deliberative-process objections while avoiding unnecessary delay. Accordingly, further objections to the scope of the revised interrogatories on deliberative-process grounds will be viewed with disfavor.

## II.

For the foregoing reasons, it is **ORDERED** that the pending [147] and [148] Motions to Compel and [150] Motion for Protective Order are **GRANTED IN PART** and **DENIED IN PART**, as follows:

It is **ORDERED** that the interrogatories served on June 27, 2025, are **WITHDRAWN**.

It is further **ORDERED** that the Democratic Party Plaintiffs and LULAC Plaintiffs shall promptly propound a further revised version of their [152-2] Revised First Set of Interrogatories on the Federal Defendants, making the following revisions:

Interrogatory No. 1:    Delete the words "or will be"

Interrogatory No. 2:    Delete the words "or will be"

Interrogatory No. 3:    Delete the words "or will be granted access"

Interrogatory No. 4:    *No changes*

Interrogatory No. 5:    Delete the words "or will be"

Interrogatory No. 6:    Replace "taken, initiated, or planned" with "taken or initiated"

Interrogatory No. 7:    Replace "issued, initiated, or planned" with "issued"

4

| | |
|---|---|
| <u>Interrogatory No. 8:</u> | Replace "taken, initiated, or planned" with "taken or initiated" |
| <u>Interrogatory No. 9:</u> | *No changes* |
| <u>Interrogatory No. 10:</u> | Replace "taken, initiated, or planned" with "taken or initiated" |
| <u>Interrogatory No. 11:</u> | Replace "taken, initiated, or planned" with "taken or initiated" |
| <u>Interrogatory No. 12:</u> | Replace "taken, initiated, or planned" with "taken or initiated" |
| <u>Interrogatory No. 13:</u> | Replace "is using, or plans to use" with "or are using" and replace "has been, may, or will be" with "has been or will be" |
| <u>Interrogatory No. 14:</u> | *No changes* |
| <u>Interrogatory No. 15:</u> | Replace "taken, initiated, or planned" with "taken or initiated" and replace "has been, is under consideration, or will be" with "has been or will be" |

It is further **ORDERED** that the Federal Defendants shall serve answers and objections to the Democratic Party Plaintiffs' and LULAC Plaintiffs' interrogatories, as further revised in accordance with this Order, on or before **August 15, 2025**. *See* Fed. R. Civ. P. 33(b)(2) (providing that a period of less than 30 days for responses may "be ordered by the court").

It is further **ORDERED** that each of the Democratic Party Plaintiffs' and LULAC Plaintiffs' interrogatories, as further revised in accordance with this Order, must be answered "fully," except to the extent that the answering party raises a timely objection that is "stated with specificity." Fed. R. Civ. P. 33(b)(3)–(4).

It is further **ORDERED** that the Democratic Party Plaintiffs and LULAC Plaintiffs shall file any motions to compel responses to these interrogatories no later than **5:00 p.m. ET on August 19, 2025**. The Federal Defendants shall file any responses to such motions no later than **12:00 p.m. ET on August 21, 2025**, and the Democratic Party Plaintiffs and LULAC Plaintiffs shall file any replies no later than **12:00 p.m. ET on August 22, 2025**.

The Court defers ruling on the issue of whether the Federal Defendants have waived any specific objections to Plaintiffs' interrogatories, which the Court shall resolve in due course if the need should arise.

**SO ORDERED.**

**Dated:** August 1, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge