IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00946-CKK |
| DEMOCRATIC NATIONAL COMMITTEE, *et al,*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00952-CKK |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00955-CKK |

**UNOPPOSED MOTION OF BIPARTISAN FORMER STATE SECRETARIES OF STATE FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF LEAGUE AND LULAC PLAINTIFFS' <u>MOTION FOR PARTIAL SUMMARY JUDGEMENT (ECF NO. 145)</u>**

1

Pursuant to LCvR 7(o), Amici Curiae, a bipartisan group of former state secretaries of state (together, "Amici"), respectfully move for leave to file the attached proposed brief in support of Plaintiffs LULAC and League of Women Voters' motion for partial summary judgment (ECF No. 145). This motion is submitted on behalf of the following proposed Amici: former Secretary of State for the State of Colorado Mary Estill Buchanan, former Secretary of State for the State of Connecticut Miles Rapoport, former Secretary of State for the State of Minnesota Joan Anderson Growe, former Secretary of State of the Commonwealth of Pennsylvania Kathy Boockvar, former Secretary of State of the Commonwealth of Pennsylvania Leigh M. Chapman, former Secretary of State for the State of Washington Kim Wyman, and former Secretary of State for the State of West Virginia Natalie Tennant.

Consistent with Local Rule 7(o)(2), Counsel for Proposed Amici have conferred with counsel for the parties. Neither party opposes this motion.

In support of this motion, proposed Amici state:

1.     Amici are a bipartisan group of former state secretaries of state. As the former chief election administrators in their respective states, they are uniquely familiar with states' crucial role in regulating and administering federal elections. And although Amici may not always have agreed about the best election policies, Amici nonetheless share a common commitment to ensuring elections are free and fair and are unified in their understanding of states' crucial role in enacting and executing election laws, as set forth in the U.S. Constitution. Amici should be granted leave to file the accompanying brief because of their unique insight into the states' role in administering elections, which addresses a matter central to this challenge and is offered from a perspective that is not otherwise provided by the parties.

2. This Court has "wide discretion in deciding whether to grant a third party leave to file an amicus curiae brief." *In re Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014); *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007) (same). Amicus participation "should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Mashpee Wampanoag Tribe v. Bernhardt*, 2020 WL 2615523, *1 (D.D.C. May 22, 2020) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *see also In re Search of Info.*, 13 F. Supp. 3d at 167 (same). And the Court has previously exercised its "broad discretion" to allow amicus participation by amici with "relevant expertise and a stated concern for the issues at stake" where the Court found that "it may benefit from their input" in deciding the case. *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011); *see also, Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [amicus] input"). An amicus "'participates only for the benefit of the Court,'" *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (quoting *United States v. Microsoft Corp.*, 2002 WL 319366, at *2 (D.D.C. 2002)).

3. The proposed Amici and brief, attached as Exhibit 1, plainly satisfy these standards.

4. **The brief is relevant to the disposition of this case.** The proposed brief directly addresses the key issues that are raised in this litigation and that are relevant to its disposition. The brief details how the March 25, 2025, Executive Order—"Preserving and Protecting the Integrity of American Elections" (the "Executive Order")—seeks to upend states' role in enacting election laws and administering elections, as set forth in the Elections Clause and

Electors Clause of the U.S. Constitution. The brief proceeds by arguing that, pursuant to the Elections and Electors Clauses, states play an irreplaceable role in election regulation and administration. The brief then analyzes caselaw that reaffirms that the President has no standalone role in regulating elections. It finally argues that to the extent the Executive Order attempts to draw power from federal laws enacted by Congress, none of the laws at issue have displaced states' traditional role in elections.

5. **The brief is desirable and provides Amici's unique perspectives and input, which will benefit the Court.** Amici offer the perspective of state officials who faithfully oversaw elections across their respective jurisdictions. In their roles, Amici witnessed firsthand the founders' wisdom in giving states' authority to enact election laws and administer elections, as set forth in the Elections Clause and Electors Clause of the U.S. Constitution. To Amici's successors and every state legislator in the country, the Executive Order represents an existential threat, as it not only would permit the President and Executive Branch to immediately usurp the authority of the lawmakers and officials constitutionally responsible for making and enforcing election policy, but also would write any President a blank check to further aggregate to him or herself powers that the Constitution explicitly reserves for the states and Congress. When a similar group of amici filed a similar brief in support of summary judgment, this Court said, "[a]s former state election officials, [A]mici offer a unique perspective not presented by the parties. And their proposed brief is relevant and helpful." Minute Order, *League of United Latin American Citizens, et al. v. Executive office of the President*, et al., No. 25-946, (April 24, 2025).

6. **The proposed brief is timely.** This motion is being filed following plaintiffs' partial motion for summary judgment and one week prior to when defendants' opposition to summary judgment is due. This timing will neither affect the Court's ability to timely rule on the pending motion for preliminary injunction nor will it otherwise delay this case.

For the foregoing reasons, the proposed Amici respectfully request that the Court grant this motion for leave to file the proposed amicus curiae brief, attached as Exhibit 1, in support of the LULAC and League of Women Voters Plaintiffs' motion for partial summary judgment. A Proposed Order is attached hereto as Exhibit 2.

| | |
|---|---|
| Dated: August 1, 2025 | Respectfully submitted, |
| | /s/ Kalyn Mizelle McDaniel <br> Kalyn Mizelle McDaniel (D.C. Bar No. 90027120) <br> John B. Hill (PA Bar No. 328340)* <br> Alex M. Goldstein (D.C. Bar No. 90005086) <br> Donald K. Sherman (D.C. Bar No. 90031810)** <br> CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON <br> P.O. Box 14596 <br> Washington, D.C. 20044 <br> Telephone: (202) 408-5565 <br> dsherman@citizensforethics.org <br> jhill@citizensforethics.org <br> kmcdaniel@citizensforethics.org <br> *admitted *pro hac vice* <br> ** *pro hac vice* motion forthcoming <br> *Counsel for Amici* |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2025, the foregoing document and all attachments were filed with the Clerk of the Court, using the CM/ECF system, causing them to be served on all parties.

| | |
|---|---|
| Dated: August 1, 2025 | */s/ Kalyn Mizelle McDaniel*<br>Kalyn Mizelle McDaniel |