# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, <br><br> Defendants. | Civil No. 25-cv-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil No. 25-cv-0955 (CKK) |

### DEFENDANTS' MOTION TO STRIKE, DENY, OR DEFER CONSIDERATION OF PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT (ECF 145, 146) PURSUANT TO RULE 56(d)

Pursuant to Federal Rule of Civil Procedure 56(d), Defendants respectfully request that this Court grant their Motion to Strike, Deny, or Defer Consideration of Plaintiffs' Motions for Partial Summary Judgment. Plaintiffs oppose this Motion and have indicated that they will respond to it in due course.

### I. BACKGROUND

On April 24, 2025, this Court resolved Plaintiffs' Motion for Preliminary Injunction concerning various provisions of Executive Order No. 14,248, *Preserving and Protecting the Integrity of American Elections*, 90 Fed. Reg. 14,005 (Mar. 25, 2025) (the "EO"). Order, ECF 103; Mem. Op., ECF 104. The Court then directed the parties to file a joint scheduling proposal for further proceedings, and the parties did so. Minute Order, Apr. 28, 2025; *see* Joint Scheduling Proposal, ECF 119. The parties disagreed about the scope of future discovery. Plaintiffs proposed a four-month discovery period, putatively to obtain discovery on "certain claims" as to which "further factual development" may be necessary. ECF 119 at 3 (discussing EO Section 2(b) (quoting ECF 104 at 83)). Defendants countered that no discovery would be necessary because Plaintiffs' claims presented purely legal issues. *Id.* at 5.

Upon consideration of the parties' joint scheduling proposal, "[t]o allow the Court to decide whether discovery is warranted," the Court asked Plaintiffs to specify "the subject matter of any proposed discovery, the claim(s) and provision(s) of Executive Order 14,248 to which the proposed discovery would be relevant, and a discovery plan outlining how Plaintiffs propose to obtain the relevant information." ECF 122 at 2. The Court also set an Initial Scheduling Conference for June 18, 2025. *Id.* As ordered, the parties submitted a Local Rule 16.3 report. Joint Civ. R. 16.3 Report

1

to the Court, ECF 137. Plaintiffs repeated their request for four months of discovery, "on claims not included in their preliminary injunction motion" as well as "discovery contemplated in the Court's preliminary injunction order." *Id.* at 2. Namely, Plaintiffs stated their intention to discover a wide range of "information related to the actions Defendants are taking to implement EO 14,248, the contours of the Executive Order's scope, and the effects that the challenged provisions are having on states, localities, and voters." *Id.* at 3; *see id.* at 5–10. Plaintiffs "anticipate[d]" that their discovery would "involve requests for production of documents, interrogatories, requests for admission, and depositions of relevant fact witnesses (including individuals and Rule 30(b)(6) designees)," as well an administrative record. *Id.* at 3–5. There was, however, one important exception: Plaintiffs agreed that no discovery would be necessary to resolve their challenges to EO Section 2(a):

| E.O. Provision/Count (Case 1:25-cv-00952, ECF No. 1) | Information Sought | Discovery Method |
|---|---|---|
| § 2(a): Counts I, II, VI, X, XI | No discovery needed. | N/A. |

ECF 137 at 5; *see id.* at 11.

Two days later, the Court held the Initial Scheduling Conference. During that conference, the Court rejected Plaintiffs' proposal for immediate, full-blown merits discovery into ongoing implementation of the EO—recognizing that such discovery would run head-long into numerous executive privileges surrounding nonfinal agency actions. June 18, 2025, Hr'g Tr. 8:12–17 (internal pagination). The proper vehicle for fact discovery in the short-term, the Court held, would be via a "focused" and "explicit" Rule 56(d) affidavit in opposition to Defendants' forthcoming Motion for Summary Judgment. *Id.* 8:18–9:3, 9:24–10:8 (internal pagination). Only if Plaintiffs'

2

claims survived summary judgment might broader factual discovery, such as an administrative record, potentially be appropriate. *Id.* 10:9–16 (internal pagination).

