**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>  Defendants. | Civil No. 25-cv-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al*,<br><br>  Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>  Defendants. | Civil No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>  Defendants. | Civil No. 25-cv-0955 (CKK) |

## DEFENDANTS' MOTION FOR EXTENSION OF TIME
## TO FILE MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's Standing Order, ECF 8; Federal Rule of Civil Procedure 6(b)(1)(A); and for good cause shown below, Defendants respectfully seek a two-week extension of their August 15, 2025, deadline to move for summary judgment regarding the bulk of Plaintiffs' claims challenging Executive Order No. 14,248, *Preserving and Protecting the Integrity of American Elections*, 90 Fed. Reg. 14,005 (Mar. 25, 2025) (the "EO"), in the above-captioned cases. *See* Scheduling Order, ECF 141, at 3 (¶ 4, "Phase Two"). This is Defendants' first Motion for Extension of their Summary Judgment deadline. Plaintiffs oppose this Motion and have indicated that they will respond in due course. In support of the Motion, Defendants submit the following:

1. On June 20, 2025, the Court issued a Scheduling Order directing a multi-phase summary-judgment briefing process. ECF 141.

2. First, because the parties had agreed that no discovery would be necessary as to Section 2(a) of the EO, the Court scheduled summary judgment briefing on Plaintiffs' challenges to that Section, to begin with Plaintiffs' motions on July 11, 2025. *Id.* at 2 (¶ 3, "Phase One").

3. Second, the Court directed Defendants to move for summary judgment as to the remainder of Plaintiffs' EO challenges on August 15, 2025. *Id.* at 3 (¶ 4, "Phase Two").

4. Third and finally, if Plaintiffs' remaining claims were to withstand Defendants' Phase Two motion for summary judgment, "the Court may order discovery and/or the production of one or more administrative records," potentially followed by more briefing. *Id.* (¶ 5, "Phase Three").

5. Consistent with the Scheduling Order, Plaintiffs filed Motions for Partial Summary Judgment as to certain of their challenges to EO Section 2(a) on July 11, 2025. ECF 145, 146.

1

6. Contrary to the Scheduling Order, Plaintiffs' Motions for Partial Summary Judgment as to Section 2(a) attached dozens of exhibits, including 18 declarations.

7. Specifically, the League and LULAC Plaintiffs' Motion for Partial Summary Judgment attached 42 exhibits, including twelve declarations. ECF 145-3 (list of League and LULAC Plaintiffs' exhibits); *see* ECF 145-5, 145-7 through 145-15, 145-29, 145-30 (declarations).[1] The Democratic Party Plaintiffs' Motion for Partial Summary Judgment (ECF 146) attached 25 exhibits, including six declarations. ECF 146-3 (list of Democratic Party Plaintiffs' exhibits); *see* ECF 146-3 at 15–68 (ECF pagination) (declarations).[2] Plaintiffs' proposed Statements of Undisputed Material Facts ("SoF") totaled 186 paragraphs of statements relying on this extrinsic evidence. ECF 145-2 (League and LULAC Plaintiffs' SoF); ECF 146-2 (Democratic Party Plaintiffs' SoF).

8. Because Plaintiffs' Motions for Partial Summary Judgment failed to comply with the Scheduling Order, Defendants were forced to evaluate and then prepare written responses to 186 paragraphs of statements of "facts" relying on a substantial body of witness testimony, documents, and other "evidence." *See* ECF 163-1.

9. Because Plaintiffs' Motions for Partial Summary Judgment failed to comply with the Scheduling Order, Defendants were forced to prepare a Motion to Strike, Deny, or Defer Plaintiffs' Motions for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56(d), including preparing an attorney affidavit. *See* ECF 160 (Rule 56(d) Motion and Declaration).

10. Because Plaintiffs' Motions for Partial Summary Judgment failed to comply with

---

[1] The "League" Plaintiffs are the Plaintiffs in Case No. 25-cv-955. The "LULAC" Plaintiffs are the Plaintiffs in Case No. 25-cv-946.

[2] The "Democratic Party" Plaintiffs are the Plaintiffs in Case No. 25-cv-952.

the Scheduling Order, Defendants devoted substantial time, resources, and attention that took time away from Defendants' Cross-Motion for Partial Summary Judgment (which Defendants nonetheless timely filed on August 8, *see* ECF 162, 163), and limited Defendants' ability to work on the substantial Motion for Summary Judgment presently due in one week, on August 15, 2025. Defendants cannot recoup this time.

11. Defendants' answers to Plaintiffs' 15 Interrogatories directed to seven Agencies are also presently due August 15—a deadline similarly of Plaintiffs' making, because Plaintiffs' original set of 49 Interrogatories also contravened the Scheduling Order, necessitating a motion for protective order. *See* Order, ECF 154 at 4 (Court's August 1, 2025, order granting, in part, Defendants' motion for protective order; directing Plaintiffs to propound new, narrower set of Interrogatories; and further directing Defendants to respond on August 15).

12. Due to Plaintiffs' conduct, Defendants' person-power to prepare a thorough Motion for Summary Judgment by August 15, 2025 has been significantly limited. Defendants therefore respectfully seek a two-week extension, to August 29, 2025.

13. Further deadlines in the Scheduling Order would be modified commensurate with Defendants' two-week extension, i.e.:

- Plaintiffs' Oppositions would be due **September 19** (instead of September 5).
- Defendants' Reply would be due **October 3** (instead of September 19).

14. Pursuant to Local Rule 7(m), Defendants have conferred with Plaintiffs. Plaintiffs oppose the requested extension. Intervenor-Defendant the RNC consents to this motion and requests that any extension applied to the DOJ's deadlines is applied to the RNC's deadlines to keep the briefing deadlines together.

15. A proposed order granting this Motion is attached.

3

Dated: August 8, 2025                                  Respectfully submitted,

                                        BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Director
Civil Division, Federal Programs Branch

/s/ Bridget K. O'Hickey
BRIDGET K. O'HICKEY
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue,
NW Washington, DC 20530
(202) 353-8679
Bridget.K.O'Hickey@usdoj.gov

MARIANNE F. KIES
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-1819
Marianne.F.Kies@usdoj.gov

*Attorneys for Defendants*