UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>        *Plaintiffs*,<br>  v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>        *Defendants*. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>        *Plaintiffs*,<br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>        *Defendants*. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>        *Plaintiffs*,<br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>        *Defendants*. | Civil Action No. 25-0955 (CKK) |

**LULAC PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT**

1

Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association ("LULAC Plaintiffs") respectfully oppose Federal Defendants' ("Defendants") Motion for Extension of Time to File Motion for Summary Judgment.

## ARGUMENT

The Federal Rules of Civil Procedure permit a court to extend a deadline "for good cause." Fed. R. Civ. P. 61(b)(1)(A). Defendants' motion should be denied because they fail to meet this standard.

The only "good cause" Defendants offer in support of their motion is a baseless contention that Plaintiffs' Motions for Partial Summary Judgment somehow violated this Court's Scheduling Order, necessitating extra effort to oppose. ECF No. 164 at 3-4. Specifically, Federal Defendants claim that Plaintiffs acted "[c]ontrary to the Scheduling Order" by submitting a Statement of Undisputed Material Facts and supporting declarations.[1] *Id.* at 3. But this is meritless. Plaintiffs' briefing was consistent with this Court's Scheduling Order and the Federal and local rules.

The United States Department of Justice simply cannot be surprised that Plaintiffs' motions for summary judgment—like any other motion for summary judgment—included declarations supporting their standing and a statement of facts as required by the Federal Rules and this Court's local rules. It is not only common sense that motions for summary judgment include "exhibits," such as "declarations," *id.*, but it is expressly provided for in the Federal Rules. Fed. R. Civ. P. 56(c). And indeed, the local rules also mandate that a motion for summary judgment "shall be accompanied by a statement of material facts as to which the moving party contends there is no

---

[1] Federal Defendants represent that "Intervenor-Defendant the RNC consents to this motion," ECF No. 164 at 4, but tellingly, the RNC does not present argument that Plaintiffs' motions for summary judgment violated this Court's Scheduling Order or were otherwise improper. To the contrary, the RNC responded to and largely did not dispute Plaintiffs' Statement of Undisputed Material Facts. *See* ECF No. 161-5.

2

genuine issue, which shall include references to the parts of the record relied on to support the statement." LCvR 7(h). As such, it strains credulity to imagine that Defendants were not anticipating exactly the motions they received on July 11, particularly given that these filings closely mirrored Plaintiffs' earlier motions for preliminary injunction and supporting declarations and exhibits. *See* ECF No. 34. Indeed, if Defendants were surprised by the contents of Plaintiffs' motions for partial summary judgment, they did not reach out to attempt to address that issue at any time prior to the due date for the filing of their opposition and cross-motion.

To the extent that Defendants argue that Plaintiffs' motion came as a surprise because it was filed without discovery, some additional context is warranted: at all times since issuance of the preliminary injunction, Defendants have affirmatively declined to take any discovery. Following the issuance of the preliminary injunction, the Court directed the parties to meet and confer to discuss the schedule for "further proceedings, including proposed briefing deadlines for dispositive motions and a proposed schedule for any discovery that may be necessary." Minute Order (Apr. 28, 2025). The parties did so and during the meet and confer process, Defendants orally stated that they did not plan to seek discovery from Plaintiffs. Defendants further confirmed this in writing to the Court on May 5, 2025, stating their position that "[d]iscovery is thus an unnecessary precondition to filing summary-judgment motions in this case." ECF No. 119 at 6. This Court then ordered the parties to file a Rule 16.3 Report and appear for an initial scheduling conference on June 18, 2025.

In the Rule 16.3 Report, all Plaintiffs agreed that their claims as to Section 2(a) of the Executive Order could proceed without discovery from Defendants. Defendants again declined to seek any discovery, stating that all of Plaintiffs' claims "can and should be decided without discovery." ECF No. 137 at 11; *see id.* at 15 (Defendants stating position that "discovery is not

3

necessary" because Plaintiffs raise "purely legal claims"). In the Report, Defendants asked the Court to set "one round of motions for summary judgment on all of Plaintiffs claims" with no discovery at all. *Id.* at 19.

Days later, at the scheduling conference held on June 18, the Court noted that "[n]o party seeks discovery regarding section 2A of the executive order" and that the Federal government sought a single round of summary judgment briefing with no discovery at all. ECF No. 152-1 at 6:20-22 (Hearing Tr.). In a colloquy with counsel for the government, the Court made clear again that Defendants were not planning to seek discovery, intended to file their summary judgment briefing without discovery, and sought confirmation from the government as to that understanding. *Id.* at 22:4-15 ("I understand your position. You think no discovery on any of it. . . you'll raise whatever issues legally with that that don't need discovery, legally. . . . Am I correct that's what you're doing?" "Yes, Your Honor.").

