## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE OFFICE OF THE PRESIDENT, et al., <br><br> Defendants. | Civil Action No. 25-cv-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Civil Action No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Civil Action No. 25-cv-0955 (CKK) |

**DEMOCRATIC PARTY PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME (ECF NO. 164)**

Defendants fail to offer any sound basis or genuine cause for an extension of the Phase II briefing schedule that the parties jointly proposed to this Court. *See* ECF No. 164 ("Mot."). While Defendants attempt to justify their request by blaming Plaintiffs—falsely claiming that Plaintiffs "failed to comply with the Scheduling Order," Mot. ¶¶ 9, 10, and that an extension is required "[d]ue to Plaintiffs' conduct," *id.* ¶ 12—their assertions are baseless. The "conduct" Defendants complain of is that Plaintiffs supported their motions for partial summary judgment with declarations, exhibits, and a statement of material facts. Such ordinary efforts are not merely consistent with the Scheduling Order—they are required to create the record mandated by Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h). Even so, Defendants now claim that if the Court does not strike Plaintiffs' motions, then they should be entitled to discovery, despite having repeatedly confirmed to the Court that they "don't need discovery" in this case. ECF No. 152-1 ("6/18/25 Tr.") at 21:4–15. Such misguided accusations and shifting litigation tactics do not constitute the necessary "good cause" for an extension. Fed. R. Civ. P. 6(b)(1). Moreover, Defendants' request for an extension continues a troubling trend of seeking to delay this litigation based on groundless accusations against Plaintiffs, last-minute requests, and demands that run contrary to prior representations to this Court.

The Court should deny the motion and order Defendants to comply with the briefing schedule they previously agreed to.

## DISCUSSION

### I. Plaintiffs' Phase I summary judgment motions comply with the Court's Scheduling Order and the Local Rules.

This Court has adopted a multi-phase summary judgment briefing schedule for this case. *See generally* ECF No. 141 ("Scheduling Order"). Under the Court's Scheduling Order, Phase I briefing is limited to "challenges to Section 2(a)," which all parties agreed could be resolved

1

"without discovery." *Id.* at 2. As Defendants admit, "[c]onsistent with the Scheduling Order, Plaintiffs filed Motions for Partial Summary Judgment as to certain of their challenges to EO Section 2(a) on July 11, 2025." Mot. ¶ 5. Also consistent with the Court's order, Plaintiffs filed their motions without propounding any discovery on Defendants. *See* ECF Nos. 145, 146.

This District's rules required Plaintiffs to support their motions with "a statement of material facts . . . which shall include references to the parts of the record relied on to support the statement." LCvR 7(h). Given the absence of discovery, Plaintiffs submitted declarations and exhibits to supply the necessary "record" required to comply with Local Civil Rule 7(h). The Federal Rules make plain that such "declarations" and exhibit "materials" are not merely suitable for creating a record—they are *required* when a party asserts that a "fact [] cannot be . . . genuinely disputed." Fed. R. Civ. P. 56(c)(1). The responding party is free to contest this record evidence by "submit[ting] its own affidavits[,] declarations, [and] documentary evidence to the contrary." *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)) (cleaned up and citing LCvR 7(h)); *see also Chatterjee v. U.S. Consul Gen.*, No. CV 07-2172 (PLF), 2008 WL 11515684, at *2 (D.D.C. May 9, 2008) (explaining courts will "accept as true any factual assertions contained in affidavits, declarations or attachments" submitted in support of summary judgment unless contradicted by competing "affidavits, declarations or documentary evidence") (citing *Neal*, 963 F.2d at 456). These basic litigation rules should come as a surprise to no one, including Defendants.

