**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>      *Plaintiffs*,<br> v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>      *Defendants*. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>      *Plaintiffs*,<br> v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>      *Defendants*. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>      *Plaintiffs*,<br> v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>      *Defendants*. | Civil Action No. 25-0955 (CKK) |

**<u>LEAGUE AND LULAC PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION (ECF No. 160) TO STRIKE, DENY, OR DEFER CONSIDERATION OF PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RULE 56(d)</u>**

Plaintiffs League of Women Voters Education Fund, League of Women Voters of the United States, League of Women Voters of Arizona, Hispanic Federation, National Association for the Advancement of Colored People, OCA-Asian Pacific American Advocates, and Asian and Pacific Islander American Vote ("League Plaintiffs"), and Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association ("LULAC Plaintiffs") (collectively "Nonpartisan Plaintiffs"), respectfully oppose Federal Defendants' ("Defendants") Motion (ECF No. 160) to Strike, Deny, Or Defer Consideration Of Plaintiffs Motions For Partial Summary Judgment Pursuant To Rule 56(d).

## INTRODUCTION

In their Rule 56(d) motion, Defendants baselessly assert that the Nonpartisan Plaintiffs violated this Court's Scheduling Order (ECF No. 141) by attaching "extrinsic evidence" including exhibits and "twelve declarations" to their motion for partial summary judgment, as well as including a Statement of Undisputed Material Facts "relying on this extrinsic evidence." *See* ECF No. 160 at 4-5; *id.* at 4. Defendants further claim—four weeks after Plaintiffs' motion and the purportedly offending declarations were filed—that they were somehow "severely prejudiced" by this entirely ordinary and expected litigation conduct. ECF No. 160 at 6.

In fact, the Nonpartisan Plaintiffs have complied fully with both the letter and spirit of this Court's Scheduling Order, as well as all other applicable rules. At the summary judgment stage, Plaintiffs are required to establish their standing with "affidavits or other evidence [of] specific facts," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 563 (1992) (citation modified). Nonpartisan Plaintiffs' decision not to take discovery from Defendants did not waive Plaintiffs' right—or their

1

obligation—to submit evidence, including facts supporting Article III standing. Nothing in this Court's Scheduling Order (ECF No. 141) required otherwise.

Defendants' motion also flunks Rule 56(d)'s requirements. Rule 56(d) is designed to give a party more time for discovery when it truly lacks facts to oppose summary judgment. It is not a tool to reward inaction or demand a do-over of the litigation process. *See* 10 Wright, Miller & Kane's Federal Practice and Procedure § 2741 (3d ed. 1998). But that is precisely what Defendants seek: delay and the extraordinary step of striking portions of Nonpartisan Plaintiffs' motion for partial summary judgment.

Defendants' assertion of prejudice is also baseless. The Nonpartisan Plaintiffs have relied on essentially the same facts and legal theories to demonstrate their standing and the harm that Section 2(a) causes them at both the preliminary injunction and summary judgment stages. There is no surprise or gamesmanship in Nonpartisan Plaintiffs' conduct in this litigation. What is more, Defendants had been apprised of these facts and legal theories for months and yet—after declaring they needed no discovery—still fail to identify with specificity any discovery they would now pursue. Plaintiffs' choice to forgo discovery did not bind Defendants; they made their own choice, eyes wide open. Defendants made a rational litigation decision and chose to oppose Nonpartisan Plaintiffs' claims based only on legal arguments and facts already in their possession.[1]

Following extensive input from the parties, this Court entered a Scheduling Order that advances the public interest in having the legality of the challenged provisions of the Executive Order resolved promptly. That interest is substantial and will be prejudiced by any delay.

---

[1] Indeed, the Republican National Committee as Intervenor-Defendant likewise did not seek discovery, but that did not stop it from substantively responding to, and largely admitting, the facts contained in Nonpartisan Plaintiffs' Statement of Undisputed Material Facts. *See* ECF No. 161-5.

