# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al.,<br><br>        Defendants. | Civil Action No. 25-cv-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>        Defendants. | Civil Action No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>        Defendants. | Civil Action No. 25-cv-0955 (CKK) |

**DEMOCRATIC PARTY PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE, DENY, OR DEFER CONSIDERATION OF PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 160)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................ 2

      I.      Defendants have consistently demanded that there should be no discovery in this case, even while contesting Plaintiffs' standing, thus requiring Plaintiffs to build a record in response. ................................................. 2

      II.     Democratic Party Plaintiffs filed their Phase I summary judgment motion in compliance with the Scheduling Order and applicable rules. ................................ 6

      III.    Defendants demanded discovery on justiciability issues for the first time on the day their Phase I response was due, while also seeking to delay Phase II. ........ 7

LEGAL STANDARD ..................................................................................................... 10

ARGUMENT ................................................................................................................ 11

      I.      There is no basis to strike or deny Democratic Party Plaintiffs' motion for partial summary judgment. .................................................................... 11

      II.     Defendants are not entitled to relief under Rule 56(d), and the Court should not allow discovery under it or any other rule. .................................... 14

CONCLUSION ............................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Beattie v. Madison Cnty. Sch. Dist.*,
  254 F.3d 595 (5th Cir. 2001) ........................................................................ 15

*Berkeley v. Home Ins. Co.*,
  68 F.3d 1409 (D.C. Cir. 1995) .......................................................... 11, 14, 16

*Brown v. Ramsay,*
  No. 18-10279-CV, 2025 WL 1571661 (S.D. Fla. May 30, 2025) ..................... 12

*Canady v. Erbe Elektromedizin GmbH,*
  384 F. Supp. 2d 176 (D.D.C. 2005) ............................................................... 13

*\*Convertino v. U.S. Dep't of Justice,*
  684 F.3d 93 (D.C. Cir. 2012) .................................................................. 14, 17

*Davis v. Ashcroft,*
  No. CIV.A.01-331 (RBW), 2003 WL 25665777 (D.D.C. Aug. 19, 2003).......... 15

*Davis v. Yellen,*
  No. 08-CV-447 (KBJ), 2021 WL 2566763 (D.D.C. June 22, 2021) ................. 16

*Frank v. Autovest, LLC,*
  961 F.3d 1185 (D.C. Cir. 2020) ..................................................................... 16

*Greenlaw v. United States,*
  554 U.S. 237 (2008) ................................................................................. 2, 18

*Grimes v. D.C.,*
  308 F. Supp. 3d 93 (D.D.C. 2018) ................................................................. 15

*Haynes v. D.C. Water & Sewer Auth.,*
  924 F.3d 519 (D.C. Cir. 2019) ...................................................................... 17

*Kakeh v. United Plan. Org., Inc.,*
  537 F. Supp. 2d 65 (D.D.C. 2008) ................................................................. 15

*Maalouf v. Islamic Republic of Iran,*
  923 F.3d 1095 (D.C. Cir. 2019) ..................................................................... 18

*Ng v. Lahood,*
  952 F. Supp. 2d 85 (D.D.C. 2013) ................................................................. 11

*Rahimi v. Weinstein*,
    No. CV 16-1173, 2020 WL 1873588 (D.D.C. Apr. 15, 2020) ........................................... 12

*Resolution Trust Corp. v. North Bridge Associates, Inc.*,
    22 F.3d 1198 (1st Cir. 1994) ................................................................................. 14

*\*Rowland v. Walker*,
    245 F. Supp. 2d 136 (D.D.C. 2003) ....................................................................... 14

*Sacchetti v. Gallaudet Univ.*,
    344 F. Supp. 3d 233 (D.D.C. 2018) ............................................................ 10, 12, 13

*\*Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Castle Hill Health Care
    Providers, LLC*,
    312 F.R.D. 678 (D.D.C. 2015) ................................................................ 2, 14, 15, 17

*Smith v. Ergo Sols., LLC*,
    No. CV 14-382 (JDB), 2019 WL 147718 (D.D.C. Jan. 9, 2019) ................................. 12

*Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*,
    647 F.2d 200 (D.C. Cir. 1981) .......................................................................... 10, 13

*\*U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*,
    764 F.3d 19 (D.C. Cir. 2014) ...................................................................... 10, 11, 17

*\*Waggel v. George Washington Univ.*,
    No. CV 16-1412 (CKK), 2018 WL 5893346 (D.D.C. Nov. 9, 2018) ........................ 10, 13

**Federal Rules**

D.D.C. Rule 7(h) ......................................................................................... 1, 7, 8, 11

Fed. R. Civ. P. 56 ........................................................................................... *passim*

Fed. R. Civ. P. 56, advisory committee's note to 2010 amendments ............................ 13

Fed. R. Civ. P. tit. V ............................................................................................ 12

