# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, <br><br> Defendants. | Civil No. 25-cv-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil No. 25-cv-0955 (CKK) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE, DENY, OR DEFER CONSIDERATION OF PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT (ECF 145, 146) <u>PURSUANT TO RULE 56(d)</u>**

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director

BRIDGET K. O'HICKEY
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

<u>/s/ Marianne F. Kies</u>
MARIANNE F. KIES
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-1819
Marianne.F.Kies@usdoj.gov

*Attorneys for Defendants*

Plaintiffs seek to establish their entitlement to relief based on material factual assertions Defendants have had no opportunity to test. Neither this Court's Scheduling Order nor Rule 56(d) permit such an action.

Before the Court entered its Scheduling Order, all parties agreed that their summary judgment motions concerning Section 2(a) would present "purely legal issues." June 18, 2025, Hr'g Tr. 4:22–5:6. The Order memorializes the parties' agreement both expressly, ECF 141 at 2, and implicitly, as it does not contemplate the exchange of initial disclosures, much less written discovery or depositions, prior to briefing Plaintiffs' challenges to Section 2(a). *See generally id.* Accepting Plaintiffs' representation that their briefs on Section 2(a) would be purely legal, there was no reason—much less opportunity—for Defendants to test the unknown knowledge of Plaintiffs' unidentified future witnesses. Contrary to their agreement, Plaintiffs have now put nearly 200 "material" facts at issue—most of which are within the exclusive knowledge of their declarants. In opposition to Defendants' Rule 56(d) Motion, Plaintiffs urge this Court to find subject-matter jurisdiction and enter permanent injunctive relief against the United States of America based solely on Plaintiffs' say-so. But discovery is not a one-way street, and Federal Rule of Civil Procedure 56(d) exists precisely to ensure that summary judgment is not granted prematurely. *Seed Co. v. Westerman*, 840 F. Supp. 2d 116, 121 (D.D.C. 2012). In any event, regardless of the Scheduling Order itself, the result is the same: As the summary judgment movants, Plaintiffs bear the burden of proving jurisdiction and the merits of their claims. Defendants are entitled to, at a minimum, an opportunity to refute Plaintiffs' evidence.

## ARGUMENT

"One of the key features of our civil justice system is that parties to a lawsuit are required to exchange information relevant to their dispute before a trial." *FTC v. Sysco Corp.*, 308 F.R.D.

1

19, 21–22 (D.D.C. 2015). "The reason for this practice is relatively simple—resolving conflicts in a court of law is not a game of 'blind man's bluff,' but 'a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *Id.* at 22 (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682–683 (1958)). To prevent "trial by ambush," "[e]ach side must have the opportunity to fully present its case and to test the other side's evidence through cross-examination of witnesses and presentation of contrary evidence." *Id.* Ultimately, the open exchange of information is to the benefit of all: "If the parties are better informed, so too will be the judge or jury who bears the responsibility of deciding which side will prevail." *Id.* Thus, at the very threshold of civil discovery, parties exchange initial disclosures, which will steer further discovery authorized under the Federal Rules. Fed. R. Civ. P. 26(a)(1)(A)(i). Initial disclosures serve two primary purposes. First, they enable a litigant to interview or depose the opposing party's witnesses, to "test his or her statements." *Sysco Corp.*, 308 F.R.D. at 22. Second, they enable a litigant to "develop its own evidence through available sources, such as its own employees, to rebut the witness's statements." *Id.* "This tug-of-war of obtaining witness testimony to support one side's position, and the corresponding effort by the opposing side to rebut that same witness, is foundational to our adversarial system." *Id.*

      A summary judgment movant cannot, consistent with the Federal Rules, "prevent [the non-movant] from obtaining the facts about a disputed issue" and then "expect to be granted summary judgment on that issue." *Doe 2 v. Mattis*, 322 F. Supp. 3d 92, 101 (D.D.C. 2018) (Kollar-Kotelly, J.); *accord, e.g.*, *Upper Deck Co. v. Breakey Int'l, BV*, 390 F. Supp. 2d 355, 362 (S.D.N.Y. 2005) (it is improper for a litigant to "shield itself from discovery" but use the same information " as a sword" to prevail at summary judgment). To safeguard these "foundational" principles, Rule 56(d) provides a failsafe. *Seed Co.*, 840 F. Supp. 2d at 121 ("The purpose of Rule 56(d) is to prevent

railroading the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." (cleaned up)). In essence, Rule 56(d) guarantees a level playing field.