Consistent with its statements during the Scheduling Conference, the Court then issued a Scheduling Order directing a multi-phase summary-judgment briefing process. First, because the parties had agreed that no discovery would be necessary as to Section 2(a) of the EO, the Court scheduled summary judgment briefing on Plaintiffs' challenges to that Section to begin with Plaintiffs' motions on July 11, 2025. ECF 141 at 2 (¶ 3, "Phase One"). Second, the Court directed Defendants to move for summary judgment as to the remainder of Plaintiffs' EO challenges on August 15, 2025. *Id.* at 3 (¶ 4, "Phase Two"). Third and finally, if Plaintiffs' remaining claims were to withstand Defendants' Phase Two motion for summary judgment, "the Court may order discovery and/or the production of one or more administrative records," potentially followed by more briefing. *Id.* (¶ 5, "Phase Three").

Consistent with the Scheduling Order, Plaintiffs filed Motions for Partial Summary Judgment as to certain of their challenges to EO Section 2(a) on July 11, 2025. ECF 145, 146. However, contrary to the Scheduling Order, Plaintiffs' Motions attached dozens of exhibits, including 18 declarations. Specifically, the League and LULAC Plaintiffs' Motion for Partial Summary Judgment attached 42 exhibits, including twelve declarations. ECF 145-3 (list of League and LULAC Plaintiffs' exhibits); *see* ECF 145-5, 145-7 through 145-15, 145-29, 145-30 (declarations).[1] The Democratic Party Plaintiffs' Motion for Partial Summary Judgment (ECF 146) attached 25 exhibits, including six declarations. ECF 146-3 (list of Democratic Party Plaintiffs' exhibits); *see* ECF 146-3 at 15–68 (ECF pagination) (declarations).[2] Plaintiffs' proposed

---

[1] The "League" Plaintiffs are the Plaintiffs in Case No. 25-cv-955. The "LULAC" Plaintiffs are the Plaintiffs in Case No. 25-cv-946.

[2] The "Democratic Party" Plaintiffs are the Plaintiffs in Case No. 25-cv-952.

3

Statements of Undisputed Material Facts ("SoF") total 186 paragraphs of statements relying on this extrinsic evidence. ECF 145-2 (League and LULAC Plaintiffs' SoF); ECF 146-2 (Democratic Party Plaintiffs' SoF).

## II. LEGAL STANDARD

Under Rule 56(d), if a litigant against whom summary judgment is sought "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). This mechanism enables "nonmovants who lack the facts they need to seek an opportunity to gather more information before responding to a motion for summary judgment." *Grimes v. District of Columbia*, 794 F.3d 83, 92 (D.C. Cir. 2015).

A party seeking relief under Rule 56(d) must submit a declaration that satisfies the three factors set forth in *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99–100 (D.C. Cir. 2012). Specifically, a Rule 56(d) declaration "must: (1) 'outline the particular facts [the party] intends to discover and why those facts are necessary to the litigation'; (2) explain why the party has not been able to produce the facts; and (3) demonstrate that the information sought is, in fact, discoverable." *FERC v. City Power Mktg., LLC*, 235 F. Supp. 3d 152, 155 (D.C. Cir. 2019) (quoting *Convertino*, 684 F.3d 93 at 99–100).

## III. ARGUMENT

Here, Defendants need not establish the Rule 56(d) factors because Plaintiffs' Motions for Partial Summary Judgment violated the Scheduling Order by attaching extrinsic evidence. ECF 141 at 2 (¶ 3, "Phase One"); *see also* ECF 137 at 5, 11 (Plaintiffs agreeing that no discovery would be necessary to brief summary judgment as to EO Section 2(a)). Plaintiffs' blatant disregard of the

4

Court's order severely prejudiced Defendants' ability not only to oppose Plaintiffs' Motions—which rely heavily on extrinsic evidence to attempt to establish subject-matter jurisdiction and Plaintiffs' entitlement to injunctive relief—but also to prepare their Cross Motion within the timeframe allotted. Instead of simply researching and arguing the legal issues, as the parties had agreed they would do, Defendants were forced to respond to 186 purportedly "undisputed" and "material" facts, which relied on 18 declarations and dozens of other exhibits that Defendants had never had the opportunity to test through the ordinary course of civil discovery. Thus, in addition to violating the Court's Scheduling Order, Plaintiffs' misconduct cost Defendants substantial time, resources, and attention that could not be recouped. Plaintiffs' Motions for Partial Summary Judgment should be stricken for this reason alone, and Plaintiffs should be directed to re-file in accordance with the Scheduling Order.