Consistent with the representations that all parties had repeatedly made, the Court's June 20, 2025 Scheduling Order noted that the challenge to Section 2(a) could be "resolved without discovery," and directed that Plaintiffs' motions for summary judgment be filed by July 11, 2025. ECF No. 141 at 2. Plaintiffs filed their motions as directed on that date. Of course, the Non-Partisan Plaintiffs' partial summary judgment filing included exhibits and declarations, including declarations supporting their Article III standing and exhibits relevant to this Court's consideration of the factors for permanent injunctive relief. ECF No. 145. This should be no surprise to Defendants since these exhibits and declarations largely mirrored those submitted at the preliminary injunction stage. *See* ECF No. 34. That Plaintiffs did not need to seek discovery *from* Defendants as to their claims regarding Section 2(a) of the Executive Order in no way meant that their motion for partial summary judgment would be devoid of facts, including facts supporting

4

Plaintiffs' standing. Defendants seem to understand that such evidence is necessary to support Plaintiffs' standing. ECF No. 160 at 7 (noting that "this Court must first assure itself of its jurisdiction . . . which it can only do by crediting Plaintiffs' declarations and factual assertions"). And Defendants were on notice of Plaintiffs' use of declarations and exhibits to support jurisdiction at the preliminary injunction stage. Even more pointedly, at the June 18 scheduling conference, counsel for LULAC Plaintiffs stated explicitly that they would "want to update our declarations" as part of the summary judgment briefing on Section 2(a) of the Executive Order. Hearing Tr. at 19:11-14. Defendants could have taken discovery as to those facts. Eyes wide open, as a matter of litigation strategy, Defendants chose not to.

Moreover, as to their claim of purported litigation burden, Defendants' response to Plaintiffs' statement of undisputed material facts repeatedly asserts the same non-responsive objection. *See, e.g.*, ECF No. 163-1 at 8-9 ("This purportedly material fact relies on information in Plaintiffs' custody and control. Because Defendants did not have an opportunity for discovery to investigate these facts, they lack the ability to determine whether these facts are in dispute . . . ."). Of course, any such inability is entirely of Defendants' own making as they chose not to take discovery. But regardless, Defendants have not shown that they actually had to "devote[] substantial time, resources, and attention" to providing such boilerplate non-responses. ECF No. 164 at 4. Defendants have therefore failed to assert good cause justifying an extension of a deadline they have known about—and agreed to—since June.

Finally, to put a finer point on it, Defendants do not represent that they need additional time to file their motions for summary judgment because of changes in staff capacity, competing litigation deadlines, unforeseen travel or medical issues, or any other reason that could reasonably warrant a delay. Instead, Defendants attempt to justify their request by conjuring some wrongdoing

5

by Plaintiffs. But as described above, there is nothing unforeseen or unexpected—much less improper—with respect to the Plaintiffs' motions for partial summary judgment. As such, on the face of their motion, Defendants have provided no good cause for an extension.

## CONCLUSION

As Defendants implicitly acknowledge, Plaintiffs filed standard motions for summary judgment on a schedule agreed to by all parties and entered by this Court nearly two months ago. Moreover, Defendants effectively had the opportunity to read and brief the same arguments—supported by very similar evidence—at the preliminary injunction stage. Having failed to show good cause, Defendants' motion should be denied.

Dated: August 12, 2025                                      Respectfully submitted,

| | |
|---|---|
| */s/ Norman L. Eisen* | */s/ Danielle Lang* |
| Norman L. Eisen (D.C. Bar No. 435051) | Danielle Lang (DC Bar No. 1500218) |
| Tianna J. Mays (D.C. Bar No. 90005882) | Jonathan Diaz (DC Bar No. 1613558) |
| Pooja Chaudhuri (D.C. Bar No. 888314523) | Robert Brent Ferguson (DC Bar No. 1782289) |
| Sofia Fernandez Gold (D.C. Bar No. 90010196) | Anna Baldwin (DC Bar No. 998713) |
| DEMOCRACY DEFENDERS FUND | Heather Szilagyi (DC Bar No. 90006787) |
| 600 Pennsylvania Avenue SE #15180 | Benjamin Phillips (DC Bar No. 90005450) |
| Washington, D.C. 20003 | CAMPAIGN LEGAL CENTER |
| (202) 601-8678 | 1101 14th St. NW, Suite 400 |
| norman@statedemocracydefenders.org | Washington, D.C. 20005 |
| tianna@statedemocracydefenders.org | (202) 736-2200 |
| pooja@statedemocracydefenders.org | dlang@campaignlegalcenter.org |
| sofia@statedemocracydefenders.org | jdiaz@campaignlegalcenter.org |
| | bferguson@campaignlegalcenter.org |
| *Counsel for Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association* | abaldwin@campaignlegalcenter.org |
| | hszilagyi@campaignlegalcenter.org |
| | bphillips@campaignlegalcenter.org |