Even so, Defendants now claim they require an extension of Phase II briefing, but they do so based solely on a confusing rationale—that Plaintiffs' *Phase I* briefing violated the Scheduling Order by attaching exhibits and declarations, allegedly burdening Defendants. *See* Mot. ¶¶ 6–12. Defendants fail to explain *how* attaching these materials violated the Court's order; nor do they

2

explain how Plaintiffs could comply with Local Civil Rule 7(h) without submitting such materials. The gist of their theory appears to be that Plaintiffs were barred from introducing such record evidence because of the Court's prohibition on discovery in Phase I. But that is incorrect for any number of reasons. To start, parties routinely attach competing declarations and exhibit evidence to cross-motions for summary judgment—submission of these materials does not require discovery, particularly where the "parties agree[d] that Plaintiffs' challenges to Section 2(a) . . . can be resolved without discovery." Scheduling Order at 2. Further still, Plaintiffs' counsel *previewed* that such declarations would be forthcoming during Phase I at the June 18 scheduling conference—Defendants did not object. *See* 6/18/25 Tr. 18:11–14 (explaining Plaintiffs would "want to update our declarations" as part of the "[Section] 2A" briefing). Most critically, nowhere does the Scheduling Order prohibit routine declaration and exhibit evidence; the Scheduling Order merely memorializes the parties' agreement to forego discovery as to this phase of summary judgment briefing—a condition demanded by Defendants. *See id.* Simply put, nothing about the Scheduling Order barred Plaintiffs from introducing competent record evidence as part of Phase I. Defendants do not and cannot explain how Plaintiffs could have complied with Federal Rule 56 and Local Rule 7(h) without doing so.[1]

Defendants' accusations are the more baffling Plaintiffs' declarations and exhibits largely concern their Article III standing—an issue Defendants have contested from the start. *See, e.g.*, ECF No. 146-3 ¶¶ 4–9, 23–26. At the summary judgment stage, Plaintiffs are required to establish their standing with "affidavits or other evidence [of] specific facts," *Lujan v. Defs. of Wildlife*, 504

---

[1] Further still, the Court itself expressly explained at the June 18 hearing that Defendants could submit "affidavits or competent evidence" alongside their Phase II motion in lieu of "discovery." 6/18/25 Tr. 8:18–25.

U.S. 555, 561 (1992) (cleaned up), and—unsurprisingly—Defendants have used their Phase I motion to challenge Plaintiffs' standing, *see* ECF No. 162-1 at 14–18. Defendants seem to take the view that they may challenge Plaintiffs' standing, but Plaintiffs are prohibited from establishing the same through competent record evidence. *See* Fed. R. Civ. P. 56(a) The Court did not adopt this "heads-I-win, tails-you-lose" approach in the Scheduling Order. And Plaintiffs would not have agreed to forego introducing declarations and exhibits supporting their standing given Defendants' clear intention to move on that issue. *See* 6/18/25 Tr. 5:18–24 (noting the parties agreed to forego discovery as to Section 2(a) claims).

If any doubt remains that Plaintiffs complied with the Scheduling Order, this Court need only look to Intervenor-Defendant RNC's recent filing, which also introduces and cites declaration and exhibit evidence. *See* ECF Nos. 161-2, 161-4, 161-5; *see also* ECF No. 161-1 at 5–6 (citing earlier filed declaration). Like Plaintiffs, the RNC presumably introduced those materials to support their mandatory statement of undisputed material fact under Local Civil Rule 7(h)—a requirement that every party except Defendants has dutifully complied with. *See* ECF Nos. 145, 146, 161 (each including a Rule 7(h) statement); *but see* ECF No. 162 (failing to include a Rule 7(h) statement in support of Defendants' cross-motion). Once more, it is Defendants—not Plaintiffs—who have misconstrued the Scheduling Order and ignored the rules. Because Defendants' request rests *solely* on the erroneous notion that Plaintiffs have violated the Scheduling Order—rather than any other valid basis for an extension—it does not provide "good cause" for relief. Fed. R. Civ. P. 6(b)(1). It should therefore be denied.

**II.    Defendants' request contradicts their own repeated statements to this Court.**

Defendants' extension request not only misreads the Scheduling Order—it also runs contrary to their representations to this Court as to how the case should proceed. Defendants' gamesmanship further weighs against granting their requested extension.