2

Defendants' Rule 56(d) motion is misleading, factually and legally baseless, and neither satisfies nor even attempts to meet the standards required under Rule 56(d).[2]

This Court should not delay consideration of Nonpartisan Plaintiffs' motions for partial summary judgment—let alone order the drastic relief of striking the Nonpartisan Plaintiffs' supporting declarations and exhibits. Nonpartisan Plaintiffs respectfully request that this Court reject Defendants' bid for needless, prejudicial delay and to deny their Rule 56(d) motion in its entirety.

## PROCEDURAL BACKGROUND

This case concerns Executive Order 14,248 issued on March 25, 2025, entitled "Preserving And Protecting The Integrity Of American Elections," 90 Fed. Reg. 14005 (Mar. 25, 2025). On April 7, 2025, the Nonpartisan Plaintiffs moved for a preliminary injunction as to Section 2(a) of the Executive Order, in which the President orders the Election Assistance Commission to amend the standardized national voter registration form to require documentary proof of U.S. citizenship.

In support of their motion for a preliminary injunction, including to show Article III standing and irreparable harm, Plaintiffs attached declarations from individuals regarding the Nonpartisan Plaintiffs organizations, their voter registration activities, and the harm that Section 2(a) of the Executive Order has imposed and would continue to impose on them and their members absent judicial relief. In opposing the motion for preliminary injunction, Defendants contested Plaintiffs' Article III standing and claims of irreparable harm. ECF No. 85 at 7-15, 20-22.

As relevant here, on April 24, 2024, this Court granted the motion for preliminary injunction as to Section 2(a). ECF No. 104. Based on the preliminary injunction record, the Court

---

[2] This is not the first time that Defendants have played fast and loose with the facts before this Court. *See League of United Latin Am. Citizens v. Exec. Off. of the President*, No. CV 25-0946 (CKK), 2025 WL 1187730, at *30 n.29 (D.D.C. Apr. 24, 2025); ECF 145-1 at 9 n.5.

3

held that "Nonpartisan Plaintiffs have shown a substantial likelihood that they have organizational standing to challenge the implementation of Section 2(a) of the Executive Order because that provision would directly interfere with their core activities, including providing voter registration services throughout the Nation." ECF No. 104 at 57. The Court further noted that "[e]ach of the Nonpartisan Plaintiffs has introduced evidence that registering eligible voters for federal elections is a core part of its mission." *Id.* at 57-58. The Court also held that "several Nonpartisan Plaintiffs have shown a substantial likelihood that they have associational standing to challenge Section 2(a) of the Executive Order because that provision would directly harm the concrete interests of their individual members in registering to vote and having their votes counted in upcoming federal elections." *Id.* at 60. The Court further noted that, at the preliminary injunction hearing, the Nonpartisan Plaintiffs had proffered that "they could, if required, produce a pseudonymous declaration from a member of the Arizona Students' Association showing that the declarant is eligible to vote but would have difficulty complying with a documentary-proof-of-citizenship requirement." *Id.*

Following the issuance of the preliminary injunction, the Court directed the parties to meet and confer to discuss the schedule for "further proceedings, including proposed briefing deadlines for dispositive motions and a proposed schedule for any discovery that may be necessary." Minute Order (Apr. 28, 2025). The parties did so and during the meet and confer process, counsel for Defendants orally stated that they did not plan to seek discovery from Nonpartisan Plaintiffs. Counsel for Defendants further confirmed this in writing to the Court on May 5, 2025, stating their position that "[d]iscovery is thus an unnecessary precondition to filing summary-judgment motions in this case." ECF No. 119 at 6. This Court then ordered the parties to file a Rule 16.3 Report and appear for an initial scheduling conference on June 18, 2025.

4

In the Rule 16.3 Report, all Plaintiffs agreed that their claims as to Section 2(a) of the Executive Order could proceed without discovery from Defendants. Defendants again declined to seek any discovery, stating that all of Plaintiffs' claims "can and should be decided without discovery." ECF No. 137 at 11; *see id.* at 15 (Defendants stating that "discovery is not necessary" because Plaintiffs raise "purely legal claims"). In the Report, Defendants requested that the Court set "one round of motions for summary judgment on all of Plaintiffs claims" with no discovery at all. *Id.* at 19.