**Other Authorities**

Wright & Miller, 10B Fed. Prac. & Proc. Civ. § 2741 (4th ed.) ................................... 15

## INTRODUCTION

From the beginning of this case, Defendants repeatedly and consistently insisted this matter presents "pure legal issues" that "can and should be decided without discovery." ECF No. 137 at 11. Thus, when Democratic Party Plaintiffs proposed a condensed discovery period scheduled to finish in early September, *see* ECF No. 119 at 3, Defendants rejected the proposal out of hand, maintaining this entire case "can be decided without discovery," *id.* And when the parties met with the Court to confer on this issue, the Court correctly stated Defendants' position as "no discovery on any of it." ECF No. 151-1 ("6/18/24 Tr.") at 21:4–5. The parties agreed on a summary judgment schedule, the Court entered that schedule, and Plaintiffs complied with it, filing their motion for summary judgment on their challenge to Section 2(a) on the agreed-to deadline.

Months after agreeing to the scheduling order, and on the deadline for Defendants' Phase I summary judgment response, Defendants completely changed their tune. Now, they insist that they need "fulsome discovery" into Plaintiffs' standing and other justiciability issues and that the Court should therefore either delay resolving Plaintiffs' motions, or strike or deny them altogether. But the issues that Defendants now claim they must examine in discovery have been in dispute from the beginning of this case. Defendants were not only aware that these threshold issues would be contested—their own lawyers raised them—they were also aware that Plaintiffs intended to address those issues by attaching declarations to their motions, as they stated on the record in court. Democratic Party Plaintiffs in fact filed the exact same declarations they previously filed at the preliminary injunction stage. Further still, every single attachment to Democratic Party Plaintiffs' summary judgment motion is either material that had previously been filed on the docket, a government record, or publicly available information. None of this should surprise to Defendants—the Local Rules expressly *require* the submission of a statement of facts supported by record evidence at summary judgment. *See* LCvR 7(h). The Federal Rules similarly require

1

parties to provide "declarations" and exhibit "materials" when asserting that a "fact cannot be . . . genuinely disputed." Fed. R. Civ. P. 56(c)(1). Defendants' newly devised grievance both ignores this history and fundamentally misunderstands the Court's order and the governing rules.

Nor have Defendants offered any cause to delay resolution of Phase I briefing to allow discovery they repeatedly declined to take. Federal Rule of Civil Procedure 56(d) permits such relief only to parties that are "vigilant" in seeking discovery—"not to those who slumber upon perceptible rights." *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Castle Hill Health Care Providers, LLC*, 312 F.R.D. 678, 684 (D.D.C. 2015) (quoting *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994)). Defendants had every reason to know that "issues of ripeness, standing . . . and irreparable harm" might be in dispute in this case. *See* ECF No. 160-1 ¶ 8. Indeed, they raised those issues themselves months ago. *See* ECF No. 84 at 9– 22. Defendants should not be permitted to backtrack on those representations now, delaying this carefully staged litigation and Plaintiffs' ability to obtain final relief on all claims.

Our legal system rests on the assumption that "parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Greenlaw v. United States*, 554 U.S. 237, 244 (2008) (citation omitted). Defendants have no right to delay this case in search of a do-over of their own strategic choice to limit discovery. Their motion should be denied.

## BACKGROUND

I.     **Defendants have consistently demanded that there should be no discovery in this case, even while contesting Plaintiffs' standing, thus requiring Plaintiffs to build a record in response.**

From the start of this case, Defendants have made clear that they would challenge Democratic Party Plaintiffs' standing to seek relief from President Trump's Executive Order. Indeed, Defendants presented standing as the lead argument in their brief opposing preliminary relief and devoted more space to standing than to the merits. *See* ECF No. 84 at 9–22. Anticipating

this argument, Democratic Party Plaintiffs provided declarations on behalf of their six plaintiffs detailing the facts supporting their standing. *See* ECF No. 53, Exs. 1–6. Democratic Party Plaintiffs also included exhibit evidence explaining how Section 2(a)'s documentary proof of citizenship (DPOC) requirement would harm groups of voters who tend to support Democratic Party candidates. *See id.*, Exs. 9, 10.[1] In short, it has been clear since the beginning of this case that Defendants intended to rely heavily on standing and justiciability arguments to oppose relief, and that—in turn—Democratic Party Plaintiffs would have to present a factual record supporting their standing. Yet Defendants have consistently argued that there should be no discovery in this matter.

After the Court resolved the Plaintiffs' preliminary injunction motions, it ordered the parties to meet and confer to discuss "a schedule for further proceedings," including as to "a proposed schedule for any discovery that may be necessary." April 28, 2025, Minute Order. From the start of the conferral process, Defendants took the position that "because the claims in this case concern purely legal issues," they would not "agree to a proposal that provides for discovery." ECF No. 167-1 at 3; *see also id.* at 2 ("Defendants will not reconsider their position on discovery"); *id.* at 1 ("maintain[ing] that no discovery is necessary"). Defendants could not have made their view clearer in the parties' joint filing, in which they stated: "These claims present pure legal issues, which can be decided without discovery." ECF No. 119 at 5.