Moreover, regardless of whether a litigant has deliberately or inadvertently abused the discovery process, "[a] decision by summary judgment is disfavored when additional development of facts might illuminate the issues of law requiring decision." *Barnes v. District of Columbia*, 242 F.R.D. 113, 116 (D.D.C. 2007) (quoting *Nixon v. Freeman*, 670 F.2d 346, 362 (D.C. Cir. 1982)); *see also Bynum v. District of Columbia*, 215 F.R.D. 1, 2 (D.D.C. 2003) (rejecting summary judgment when the discovery process "might yield additional facts that would guide the Court's decision as to the merits of plaintiffs' . . . claims"). "Consistent with the salutary purposes underlying Rule 56[(d)], district courts should construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter." *Convertino v. DOJ*, 684 F.3d 93, 99 (D.C. Cir. 2012) (citation omitted). "That is particularly true where, as here, the court is presented with a *pre-discovery* motion for summary judgment[.]" *Dinkel v. Medstar Health, Inc.*, 286 F.R.D. 28, 31 (D.D.C. 2012) (Kollar-Kotelly, J.) (emphasis added). It is even more true where—as here—the disputed facts go directly to the question of whether the Court has authority to hear the case at all.

I. **Plaintiffs' Conduct Violates the Letter, and Certainly the Intention, of the Scheduling Order as to Briefing of Section 2(a).**

Before the Scheduling Order was entered, "[a]ll parties" in this case agreed that Section 2(a) of the Executive Order "presents really purely legal issues" and could therefore be briefed first and on an expedited timeframe. June 18, 2025, Hr'g Tr., 5:20–22; *id.* 9:4–7 & 11–15; *id.* 11:12–16; *id.* 16:4–6. Defendants took Plaintiffs at their word. So did the Court, which directed Plaintiffs to move for partial summary judgment on Section 2(a) before any party had even exchanged initial disclosures, much less other formal written or other discovery. There is,

3

therefore, no record in this case—not even an administrative one. Plaintiffs now claim that Defendants simply misunderstood their representation: allegedly, Plaintiffs agreed only not to take discovery *from Defendants*, but reserved the right to file anything they wanted in support of their own motions and to shield that evidence from any scrutiny. *See, e.g.*, ECF 170 (League & LULAC Opposition to 56(d)) at 2–3; ECF 172 (Democratic Party Opposition to 56(d)) at 16.[1] But, as discussed above, the Federal Rules of Civil Procedure preclude one-sided discovery, including as a basis to grant premature summary judgment, and Defendants respectfully submit that Plaintiffs' view is not what the Scheduling Order had in mind. *See Sysco Corp.*, 308 F.R.D. at 21–22.

## II. Even if Plaintiffs Had Complied with the Scheduling Order, Relief Under Rule 56(d) Would Still Be Appropriate.

Setting aside whether Plaintiffs' conduct violated the Scheduling Order, Defendants' Rule 56(d) Motion should be granted because it is undisputed that Defendants could not pursue discovery before Plaintiffs filed their motions for partial summary judgment—or even before Defendants filed their response and cross-motion under the Court's Scheduling Order; therefore, Defendants cannot adequately oppose them. *See Dinkel*, 286 F.R.D. at 31 (Kollar-Kotelly, J.); *Convertino*, 684 F.3d at 99 (Rule 56(d) motion should be granted "almost as a matter of course" unless non-movant has not diligently pursued discovery (quoting *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995))); *accord, e.g.*, *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (Rule 56(d) discovery motions are "broadly favored and should be liberally granted" because the rule "safeguard[s] non-moving parties from summary judgment motions that they cannot adequately oppose").

---

[1] Record citations herein refer to the ECF pagination in the upper right corner.