In an abundance of caution, however, Defendants attach here a Rule 56(d) Declaration that illustrates why Plaintiffs' conduct has made it impracticable for Defendants to respond to Plaintiffs' Motions for Partial Summary Judgment. *First*, the Declaration outlines the particular facts that Defendants would discover and why those facts would be necessary to fully oppose Plaintiffs' Motions. *See* O'Hickey Decl. ¶¶ 4–8 (explaining that, among other things, Plaintiffs rely on the declarations and other evidence to support standing, ripeness, and irreparable harm). *Second*, Defendants' Declaration explains—although it is plain from the record—why Defendants were unable to discover these facts already. Plaintiffs agreed—and the Court ordered—that no discovery would be taken as to Section 2(a). *Id.* ¶ 3; ECF 141 at 2. Moreover, the vast majority of information in Plaintiffs' declarations is exclusively within Plaintiffs' custody and control. O'Hickey Decl. ¶ 3. *Third*, Defendants' Rule 56(d) Declaration demonstrates that the information sought is, in fact,

5

discoverable, through written discovery and depositions of Plaintiffs' declarants. *Id.* ¶¶ 8–9; *see Convertino*, 684 F.3d 93 at 99–100.

To be clear, Defendants' view is that Defendants' Cross-Motion for Partial Summary Judgment as to EO Section 2(a)—which Defendants will file today, in accordance with the Scheduling Order—should be granted, without any discovery. This was the Court's Order. However, by wrongly attaching evidence to their Motions for Partial Summary Judgment regarding Section 2(a), Plaintiffs have made it impossible for Defendants to meaningfully and fully oppose Plaintiffs' Motions. Moreover, this Court must first assure itself of its jurisdiction, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)—which it can only do by crediting Plaintiffs' declarations and factual assertions that Defendants have not had an opportunity to independently test. Under these circumstances, which Plaintiffs have created by introducing such evidence, Defendants have no choice but to preserve their right to refute the purportedly "undisputed" "material" facts Plaintiffs have now put at issue. *See Convertino*, 684 F.3d at 99 (Rule 56(d) request "should be granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" (quoting *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995)).

## **CONCLUSION**

For the foregoing reasons, the Court should strike Plaintiffs' Motions for Partial Summary Judgment as to EO Section 2(a) (ECF 145, 146) and direct Plaintiffs to re-file in accordance with the Scheduling Order. Alternatively, the Court should deny those Motions. At a minimum, the Court should defer ruling on Plaintiffs' Motions until Defendants have had the opportunity to take fulsome discovery of Plaintiffs' declarants and other proffered "evidence."

| | |
|---|---|
| Dated: August 8, 2025 | Respectfully submitted, |
| | BRETT A. SHUMATE<br>Assistant Attorney General |
| | ERIC J. HAMILTON<br>Deputy Assistant Attorney General<br>Civil Division, Federal Programs Branch |
| | JOSEPH E. BORSON<br>Assistant Branch Director |
| | /s/ Bridget K. O'Hickey<br>BRIDGET K. O'HICKEY<br>Counsel to the Assistant Attorney General<br>U.S. Department of Justice, Civil Division<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>(202) 353-8679<br>Bridget.K.O'Hickey@usdoj.gov |
| | MARIANNE F. KIES<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, D.C. 20005<br>(202) 353-1819<br>Marianne.F.Kies@usdoj.gov |
| | *Attorneys for Defendants* |