As noted, the sole basis for their extension request is the misguided complaint that Plaintiffs improperly introduced declaration and exhibit evidence—record evidence that Defendants wish to either strike or obtain discovery on. *See* ECF No. 160 at 6; *see also* ECF No. 160-1 ("O'Hickey Decl."). Absent the Court denying or striking Plaintiffs' motions, Defendants now demand discovery regarding Plaintiffs' supporting materials. *See* O'Hickey Decl. ¶ 2. According to Defendants, they "have not been able to pursue this discovery to date because Plaintiffs agreed, and the Court ordered, that no discovery would be necessary for resolution of the parties' cross-motions for summary judgment" as to Section 2(a). *See* O'Hickey Decl. ¶ 3. Left unstated is that Defendants vigorously and consistently demanded that no discovery occur in these proceedings. On May 4, 2025, when the parties first conferred on discovery, counsel for the Defendants took the view that "because the claims in this case concern purely legal issues, we will not be able to agree to a scheduling proposal that provides for discovery." *See* Ex. A at 1, 3. Defendants then uniformly maintained that view on numerous occasions:

- "These claims present pure legal issues, which can be decided without discovery." ECF No. 119 at 5.

- "Discovery is thus an unnecessary precondition to filing summary-judgment motions in this case." *Id.* at 6.

- "Plaintiffs' claims challenging the Executive Order present pure legal issues . . . which can and should be decided without discovery." ECF No. 137 at 11.

At the June 18 scheduling conference, defense counsel yet again confirmed that Defendants intended to proceed without discovery. The Court began that conference by summarizing that "the

5

federal defendants intend to file their motion for summary judgment" on justiciability grounds and that Defendants "described it as presenting purely legal issues." 6/18/25 Tr. 6:7–20. Defense counsel confirmed as much but also went further, explaining that Defendants "would make [purely] legal arguments on the merits as well as [on] justiciability issues." *Id.* at 8:1–7. Later in the hearing, defense counsel reiterated "that it is the government's position that first and foremost that these are purely legal claims." *Id.* at 20:21–23. The Court thus confirmed that the Defendants intended to proceed based on theories that "don't need discovery, legally" including as "to [the] merits." *Id.* at 21:10–14. Defense counsel then twice confirmed Defendants' acceptance of these terms. *See id.* at 21:15-22:1. Counsel did so even after Plaintiffs indicated that they would "update [their] declarations" at summary judgment. *Id.* at 18:12–13. In fact, the Court indicated that *Defendants* could—at Phase II—support their own motions "with affidavits or competent evidence" and thus avoid "any discovery." *Id.* at 8:21–25. Defendants therefore had ample notice that Plaintiffs would support their Phase I motions with record evidence and that the Court did not consider declarations and other "competent evidence" at summary judgment to require further discovery. They then proceeded to repeatedly confirm that no discovery would be needed.

As the foregoing shows, Defendants have suffered no prejudice from Plaintiffs submitting basic and straightforward record evidence to support their Phase I motions and to comply with the applicable rules. Their attempts to create such prejudice run contrary to their own statements and representations to this Court and should be rejected.

## CONCLUSION

Defendants' motion for an extension should be denied.

Dated: August 12, 2025                              Respectfully submitted,

                                                   /s/ Aria C. Branch
                                                   **ELIAS LAW GROUP LLP**
                                                   Marc E. Elias (DC 442007)
                                                   Aria C. Branch (DC 1014541)
                                                   Lalitha D. Madduri (DC 1659412)
                                                   Christopher D. Dodge (DC 90011587)
                                                   Jacob D. Shelly (DC 90010127)
                                                   James J. Pinchak (DC 90034756)*
                                                   250 Massachusetts Ave. NW, Suite 400
                                                   Washington, DC 20001
                                                   T: (202) 968-4652

                                                   Tyler L. Bishop (DC 90014111)
                                                   1700 Seventh Ave. Suite 2100
                                                   Seattle, WA 98101
                                                   T: (206) 656-0177

                                                   *Counsel for the Democratic Party Plaintiffs*

                                                   *Admitted pro hac vice*

7