Days later, at the scheduling conference held on June 18, the Court noted that "[n]o party seeks discovery regarding section 2A of the executive order[]" and that Defendants sought a single round of summary judgment briefing with no discovery. ECF No. 152-1 at 6:20-22 (Hearing Tr.). In a colloquy with counsel for Defendants, the Court made clear again that Defendants were not planning to seek discovery, intended to file their summary judgment briefing without discovery, and sought confirmation from them as to that understanding. *Id.* at 22:4-15 ("I understand your position. You think no discovery on any of it. . . you'll raise whatever issues legally with that that don't need discovery, legally. . . . Am I correct that's what you're doing?" "Yes, Your Honor."). Moreover, at the June 18 conference, counsel for the Nonpartisan Plaintiffs stated explicitly that Nonpartisan Plaintiffs would "want to update our declarations" as part of the summary judgment briefing on Section 2(a). Hearing Tr. at 19:11-14.

Consistent with the representations that all parties repeatedly made, the Court's June 20, 2025, Scheduling Order noted that the challenge to Section 2(a) could be "resolved without discovery," and directed that Plaintiffs' motions for summary judgment be filed by July 11, 2025. ECF No. 141 at 2. Plaintiffs filed their motions as directed on that date. Unsurprisingly, the Nonpartisan Plaintiffs' partial summary judgment filing included exhibits and declarations,

5

including declarations supporting their Article III standing and exhibits relevant to this Court's consideration of the factors for permanent injunctive relief. ECF No. 145. These exhibits and declarations largely mirror those submitted at the preliminary injunction stage. *See* ECF No. 34. The exhibits submitted include public documents created by the federal government. *See* ECF No. 145-16–21 & 145-31–37. And the declarations are substantially similar to those previously submitted at the preliminary injunction stage. *See* ECF No. 145-4–5; 145-7–11; 145-13–15; 145-21–27; 145-31; 145-33–34; 145-38–43.

## LEGAL STANDARD

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment, the court may defer or deny a motion summary judgment, allow time "to obtain affidavits or declarations or to take discovery" or issue any other appropriate order. Fed. R. Civ. P. 56(d).

To obtain relief pursuant to Rule 56(d), the movant must "submit an affidavit which 'states with sufficient particularity . . . why additional discovery is necessary.'" *Covertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) (quoting *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1045 (D.C. Cir. 2008) (citation modified)). A Rule 56(d) affidavit must satisfy three requirements. First, the affidavit must describe "the particular facts [the party] intends to discover and describe why those facts are necessary to the litigation." *Covertino*, 684 F.3d at 99. Second, it must explain why the party "could not produce [the facts] in opposition to the motion [for summary judgment]." *Id.* at 99-100 (quoting *Carpenter v. Fed. Nat'l Mortg. Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999)). And third, "it must show [that] the information is in fact discoverable." *Id*. Courts should "should carefully scrutinize a Rule 56(d) affidavit" to determine whether the movant has made the required,

particularized showings. *Davis v. Yellen*, No. 08-cv-447 (KBJ), 2021 WL 2566763, at *18 (D.D.C. June 22, 2021).

"A party cannot avoid summary judgment under Federal Rule of Civil Procedure 56(d) simply by claiming that it needs more time to discover facts to support its opposition." *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Castle Hill Health Care Providers, LLC*, 312 F.R.D. 678, 678-79 (D.D.C 2015). Instead "Rule 56(d) requires a party seeking relief under the rule to have shown diligence in pursuing discovery." *Id.* This is so because "Rule 56[d] is designed to minister to the vigilant, not to those who slumber upon perceptible rights." *Resolution Tr. Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994). As a result, courts in this "Circuit routinely deny Rule 56(d) Motions for lack of diligence." *Grimes v. Dist. of Columbia*, 308 F. Supp. 3d 93, 105 n.14 (D.D.C. 2018). In deciding whether to grant or deny a Rule 56(d) motion, the trial court's discretionary authority "is at its zenith." *U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19, 26 (D.C. Cir. 2014).

## ARGUMENT

Defendants all but admit that they cannot meet the standard required by Rule 56(d) and each of the *Covertino* factors, stating that they "need not establish the Rule 56(d) factors because Plaintiffs' Motions for Partial Summary Judgment violated the Scheduling Order by attaching extrinsic evidence." *See* ECF No. 160 at 4. But Plaintiffs did not "violate[]" the Scheduling Order and, to receive any relief, Defendants are indeed required to meet the standards required by Rule 56(d), which they did not and cannot do.