Because the parties "dispute[d] whether discovery is necessary in this case," the Court ordered them to meet and confer again and then file a Rule 16.3 report "identify[ing] the subject matter of any proposed discovery," the challenged provisions of the Executive Order "to which

---

[1] Ultimately, the Court concluded that Democratic Party Plaintiffs had "shown a substantial likelihood of standing to challenge the implementation of Section 2(a) of the Executive Order." ECF No. 104 at 57. The Court further found that, if implemented, Section 2(a) would harm Democratic Party Plaintiffs' members and harm their ability to compete in elections. *Id.* at 63.

the proposed discovery would be relevant," and "a discovery plan outlining how Plaintiffs propose to obtain the relevant information." ECF No. 122 at 2. In the ensuing Rule 16.3 report, Democratic Party Plaintiffs made clear that they believed "discovery is necessary as the case moves beyond the preliminary relief phase" and requested "four (4) months" of discovery "to facilitate the development of their claims ahead of their motion for summary judgment." ECF No. 137 at 2. Democratic Party Plaintiffs agreed that "[n]o discovery [was] needed" for them to pursue summary judgment as to Section 2(a), which the Court had already enjoined. *Id.* at 5. Defendants, however, again disclaimed the need for any discovery on any topic. *See id.* at 11 ("Plaintiffs' claims challenging the Executive Order present pure legal issues . . . which can and should be decided without discovery."); *id.* at 15 ("[D]iscovery is not necessary on these purely legal claims").

The Court held a conference on June 18 to resolve the parties' competing views on discovery. At the outset, the Court noted Plaintiffs' desire to take discovery and bifurcate summary judgment briefing into two rounds. *See* 6/18/24 Tr. 4:17–5:6. In contrast, the "federal government defendants oppose[d] the plaintiffs' request for discovery." *Id.* at 5:10–11. As the Court (correctly) understood it, Defendants wished to "file [a] motion for summary judgment . . . presenting purely legal issues" that they believed could fully resolve the case. *Id.* at 6:8–9. The Court recognized the parties "agree[d]" that no further discovery was required regarding Section 2(a), however, as that provision was enjoined from going into effect. *Id.* at 5:21–22. When asked to confirm this summation, defense counsel promptly acknowledged Defendants' forthcoming motion would "make legal arguments on the merits as well as justiciability issues that . . . would resolve th[e]se claims." *Id.* at 8:5–7. In other words, as the Court put it, Defendants planned "to file a motion for summary judgment across the board" based on legal issues not requiring discovery. *Id.* at 8:9–11.

The Court then set forth its proposal for a multi-phase summary judgment schedule, beginning with a round of briefing on Section 2(a), followed by limited discovery into the contours of agency implementation efforts—discovery necessary to resolve Defendants' justiciability arguments, which would constitute the second round of briefing. Democratic Party Plaintiffs' counsel accepted the proposal but noted the importance of receiving "sufficient" discovery from Defendants about the "contours of public policy." *Id.* at 14:12–16; *see also id.* at 17:18–23. Counsel for Nonpartisan Plaintiffs also accepted the Court's proposal, noting Plaintiffs would likely "update our declarations" as part of the "2A briefing." *Id.* at 18:11–14. Defendants were thus on notice that: (1) Phase I opening briefs would be accompanied by declarations like those included at the preliminary injunction stage; and (2) Democratic Party Plaintiffs would require some discovery concerning Defendants' implementation efforts to brief justiciability issues Defendants intended to raise.

When it came time for Defendants to speak, defense counsel yet again stated that "it is the government's position that first and foremost that these are purely legal claims" and that no discovery was needed. *See id.* at 20:21–21:3. The Court aptly summarized the Defendants' view: "no discovery on any of it." *Id.* at 21:4–5. It acknowledged Defendants had already "raised [justiciability issues]" and that they would again "raise whatever issues legally . . . that don't need discovery, legally," including on the "merits." *Id.* at 21:10–13. At no time did Defendants' counsel object to Plaintiffs' plan to include declarations at summary judgment, nor did Defendants' counsel request to take discovery from Plaintiffs, including as to standing or any other justiciability issues the Defendants clearly intended to raise. The Court subsequently issued an order memorializing the agreed schedule and rules. *See* ECF No. 141 (Scheduling Order).

In sum, on at least four separate occasions—during the conferral process, in the parties'
joint proposed case schedule, in the Rule 16.3 report, and during the June 18 conference—
Defendants expressly disclaimed a desire to take or provide discovery, notwithstanding the parties'
obvious dispute over standing and other justiciability issues.

## II.    Democratic Party Plaintiffs filed their Phase I summary judgment motion in compliance with the Scheduling Order and applicable rules.