Plaintiffs accuse Defendants of "inaction" and of "demand[ing] a do-over of the litigation process." *E.g.*, ECF 170 at 3. But Defendants acted with all the diligence reasonably available to them, and there is no "do-over of the litigation process" to be had because there was never any "litigation process" to begin with. Defendants did not seek discovery from Plaintiffs before Plaintiffs filed their motions for partial summary judgment as to Section 2(a) because Defendants—like the Court—understood the motions would present purely legal (as opposed to factual) issues. Nor did the Scheduling Order present an opportunity for discovery. As a matter of substance, the Scheduling Order did not even contemplate the exchange of initial disclosures—without which Defendants could not propound discovery in any sensible order. Nor did the timing allow for the exchange of discovery: the Scheduling Order issued on June 20, 2025, and Plaintiffs' opening motions for partial summary judgment as to Section 2(a) were due three weeks later. Although Plaintiffs claim Defendants were on "notice" of their intention to file 18 declarations and dozens more exhibits by virtue of an off-hand comment by one of their attorneys at the June 18 hearing—*e.g.*, ECF 170 at 6; ECF 172 at 9—it is unclear what discovery Defendants conceivably could have completed in this three-week timeframe. During the same period, Defendants were endeavoring to respond to (and ultimately, brief separate motions to compel and for protective order regarding) 49 overly broad interrogatories that Plaintiffs had served on June 27, 2025, for use in Phase Two briefing. *See* ECF 149, 150, 154. Indeed, even assuming Defendants had submitted discovery requests immediately after the Scheduling Order were issued—and as discussed above, there was no reason to do so—Rules 33 and 34 would have allowed Plaintiffs 30 days to respond and object. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). And if there had been any objections, any meet-and-confer process (and potential motion to compel practice) would have extended the timeframe for substantive responses even further.

Nor do Plaintiffs demonstrate a lack of diligence in the 28 days between when Plaintiffs filed their motions for partial summary judgment (July 11, 2025) and the deadline for Defendants to cross-move and oppose (August 8, 2025). At the outset, again, this is less time than provided in the Federal Rules for a party to serve responses and objections—assuming that Defendants could have served discovery targeted to Plaintiffs' asserted material facts immediately after seeing Plaintiffs discovery for the first time on July 11 (itself an unreasonable and unwarranted assumption). During that same timeframe, the two attorneys representing the United States in these cases[2] (i) completed briefing on Defendants' motion for protective order regarding Plaintiffs' 49 interrogatories (ECF 149, 150); (ii) prepared responses to Plaintiffs' 15 revised interrogatories, directed to seven Agencies, due August 15, 2025; (iii) drafted Defendants' cross-motion for partial summary judgment on Section 2(a), due August 8 (ECF 162, 163);[3] and (iv) partially opposed Plaintiffs' motions for partial summary judgment, including responding to 186 statements of "material" facts referencing 18 declarations, among other evidence (ECF 163-1). To the extent Plaintiffs' argument is premised on the assertion that Defendants should have sought discovery by filing their Rule 56(d) Motion sooner (*e.g.*, ECF 172 at 12), Plaintiffs misstate civil procedure. When a defendant is unable to fully oppose summary judgment due to a need for discovery, the proper course of action is for the defendant to seek relief under Rule 56(d) in lieu of opposing. That is what Defendants did here, and pursuant to the schedule set by this Court. ECF 160.[4]

---

[2] 44 attorneys have entered notices of appearances for Plaintiffs in these consolidated cases.

[3] Plaintiffs fault the United States for not attaching their own statement of material facts. ECF 170 at 12 n.5; ECF 172 at 12 n.3. However, because Defendants' cross-motion for partial summary judgment presents purely legal issues and does not depend on any material facts—as Defendants told the Court it would—and there was, in any event, no record, no statement of facts was required or appropriate.

[4] Defendants partially opposed Plaintiffs' motions for partial summary judgment, on purely legal grounds. ECF 163. Those legal grounds are a sufficient basis to deny Plaintiffs' motions.

Because Defendants acted with all possible diligence, their Rule 56(d) Motion should be granted without further inquiry. *Dinkel*, 286 F.R.D. at 31 (Kollar-Kotelly, J.); *Convertino*, 684 F.3d at 99 (Rule 56(d) motion should be granted "almost as a matter of course" unless non-movant has not diligently pursued discovery (quoting *Berkeley*, 68 F.3d at 1414)).