## I. Defendants' Motion Relies on an Elementary Misunderstanding of Federal Litigation.

At the threshold, Defendants' claim that Plaintiffs violated the Scheduling Order by doing what litigants routinely do on summary judgment—supporting their position with evidence—borders on the frivolous.

Plaintiffs are doing no more and no less than what the summary judgment rules permit (and in effect require) litigants to do at summary judgment, discovery or no. As every federal court litigant knows, factual matter, from a variety of sources, is a standard part of a summary judgment motion. Specifically, under Rule 56, "[a] party asserting that a fact cannot be or is genuinely disputed *must* support the assertion," and one of the ways it may do so is by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A) (emphasis added); *see also* LCvR 7(h) (requiring that a summary judgment motion "shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement").

Were there any doubt that such factual materials could include declarations obtained by the parties themselves—as distinct from materials produced in discovery such as deposition testimony and interrogatory answers—Rule 56 goes on to specify that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The Court's Scheduling Order did not purport to abrogate these rules, and the government cannot seriously claim that they do not apply. Thus, the main premise

8

of the government's motion is that Plaintiffs violate the Scheduling Order by adhering to the Federal Rules of Civil Procedure. To state that proposition is to refute it.

More broadly, the government seems to be equating a decision not to take discovery with a promise *not to rely on any facts at all*—an equivalence that any federal litigant can clearly see is bogus. If the absence of discovery defeated a party's ability to create the factual record needed to support its claims, courts would be unable to grant preliminary injunctions without discovery (contra the proceedings in this case, to which Defendants raised no procedural objection), nor could they grant class certification prior to discovery, contra *J.D. v. Azar*, 925 F.3d 1291, 1305, 1323 (D.C. Cir. 2019) (affirming a grant of class certification in such a posture). Indeed, on Defendants' logic, a party that went to trial without having taken discovery could not introduce any evidence there, either.

Thus, the basic premise of Defendants' motion is self-evidently wrong. Facts may be introduced in federal court in support of appropriate motions whether or not discovery has occurred. When a party claims it has not had sufficient opportunity for discovery, of course, there is a procedure to address that: Rule 56(d). But Defendants do not come close to meeting the requirements for relief under that rule.

## II. Defendants Do Not Meet the Requirements for Relief Under Rule 56(d).

To prevail on their Rule 56(d) motion, Defendants must at least identify the specific facts they seek and show why they could not produce them earlier. *See Covertino*, 684 F.3d at 99. Defendants did neither.

### A. Defendants Do Not Satisfy the Second *Covertino* Factor.

The second *Covertino* factor requires the Rule 56(d) movant to explain why it failed to get the requested discovery earlier. "At a minimum, to benefit from Rule 56(d), a party must show that

9

it has diligently pursued discovery." *Castle Hill*, 312 F.R.D. at 683; *see* 10 Wright, Miller & Kane's Federal Practice and Procedure § 2741 (3d ed. 1998). Because prior to this point, "[d]efendants made no effort to take discovery"—and indeed affirmatively disclaimed any desire to do so—relief under Rule 56(d) is improper. *Castle Hill*, 312 F.R.D. at 684.

Defendants, represented by the U.S. Department of Justice, made a litigation choice. They chose not to take discovery, after repeated discussion with the Nonpartisan Plaintiffs and this Court on that very topic. Defendants also made that choice well aware (based on the preliminary injunction record) of the facts upon which the Nonpartisan Plaintiffs would rely on. Plaintiffs did not trick sophisticated Defendants and their counsel into making this decision or somehow "violate" this Court's Scheduling Order by providing evidentiary support for their motion for partial summary judgment. Counsel for the Nonpartisan Plaintiffs stated at the scheduling hearing that the Plaintiffs would "want to update our declarations" as part of the summary judgment briefing on Section 2(a) of the Executive Order. Hearing Tr. at 19:11-14.