Democratic Party Plaintiffs filed their opening Phase I summary judgment motions,
concerning their *ultra vires* and separation of powers challenges to Section 2(a), on July 11, 2025,
"[c]onsistent with the Scheduling Order." Mot. at 3; *see also* ECF No. 146 (Democratic Party
Plaintiffs' Phase I motion for summary judgment).[2] Democratic Party Plaintiffs also attached a
declaration from each individual and organizational plaintiff—carbon copies of the six
declarations they had previously included alongside their preliminary injunction motion. *Compare*
ECF No. 146-3, Exs. 1–6 (declarations from each Democratic Party Plaintiffs) *with* ECF No. 53,
Exs. 1–6 (identical declarations). Indeed, Democratic Party Plaintiffs' cover declaration expressly
stated these declarations were "identical" to those previously filed. *See* ECF No. 146-3 ¶¶ 4–9.

In addition to reattaching these declarations, Democratic Party Plaintiffs filed a handful of
publicly available documents, largely comprised of government records, establishing basic facts
about things like REAL ID, Enhanced Driver's Licenses, military identification, and the cost of
obtaining such identification. *See* ECF No. 146-2 ¶ 7–8 (citing several exhibits for the basic
proposition that REAL IDs do not establish citizenship, while relatively few states offer Enhanced

---

[2] As will be explained in greater detail in their forthcoming Phase I responses, Democratic Party
Plaintiffs did not move on their APA claims challenging Section 2(a) because no administrative
record has yet been produced and those claims likely require factual development. Accordingly,
they are more properly addressed (if necessary) during Phase III.

Driver's Licenses that establish citizenship); *id.* ¶ 9 (similar as to military IDs). Several other exhibits described the Republican Party's narrow control of the U.S. House of Representatives— an uncontestable fact that is relevant to Democratic Party Plaintiffs' competitive injury. *See id.* ¶ 28. Also on injury, Democratic Party Plaintiffs offered several exhibits showing that specific groups of voters who tend to support the Democratic Party—women and lower-income voters— have greater difficulty complying with DPOC requirements. *Id.* ¶¶ 32, 33. Finally, several exhibits consisted of Defendants' own materials, such as the EAC's national voter registration form and a letter from the EAC's director revealing efforts to implement Section 2(a). *See id.* ¶¶ 10, 45–47.

In short, every attachment to Democratic Party Plaintiffs' motion is either publicly available information, a government record, or material already available on the docket; not a single document was previously unavailable to Defendants. Democratic Party Plaintiffs included these basic materials for a simple reason—this Court's rules require it. At summary judgment, a moving party must include "a statement of material facts . . . which shall include references to the parts of the record relied on to support the statement." LCvR 7(h). Given the lack of discovery materials, Plaintiffs submitted declarations and exhibits to supply the necessary "record" required to comply with Local Civil Rule 7(h). The Federal Rules make plain that such "declarations" and exhibit "materials" are not merely suitable for creating a record—they are required when a party asserts that a "fact [] cannot be . . . genuinely disputed" at the summary judgment stage. Fed. R. Civ. P. 56(c)(1).

## III.   Defendants demanded discovery on justiciability issues for the first time on the day their Phase I response was due, while also seeking to delay Phase II.

Nearly a month later—on the day Defendants' Phase I response brief was due—counsel for Defendants sent Plaintiffs an email complaining that they had to "exhaust significant resources and time opposing Plaintiffs' putative Statements of Facts" and that they planned to move to strike

the entirety of Plaintiffs' motions for summary judgment. *See* Ex. A. Defense counsel's email suggested that the statement of facts was improper because "the parties agreed that no discovery would be necessary to resolve Plaintiffs' challenges to EO Section 2(a)." *Id.* But that assertion was unexplained and unsubstantiated, particularly since Democratic Party Plaintiffs' statement of facts merely cited already-filed declarations and a handful of public documents containing largely uncontestable facts. None had been produced in response to a document request, attached to an interrogatory response, or provided in response to a request for admission. Nowhere did Defendants' email explain why such unremarkable materials necessitated discovery when they had previously argued against discovery at every turn. The email also did not grapple with the fact that the Local Rules unambiguously require a statement of facts with every summary judgment motion. *See* LCvR 7(h)(1) ("Each motion for summary judgment shall be accompanied by a statement of material facts . . .").[3] Nor did counsel explain how responding to Democratic Party Plaintiffs' statement of facts was burdensome—an implausible claim given that Defendants enjoyed "ample time to brief the issues presented." August 12, 2025, Minute Order. Finally, nowhere did counsel explain why they waited a full four weeks—and until the day their response was due—to raise this issue, without any prior effort at conferral.[4]

The responses that Defendants did provide to Democratic Party Plaintiffs' statement of facts consisted largely of boilerplate, "recurring objections," *see* ECF No. 163-1, a response not permitted by the Local Rules, *see* LCvR 7(h)(1) (explaining a response to a statement of facts

---

[3] Defendants are the only party to date that have failed to supply such a mandatory statement of facts alongside their motion for summary judgment. *See* ECF No. 162 (failing to include a Rule 7(h) statement alongside motion for summary judgment).