In any event, however, the remaining Rule 56(d) factors also favor Defendants. *First*, Defendants have identified the facts they intend to discover, where the facts appear in Plaintiffs' briefing and how Plaintiffs use them, and why the facts are necessary to resolve this litigation. *See* ECF 160-1 (O'Hickey Decl.) ¶¶ 5–7; *see Convertino*, 684 F.3d at 99–100 (listing 56(d) factors). Defendants' Rule 56(d) Declaration identifies with particularity the facts Defendants intend to test (namely, Plaintiffs' asserted facts regarding Article III injury and redressability and irreparable harm) and why the facts are important (because they relate to this Court's subject-matter jurisdiction and Plaintiffs' putative entitlement to permanent injunctive relief). Plaintiffs are not confused about this, and themselves acknowledge that their motions for partial summary judgment "include[ed] declarations supporting their Article III standing and exhibits relevant to this Court's consideration of the factors for permanent injunctive relief." *E.g.*, ECF 170 at 6–7; *see also id.* at 12 (arguing that "[b]ased on the record evidence that they have submitted, the Nonpartisan Plaintiffs have demonstrated organizational and associational standing").

*Second*, Defendants further explain that the facts are discoverable—they appear, *inter alia*, in publicly filed declarations and can be tested through, *inter alia*, depositions of the declarants. Defendants are therefore entitled to relief under Rule 56(d). ECF 160-1 (O'Hickey Decl.) ¶ 8.[5]

---

[5] Plaintiffs argue extensively that Defendants cannot show "prejudice" because their exhibits and declarations "largely mirror those submitted at the preliminary injunction stage." *See, e.g.*, ECF 170 at 3, 4–5, 7, 11–12, 13, 17; ECF 172 at 10, 13, 16, 20. "Prejudice" is not among the Rule 56(d) factors. In any event, "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Nat. Res. Def.*

7

### III. The Court Should Strike or Deny Plaintiffs' Motions for Partial Summary Judgment. Alternatively, the Court Should Defer Plaintiffs' Motions Pending Discovery.

If a nonmovant carries its burden under Rule 56(d), the court may: (1) deny the subject motion for summary judgment, (2) allow time for discovery, or (3) issue "any other appropriate order." *See also, e.g.*, *Moore v. Brouillette*, 2020 WL 7318007, at *4–5 (D.D.C. Dec. 11, 2020) (Kollar-Kotelly, J.). Given the extremely compressed schedule in this case, and Plaintiffs' demand for resolution of their claims by the November 2025 midterm elections, Defendants respectfully submit that the prudent course of action would be simply to deny or strike Plaintiffs' motions. Alternatively, the Court may defer resolution of Plaintiffs' motions so that, in September and October, Defendants can take appropriate discovery.

### CONCLUSION

Under the Federal Rules of Civil Procedure, to prevent "trial by ambush," "[e]ach side must have the opportunity to fully present its case and to test the other side's evidence through cross-examination of witnesses and presentation of contrary evidence." *Sysco Corp.*, 308 F.R.D. at 22. Therefore, summary judgment movants cannot "prevent [non-movants] from obtaining the facts about a disputed issue" and then "expect to be granted summary judgment on that issue." *Doe 2*, 322 F. Supp. 3d at 101 (Kollar-Kotelly, J.). Plaintiffs cannot have it both ways. Because the Court's subject-matter jurisdiction, and Plaintiffs' entitlement to permanent injunctive relief, both depend on material facts that Defendants have not had an opportunity to gather evidence to factually

---

*Council v. Peña*, 147 F.3d 1012, 1022–23 (D.C. Cir. 1998); *S. Poverty L. Ctr. v. U.S. DHS*, 2020 WL 3265533, at *3 n.2 (D.D.C. June 17, 2020) (Kollar-Kotelly, J.), *appeal dismissed*, 2021 WL 1438297 (D.C. Cir. Apr. 14, 2021). The fact that Plaintiffs used some of this evidence when pursuing emergency interim relief, when there was even *less* opportunity for Defendants to conduct discovery, does not entitle them to use it now to win final judgment, without any testing.

8

dispute, Plaintiffs' motions for partial summary judgment should be stricken or denied. Fed. R. Civ. P. 56(d). If they are not, then Defendants are entitled to discovery. *Id.*

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director

BRIDGET K. O'HICKEY
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

*/s/ Marianne F. Kies*
MARIANNE F. KIES
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-1819
Marianne.F.Kies@usdoj.gov

*Attorneys for Defendants*