Indeed, nine of the twelve declarations in support of Plaintiffs' summary judgment motion are from the same declarants as included with their motion for preliminary injunction. ECF No. 145-5; 145-7–11; 145-13–15. Each summary judgment declaration is substantively similar to the prior submission at the preliminary injunctions stage, updated mainly to reflect the passage of time, along with two pseudonymous Doe declarations. *See id.*; ECF No. 145-12; 145-29–30.[3] One of these Doe declarations had been explicitly discussed at the preliminary injunction hearing, and the Federal Defendants consented to the filing of both declarations under pseudonyms. ECF No. 145-

---

[3] In one instance, a different individual declarant provided the declaration for the organizational plaintiff Hispanic Federation at the summary judgment stage as compared to the preliminary injunction stage. The substantive content of the declarations regarding the Hispanic Federation's voter registration efforts and injury caused by Section 2(a) of the Executive Order remained materially the same. *Compare* ECF 145-12 (Exhibit 9), *with* ECF 34-20 (Exhibit 19).

10

6 at 96; ECF No. 144. And nearly all of the exhibits that the Nonpartisan Plaintiffs attached to their motion for partial summary judgment are publicly available documents created by the federal government. *See* ECF No. 145-16–21; 145-31–37.

At the summary judgment stage, Plaintiffs are *required* to establish their standing with "affidavit[s] or other evidence [of] specific facts," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (cleaned up). It is thus only common sense that motions for summary judgment include "exhibits," such as "declarations," *id.*, and indeed it is expressly provided for in the Federal Rules. Fed. R. Civ. P. 56(c).[4] Moreover, the local rules also mandate that a motion for summary judgment "shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." LCvR 7(h).[5]

Based on the record evidence that they have submitted, the Nonpartisan Plaintiffs have demonstrated organizational and associational standing "with the manner and degree of evidence required" at the summary judgment phase of litigation. *Lujan*, 504 U.S. at 561. Defendants are free to—and indeed have—contested as a matter of law in their summary judgment opposition the adequacy of the record that Plaintiffs have submitted. ECF No. 162-1 at 14-18. But when they had the opportunity to do so, Defendants chose not to seek to create factual disputes regarding the record that Plaintiffs submitted. That is a commonplace litigation choice (*i.e.*, to rely on legal

---

[4] Intervenor-Defendant RNC shared none of the Defendants' apparent confusion about this requirement. In support of its Cross Motion for Summary Judgment, Intervenor-Defendant attached a declaration and twelve other pieces of "extrinsic evidence." ECF No. 161-2. Defendants have not moved to strike this motion for purported failure to comply with the Scheduling Order or the rules.

[5] At the same time that they complain of purported rules violations by Plaintiffs, Defendants' cross-motion for partial summary judgment fails to include a statement of material facts, as required by the local rules. *See* LCvR 7(h).

11

arguments to contest standing rather than factual ones), even if it is one Defendants now wish to replay.

At this point in the litigation, however, Defendants are not entitled to subject Plaintiffs and the public to baseless delay in obtaining permanent relief by using their strategic choices to manufacture a disputed counter-set of facts. Plaintiffs submitted a substantially similar record at the preliminary injunction phase demonstrating their associational and organizational standing sufficient to challenge Section 2(a) of the Executive Order. Based on the Scheduling Order and litigation decisions that all parties previously made, the Court must accept the undisputed, material facts that the Nonpartisan Plaintiffs have put forth as true and decide whether they are legally sufficient to entitle Plaintiffs to relief as to their Section 2(a) claims. *Ali v. Regan*, 111 F.4th 1264, 1273 (D.C. Cir. 2024) (explaining that a court should grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law") (quoting Fed. R. Civ. P. 56(a)).

Defendants' claim of prejudice is also belied by the opposition that they submitted. Defendants' response to Plaintiffs' statement of undisputed material facts repeatedly asserts the same non-responsive objection. *See, e.g.*, ECF No. 163-1 at 8–9 ("This purportedly material fact relies on information in Plaintiffs' custody and control. Because Defendants did not have an opportunity for discovery to investigate these facts, they lack the ability to determine whether these facts are in dispute . . . ."). Of course, any such inability is entirely of Defendants' own making as they chose not to take discovery. But regardless, Defendants have not shown that they had to "devote[] substantial time, resources, and attention" to providing such boilerplate non-responses. ECF No. 164 at 4.