[4] Ironically, Defendants spent a substantial portion of these four weeks categorically refusing to provide discovery on issues relevant to justiciability. *See* ECF No. 154.

should identify whether "there exists a genuine issue necessary to be litigated" and "shall include references to the parts of the record relied on to support th[at] statement"). Defendants' also serially objected that that Defendants "did not have an opportunity for discovery to investigate" Plaintiffs' standing facts, *e.g.*, ECF No. 163-1 ¶¶ 16–27, 29–32, 34–44 (as to Democratic Party Plaintiffs' statement of fact)—ignoring both that these were the same facts Democratic Party Plaintiffs put forward at the preliminary injunction stage and that Defendants repeatedly chose not to seek discovery on them. The RNC, in contrast, had no apparent issue responding to Democratic Party Plaintiffs' statement of facts. *See* ECF No. 161-4. In fact, it agreed with nearly all the facts put forward, responding that 36 out of 50 paragraphs were "undisputed," and only "partially disput[ing]" another five. *See* ECF No. 161-4 (RNC only fully "disputing" nine out of 50 paragraphs in Democratic Party Plaintiffs' statement of facts).

Despite their inchoate criticisms of Plaintiffs' statement of facts, Defendants now request drastic relief—the denial of Democratic Party Plaintiffs' motion for summary judgment or its resubmission without any factual record or, alternatively, deferring the motion "until Defendants have had the opportunity to take fulsome discovery." Mot. at 6. Defendants' new demand for "fulsome discovery," *see id.*, apparently includes "interrogatories, requests for production, and depositions of some or all of Plaintiffs' fact declarants," ECF No. 160-1 ¶ 8. Defendants make no attempt to square this newfound request for "fulsome discovery" with their prior insistence that no discovery occur whatsoever. Nor do they explain why Plaintiffs should be forced to resubmit their motions without record support given Defendants' obvious intention to challenge standing, *see* ECF No. 162-1 at 14–18 (arguing Plaintiffs lack standing to challenge Section 2(a)), or how their demands can be reconciled with the clear requirements of Local Civil Rule 7(h).

Finally, Defendants paired their motion to strike with a request to delay their Phase II summary judgment motion, allegedly due to the loss of time spent responding to Plaintiffs' statements of fact. *See* ECF No. 164. As the Court already concluded, Defendants' extension motion did "not show[] good cause" for modifying the schedule. *See* August 12, 2025, Minute Order. Nonetheless, to ensure robust presentation of the issues, the Court granted Defendants an additional five days to file their Phase II motion (instead of their requested 14 days). *See id.*

## LEGAL STANDARD

***Motion to Strike.*** "The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion, and the moving party bears a heavy burden." *Sacchetti v. Gallaudet Univ.*, 344 F. Supp. 3d 233, 251 (D.D.C. 2018) (cleaned up). "[M]otions to strike, as a general rule, are disfavored. *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981). "Courts routinely observe that this remedy is disfavored, presumably because it is often wrongly invoked and may have a significant impact on a party's presentation of its case." *Waggel v. George Washington Univ.*, No. CV 16-1412 (CKK), 2018 WL 5893346, at *3 (D.D.C. Nov. 9, 2018) (collecting authority), *aff'd,* 957 F.3d 1364 (D.C. Cir. 2020). Striking portions of a summary judgment filing is typically warranted only when a party fails to comply with Rule 56, *see Waggel*, 2018 WL 5893346, at *3, and even then, courts should employ a "scalpel, not a butcher knife," *id.* at 4 (citation omitted). In other words, "all properly stated facts" in a summary judgment declaration "must remain." *Id.* (citing *Jud. Watch, Inc. v. U.S. Dep't of Com.*, 224 F.R.D. 261, 263 (D.D.C. 2004)).

***Rule 56(d).*** A court may grant relief under Rule 56(d) if a party shows "it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d), via "an affidavit which states with sufficient particularity why additional discovery is necessary," *U.S. ex rel. Folliard v. Gov't*

*Acquisitions, Inc.*, 764 F.3d 19, 26 (D.C. Cir. 2014) (quoting *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012)). The affidavit must (1) outline the particular facts the party intends to discover and describe why those factors are necessary to the litigation, (2) explain why the party could not produce the facts in opposition to the motion for summary judgment, and (3) show the information is discoverable. *Id.* Rule 56(d) "is not properly invoked to relieve counsel's lack of diligence." *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995).