12

## B. Defendants Do Not Satisfy the First *Covertino* Factor.

Under the first *Covertino* factor, a Rule 56(d) movant must "state concretely why additional discovery is needed." *Folliard*, 764 F.3d at 23 (citation omitted). Parties cannot merely "recite broad categories of information" as to which they seek discovery. *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 532 (D.C. Cir. 2019). Moreover, if a court's resolution "of the [summary-judgment] motion would not change even if the responding party successfully discovered all the information it sought in its Rule 56(d) affidavit, then the party has not shown why additional discovery is necessary." *United States v. Bolton*, 514 F. Supp. 3d 158, 166 (D.D.C. 2021).

The declaration proffered by Defendants fails to meet this standard. It states that Defendants seek "an opportunity to [take] discovery, including as to Plaintiffs' alleged standing and irreparable harm that purportedly entitles them to permanent injunctive relief on Section 2(a) of the Executive Order." ECF No. 160-1 at 2, ¶ 2. The declaration states that "Defendants intend to seek discovery of Plaintiffs, particularly their declarants, including but not limited to the issues of ripeness, standing (individual, organizational, and association), and irreparable harm." *Id.* at 4, ¶ 8. No further particularity is provided as to the information sought. This is plainly insufficient: a Rule 56(d) affidavit may not simply "recite broad categories of information" such as standing and irreparable harm. *Haynes.*, 924 F.3d at 532.

Defendants have neither identified any specific as-yet-to-be-discovered facts with particularity, nor articulated why they matter. That is fatal to their motion. *See Byrd v. U.S. Envtl. Prot. Agency*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999) ("Byrd [must] show what facts he intended to discover that would create a triable issue[.]"). Defendants' vague statements that they wish to inquire into "harm," "ripeness" "standing (individual, organizational, and associational)" are

13

patently inadequate. Defense counsel's declaration is silent as to what facts Defendants seek to discover under these broad categories, how any specific facts are relevant to contesting any one of the Nonpartisan Plaintiffs proffered undisputed material facts, and how such newly discovered information would be outcome determinative in Defendants' favor. *Est. of Parsons v. Palestinian Auth.*, 715 F. Supp. 2d 27, 35 (D.D.C. 2010) (explaining that a Rule 56(d) affidavit "must demonstrate that further specified discovery will defeat a summary judgment motion") (citation omitted), *aff'd*, 651 F.3d 118 (D.C. Cir. 2011).

Take Defendants request for discovery on "standing (individual, organizational, and associational)." ECF No. 160-1 at 4. The Nonpartisan Plaintiffs' legal theories of and factual support for organizational and associational standing have been detailed at length in the preliminary injunction and summary judgment filings. ECF Nos. 34-1, 96 & 145-1. Since April 24, 2025, Defendants have also had the benefit of the Court's preliminary injunction opinion setting out how the Court will address standing. ECF No. 104 at 40-48, 57-66. But even as they contest standing as a matter of law in their summary judgment opposition, in their Rule 56(d) motion, Defendants fail to identify any factual detail that they seek to discover or contest that would change the outcome as to whether each Plaintiff has shown Article III injury. Moreover, to show an outcome determinative dispute on standing, Defendants' burden is especially steep. If one plaintiff has standing to sue on a claim, the Court "need not consider whether the other . . . plaintiffs have standing to maintain the suit." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 n.9 (1977); *see also Dep't of Com. v. New York*, 588 U.S. 752, 766 (2019) ("For a legal dispute to qualify as a genuine case or controversy, at least one plaintiff must have standing to sue."). Defense counsel's declaration is similarly perfunctory, vague and therefore inadequate with respect to Defendants' desire for discovery as to "ripeness" and "harm." ECF No. 160-1 at 4. No

14

particular facts or disputes are identified, nor is there any explanation of how such discovery could show that this case is not ripe, nor that the Nonpartisan Plaintiffs have not and will not suffer cognizable harm.