## ARGUMENT

### I.    There is no basis to strike or deny Democratic Party Plaintiffs' motion for partial summary judgment.

Defendants' argument that the Democratic Party Plaintiffs' motion should be stricken or denied has no merit—Democratic Party Plaintiffs have complied with the Court's Scheduling Order and all applicable rules. The Scheduling Order limited Phase I briefing to "challenges to Section 2(a)," which all parties agreed could be resolved "without discovery." ECF No. 141 at 2. At the same time, the Court's rules required Democratic Party Plaintiffs to support their motions with "a statement of material facts . . . which shall include references to the parts of the record relied on to support the statement." LCvR 7(h).

Consistent with the Court's order, Democratic Party Plaintiffs filed their motion without serving discovery on Defendants. *See* ECF No. 146. That motion relies on and cites to a series of exhibits, declarations, and a statement of facts in compliance with the applicable procedural rules. Those documents were submitted to supply the necessary "record" required to comply with Local Civil Rule 7(h). The Federal Rules make plain that such "declarations" and exhibit "materials" are not just suitable for creating a record—they are required when a party asserts that a "fact cannot be . . . genuinely disputed." Fed. R. Civ. P. 56(c)(1); *see also Ng v. Lahood*, 952 F. Supp. 2d 85, 92 (D.D.C. 2013) ("[T]he Federal Rules expressly contemplate declarations in support of summary

judgment, regardless of when in the discovery process the motion is filed."); Brown v. Ramsay, No. 18-10279-CV, 2025 WL 1571661, at *3 n.3 (S.D. Fla. May 30, 2025) ("Plaintiffs' declarations are routinely a part of the summary judgment record submitted to the Court.")

Defendants' claim that Democratic Party Plaintiffs have violated the Scheduling Order seems to stem from confusion between discovery—the process of gathering information from another party, *see* Fed. R. Civ. P. tit. V.—and presentation of facts within a party's possession. The Court's Scheduling Order precluded the former, but not the latter. Moreover, the fact that Democratic Party Plaintiffs agreed that discovery was unnecessary for their Phase I motion does not mean that they were required to submit a motion for summary judgment entirely devoid of any facts or evidence supporting them. Courts within this district have routinely rejected the notion that submitting declarations to support summary judgment motions is improper. *See, e.g.*, *Smith v. Ergo Sols., LLC*, No. CV 14-382 (JDB), 2019 WL 147718, at *7 (D.D.C. Jan. 9, 2019) (rejecting argument that affidavit should be struck because it was filed outside of discovery period and explaining that "affidavits and declarations" are not "documents subject to production in discovery"); *Rahimi v. Weinstein*, No. CV 16-1173 (RBW), 2020 WL 1873588, at *5 n.6 (D.D.C. Apr. 15, 2020) (rejecting argument that declarations submitted at summary judgment should be excluded as evidence produced after discovery); *Sacchetti*, 344 F. Supp. 3d at 252 (similar).

Defendants also cannot claim prejudice or surprise at the evidence introduced by the Democratic Party Plaintiffs, which includes identical copies of the six declarations they had previously included with their preliminary injunction motion, as well as publicly available information, government records, and materials already on the docket. *See supra* Background § II. Nothing about the Scheduling Order precluded Democratic Party Plaintiffs from introducing routine record evidence as part of Phase I briefing, and it is hard to fathom how they could have

complied with Federal Rule 56 and Local Rule 7(h) without doing so. The Scheduling Order merely memorialized the parties' agreement to forego discovery as to this phase of summary judgment briefing—a condition insisted upon by Defendants. *See id.*

Finally, even if Democratic Party Plaintiffs had transgressed the Scheduling Order in any way—and they clearly have not—Defendants' request that the Court strike the *entirety* of Plaintiffs' motions, memoranda of law, statements of material facts, and supporting material is patently unreasonable. Where a party demonstrates that summary judgment evidence is improper, "the court uses a scalpel, not a butcher knife" in that it "will allow all properly stated facts, while only striking the improper portions." *Canady v. Erbe Elektromedizin GmbH*, 384 F. Supp. 2d 176, 180 (D.D.C. 2005), *aff'd*, 182 F. App'x 988 (Fed. Cir. 2006) (quoting *Perez v. Volvo Car Corp.*, 247 F.3d 303, 315 (1st Cir. 2001)). Here, Defendants have not even bothered to challenge specific portions of Democratic Party Plaintiffs' submissions as violative of Rule 56; they simply ask this Court to strike them wholesale and delay resolution of this motion on baseless grounds. Their improper motion to strike properly filed summary judgment materials should be rejected.[5]

---

[5] Defendants' choice to burden the Court with a motion to strike undercuts their claim of strained resources, as such motions are nearly always unnecessary. "Rule 56 contemplates that a motion to strike [should] be unnecessary for a party to express its objections to summary judgment materials." *Waggel*, 2018 WL 5893346, at *4 (citing Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendments). Specifically, Rule 56(c)(2) permits a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2), which obviates any "need to make a separate motion to strike," Fed. R. Civ. P. 56, advisory committee's note to 2010 amendments. Defendants could have simply raised their points in response to Democratic Party Plaintiffs' summary judgment motion, rather than "burden[ing] this court with a motion to strike." *Stabilisierungsfonds*, 647 F.2d at 201.