Finally, to the extent that Defendants may claim in reply that they simply seek to test the credibility or veracity of the Nonpartisan Plaintiffs' declarations, that too fails. Where a Rule 56(d) movant "offers no reason to doubt [the declarants'] veracity, discovery under [Rule 56(d)] may not be used to test [their] credibility." *Citizens for Responsibility and Ethics in Wash. v. Leavitt*, 577 F. Supp. 2d 427, 434 (D.D.C. 2008) (citation modified); *see also Strang v. U.S. Arms Control and Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989) (holding that the plaintiff's statements that "discovery 'would be invaluable in this case' and would give her 'an opportunity to test and elaborate the affidavit testimony already entered'" were too "vague" to require the district court to deny summary judgment).

## CONCLUSION

Plaintiffs filed their motions for partial summary judgment on a schedule agreed to by all parties and entered by this Court nearly two months ago. Defendants had the opportunity to read and brief the same arguments—supported by very similar evidence—at the preliminary injunction stage. Because Defendants have failed to show any entitlement to relief under Rule 56(d), the Nonpartisan Plaintiffs respectfully request that the motion for Rule 56(d) relief be denied.

Dated: August 15, 2025

Respectfully submitted,

/s/ Norman L. Eisen
Norman L. Eisen (D.C. Bar No. 435051)
Tianna J. Mays (D.C. Bar No. 90005882)
Pooja Chaudhuri (D.C. Bar No. 888314523)
Sofia Fernandez Gold (D.C. Bar No. 90010196)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org
pooja@statedemocracydefenders.org
sofia@statedemocracydefenders.org

*Counsel for Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students Association*

Wendy R. Weiser*
Sean Morales-Doyle*
Eliza Sweren-Becker*
Jasleen K. Singh*
Andrew B. Garber*
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
weiserw@brennan.law.nyu.edu
morales-doyles@brennan.law.nyu.edu
sweren-beckere@brennan.law.nyu.edu
singhj@brennan.law.nyu.edu

/s/ Danielle Lang
Danielle Lang (D.C. Bar No. 1500218)
Jonathan Diaz (D.C. Bar No. 1613558)
Robert Brent Ferguson (D.C. Bar No. 1782289)
Anna Baldwin (D.C. Bar No. 998713)
Heather Szilagyi (D.C. Bar No. 90006787)
Benjamin Phillips (D.C. Bar No. 90005450)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
bphillips@campaignlegalcenter.org

/s/ Sophia Lin Lakin
Sophia Lin Lakin*
Ethan Herenstein*
Jonathan Topaz*
Clayton Pierce*
Davin Rosborough*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
eherenstein@aclu.org
jtopaz@aclu.org

garbera@brennan.law.nyu.edu

Leah C. Aden*
John S. Cusick*
Brenda Wright*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
jcusick@naacpldf.org
bwright@naacpldf.org

Miranda Galindo*
Cesar Z. Ruiz*
Delmarie Alicea*
LATINO JUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
mgalindo@latinojustice.org
cruiz@latinojustice.org
dalicea@latinojustice.org

Niyati Shah (D.C. Bar No. 1659560)
Alizeh Ahmad (D.C. Bar No. 90018919)
ASIAN AMERICANS
ADVANCING JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, D.C. 20036
(202) 296-2300
nshah@advancingjustice-aajc.org
aahmad@advancingjustice-aajc.org

cpierce@aclu.org
drosborough@aclu.org

Megan C. Keenan (D.C. Bar No. 1672508)
Sarah Brannon (D.C. Bar No. 90024493)
Adriel I. Cepeda Derieux (D.C. Bar No. 90026636)
Jacob Van Leer (D.C. Bar No. 1742196)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20001
(740) 632-0671
mkeenan@aclu.org
sbrannon@aclu.org
acepedaderieux@aclu.org
jvanleer@aclu.org

Michael Perloff (D.C. Bar No. 1601047)
Scott Michelman (D.C. Bar No. 1006945)
Aditi Shah (D.C. Bar No. 90033136)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
OF THE DISTRICT OF COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
mperloff@acludc.org
smichelman@acludc.org
ashah@acludc.org

*Counsel for Plaintiffs League of Women Voters Education Fund, League of Women Voters of the United States, League of Women Voters of Arizona, Hispanic Federation, National Association for the Advancement of Colored People, OCA-Asian Pacific American Advocates, and Asian and Pacific Islander American Vote*

*Admitted pro hac vice