**II.    Defendants are not entitled to relief under Rule 56(d), and the Court should not allow discovery under it or any other rule.**

Rule 56(d) "is designed to minister to the vigilant, not to those who slumber upon perceptible rights." *SEIU Nat'l Indus. Pension Fund*, 312 F.R.D. at 684 (first citing *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994), then *Convertino*, 684 F.3d at 99). Rule 56(d) "is not properly invoked to relieve counsel's lack of diligence." *Berkeley*, 68 F.3d at 1414; *see also Convertino*, 684 F.3d at 99 (explaining Rule 56(d) relief is not proper where a party "has not diligently pursued discovery of the evidence"). Accordingly, a party seeking relief under Rule 56(d) must submit an affidavit (1) outlining the particular facts the party intends to discover and describing why those facts are necessary to the litigation, (2) explaining why the party could not produce the facts in opposition to the motion for summary judgment, and (3) showing the information is in fact discoverable. *See Convertino*, 684 F.3d at 99–100.

Defendants have fallen far short of meeting their burden to force belated discovery, to delay a mutually agreed upon summary judgment schedule, or to obtain any other relief under Rule 56(d). Most notably, they cannot conceivably satisfy *Convertino*'s second prong. "It cannot possibly be the law that a party can forego seeking information by discovery and, when confronted by a motion for summary judgment, seek discovery it never sought in the first place to defeat the motion." *Rowland v. Walker*, 245 F. Supp. 2d 136, 139 (D.D.C. 2003), *aff'd*, No. 03-5082, 2003 WL 21803321 (D.C. Cir. July 31, 2003) (denying Rule 56(d) motion). In *Rowland*, as here, the party seeking delay "never sought [the allegedly necessary discovery] in the first place." *Id*. As the court explained, such "[a] request to postpone resolution of a motion for summary judgment when the party opposing the motion has failed to avail himself of discovery to secure the information should be denied." *Id.* at 140. That is the case here. *See supra* Background § I.

14

In another similar case, Judge Mehta denied a Rule 56(d) motion because "Defendants made no effort to take discovery in th[e] case." *SEIU Nat'l Indus. Pension Fund*, 312 F.R.D. at 684. "Defendants' failure to take discovery was not for want of opportunity." *Id.* The defendant had "three months before Plaintiffs filed their [summary judgment] motion" to indicate a need for discovery. *Id.* "If Defendants truly needed discovery, they could have asked the court" to permit such discovery "at any time during the three months preceding Plaintiffs' filing of their Motion." *Id.* As here, they failed to do so, and thus also "failed to satisfy the second *Convertino* factor." *Id.*

Indeed, "[c]ourts in [this] Circuit routinely deny Rule 56(d) Motions for lack of diligence." *Grimes v. D.C.*, 308 F. Supp. 3d 93, 105 n.14 (D.D.C. 2018) (collecting cases and explaining that a "showing of diligence" is "the most important . . . factor[]" for establishing Rule 56(d) relief). These many decisions show that the relief Defendants seek is simply not available where, as here, the moving party "failed diligently to pursue discovery in the past." *Davis v. Ashcroft*, No. CIV.A.01-331 (RBW), 2003 WL 25665777, at *4 (D.D.C. Aug. 19, 2003) (quoting *Cal. Union Ins. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990)); *see also Kakeh v. United Plan. Org., Inc.,* 537 F. Supp. 2d 65, 71 (D.D.C. 2008) (denying Rule 56(d) relief where a party "had more than ample opportunity to obtain the requested discovery . . . but chose not to do so"); *accord* Wright & Miller, 10B Fed. Prac. & Proc. Civ. § 2741 at n.17 (4th ed.) (explaining that where, as here, the party "seeking the delay has failed to take advantage of discovery" previously, "a request for relief under Rule 56(d) is extremely unlikely to succeed" (collecting cases)). Simply put, "a party suspends discovery at [their] own risk." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (affirming denial of Rule 56(d) motion).

Defendants have no excuse for their lack of diligence; the Democratic Party Plaintiffs proposed a four-month discovery period, but Defendants rejected it out of hand, insisting from the

start that this case "can be decided without discovery." ECF No. 119 at 5. Defendants also "cannot claim [they] did not know that questions [on these issues] would be significant." *See Davis v. Yellen*, No. 08-CV-447 (KBJ), 2021 WL 2566763, at *19 (D.D.C. June 22, 2021) (denying Rule 56(d) motion where party chose not to seek discovery regarding facts needed to show "[i]n order to succeed on [their] claim"). It is axiomatic that "at the summary-judgment stage, [a] plaintiff must demonstrate standing by 'affidavit or other evidence.'" *Frank v. Autovest, LLC*, 961 F.3d 1185, 1187 (D.C. Cir. 2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Defendants therefore surely anticipated that Democratic Party Plaintiffs would address issues such as standing as part of their motion for summary judgment, just as they did at the preliminary injunction phase, particularly since Defendants had already affirmatively argued that Democratic Party Plaintiffs lacked standing. *See supra* Background § I. Further still, Plaintiffs told Defendants directly that they would likely "update [their] declarations" as part of this phase of summary judgment briefing. 6/18/24 Tr. at 18:11–14. Democratic Party Plaintiffs in fact submitted *identical* declarations, undercutting any suggestion Defendants lacked notice.

Ultimately, if Defendants "truly needed discovery," they "could have asked' for it," particularly as the party advancing these arguments at the outset of the case. *Davis*, 2021 WL 2566763, at *19. Instead, they made the purposeful and tactical decision to forego discovery during Phase I briefing, a strategic choice that protected themselves from the burden of discovery in exchange for abandoning the opportunity to probe Plaintiffs' evidence, including on topics related to standing and justiciability. While they now seek to reorient their strategy, their request to do so came far too late—the very day their Phase I response was due and well after summary judgment briefing was underway. The Court should not permit this attempt to "belatedly devise[] new theories to delay resolution" of the case. *Berkeley*, 68 F.3d at 1414.

While the second prong alone presents an insurmountable obstacle to Defendants, they stumble on the first *Convertino* prong too. *See Convertino*, 684 F.3d at 99 (explaining party seeking delay "must outline the particular facts he intends to discover and describe why those facts are necessary to the litigation"). The D.C. Circuit has made clear that simply raising "boilerplate discovery request[s]" does not merit relief under Rule 56(d). *Folliard*, 764 F.3d at 29. In the present motion, Defendants request discovery "including but not limited to issues of ripeness, standing (individual, organizational, and associational), and irreparable harm." ECF 160-1 ¶ 8; *see also id.* ¶¶ 2, 9 (requesting discovery as to "Plaintiffs' alleged standing and irreparable harm" and "Plaintiffs' factual assertions of jurisdiction and irreparable injury"). Defendants cannot merely "recite broad categories of information," as they have done here, to obtain relief under Rule 56(d). *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 532 (D.C. Cir. 2019). Defendants also have not reconciled how the broad discovery they now seek is "necessary to the litigation" given their own past insistence that the case "can and should be decided without discovery." ECF No. 137 at 11. Their failure to explain precisely what discovery they need, and how it is necessary, provides yet another basis for denying their motion. *SEIU Nat'l Indus. Pension Fund*, 312 F.R.D. at 685 (rejecting "conclusory demand for discovery" that did not specify "what facts [the party seeking Rule 56(d) relief] hope[d] to obtain").

Finally, delaying resolution of Phase I summary judgment briefing would significantly prejudice Democratic Party Plaintiffs. Democratic Party Plaintiffs have been clear throughout this case about their need for prompt resolution and have litigated accordingly. Yet Defendants now seek far-ranging discovery months after their opportunity to request it has passed. Indeed, the prejudice is particularly severe because it was Democratic Party Plaintiffs who proposed a limited discovery window that would now be nearly complete. *See* ECF No. 119 at 3 (proposing a

September 2, 2025, close of discovery). Instead, given Defendants' persistent objection to any discovery, Democratic Party Plaintiffs were permitted only "targeted" interrogatories as to the "contours" of agency policy, with any further discovery contingent on claims surviving Phase II summary judgment briefing. *See* ECF No. 141 at 2, 3. Now Defendants have turned around and demanded "fulsome discovery," *see* Mot. at 6, including through "interrogatories, requests for production, and depositions of some or all of Plaintiffs' fact declarants," ECF No. 160-1 ¶ 8. Their discovery for me but not for thee approach would impose gross prejudice and fundamental unfairness on Plaintiffs. It would also reward Defendants' lack of diligence and the run contrary to the premise "basic to our adversary system" that "the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Maalouf v. Islamic Republic of Iran*, 923 F.3d 1095, 1109 (D.C. Cir. 2019) (quoting first *Wood v. Milyard*, 566 U.S. 463, 472 (2012), then *Greenlaw*, 554 U.S. at 243).

Accordingly, while their Rule 56(d) motion fails on its own terms, their newfound demand for discovery also should be rejected.

## CONCLUSION

Defendants' motion to strike, deny, or defer consideration of Democratic Party Plaintiffs' motions for partial summary judgment should be denied.

Dated: August 15, 2025

Respectfully submitted,

*/s/ Aria C. Branch*
**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Aria C. Branch (DC 1014541)
Lalitha D. Madduri (DC 1659412)
Christopher D. Dodge (DC 90011587)
Jacob D. Shelly (DC 90010127)
Harleen K. Gambhir (DC 1781869)
James J. Pinchak (DC 90034756)*
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177

*Counsel for the Democratic Party Plaintiffs*

*Admitted pro hac vice