**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>    *Defendants*. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    *Defendants*. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    *Defendants*. | Civil Action No. 25-0955 (CKK) |

**DEMOCRATIC PARTY PLAINTIFFS' UNOPPOSED MOTION TO ENLARGE PAGE LIMIT FOR PHASE II**

As this Court is aware, these consolidated actions concern challenges to President Trump's Executive Order 14,248 ("EO"), which purports to make wide-ranging changes to federal elections. The parties are presently briefing the Phase II summary judgment motions ordered by the Court in its June 20, 2025 scheduling order. *See* No. 141. Whereas Phase I addressed just one provision of the EO—Section 2(a)—Phase II invites the Federal Defendants to seek summary judgment on all "remaining claims." *Id.* at 3. They have done so, moving for judgment on claims concerning at least 10 discrete provisions of the EO—Sections 2(b), 2(d), 3(a), 3(d), 4(a), 4(b), 4(c), 4(d), 7(a), and 7(b), *see* ECF No. 177-1 ("Fed. Defs.' Mot.")—and as to least eleven causes of action pled by the Democratic Party Plaintiffs (as well as others pled by the Non-Partisan Plaintiffs). The RNC, as Intervenor, also raises separate and extensive merits arguments as to Sections 2(d) and 7(a). *See* ECF No. 176-1 ("RNC Mot.").

The issues raised in these two motions are manifold. On the procedural side, the Federal Defendants raise questions of standing, ripeness, and the availability of a cause of action as to nearly every one of these provisions and claims. *See* Fed Defs.' Mot. at 3–21. On the merits, the Federal Defendants' and RNC's opening Phase II motions raise substantive arguments about the President's constitutional authority under various constitutional clauses, as well as questions about the construction of many different federal statutes, including UOCAVA, the NVRA, HAVA, the Privacy Act, and the Election Day Statutes. *See* Fed. Defs.' Mot. at 21–45; RNC Mot. at 8–24. In addition to responding to these two motions, the Democratic Party Plaintiffs—as previewed in the Scheduling Order, *see* ECF No. 141 at 3 n.5—intend to cross-move on several of these issues to facilitate the prompt resolution of this matter.

Accordingly, the Democratic Party Plaintiffs respectfully seek leave under Local Civil Rule 7(e) for an additional 15 pages for their opening Phase II brief. No party, including the Federal

Defendants and the RNC, opposes this request. The Democratic Party Plaintiffs have also already indicated their consent to any reciprocal extension of Defendants' and Intervenor's Phase II response brief. Good cause to grant this enlargement exists for several reasons:

1.     The Federal Defendants and RNC's opening Phase II motions—which together comprise roughly 70 pages of briefing—raise a broad range of procedural and substantive legal questions. The requested extension will permit the Democratic Party Plaintiffs to fully respond to these issues in a manner that will aid the Court's prompt resolution of this important case. It will further allow them to do it in a single unified response, rather than as two separate responses to each motion.

2.     The requested extension will further aid the Democratic Party Plaintiffs in cross-moving on several claims, which will permit the Court to resolve substantial portions of this case at Phase II while also narrowing the scope of any outstanding issues that need to be addressed at Phase III. Resolving claims at this Phase will reduce the scope of future discovery and also permit the Court to avoid reaching unnecessary legal issues.

3.     No party opposes this request and the Democratic Party Plaintiffs consent to the Court granting a reciprocal extension to all other parties, including as to the Federal Defendants' and RNC's Phase II response briefs.

For the reasons above, the Democratic Party Plaintiffs respectfully submit that good cause exists for the requested extension and ask that the Court grant this unopposed motion. A proposed order to that effect is attached.

Dated: September 12, 2025                    Respectfully submitted,


                                            */s/ Aria C. Branch*
                                            **ELIAS LAW GROUP LLP**
                                            Marc E. Elias (DC 442007)
                                            Aria C. Branch (DC 1014541)
                                            Lalitha D. Madduri (DC 1659412)
                                            Christopher D. Dodge (DC 90011587)
                                            Jacob D. Shelly (DC 90010127)
                                            James J. Pinchak (NY 5965397)*
                                            Julie Zuckerbrod (DC 1781133)
                                            250 Massachusetts Ave. NW, Suite 400
                                            Washington, DC 20001
                                            T: (202) 968-4652

                                            Tyler L. Bishop (DC 90014111)
                                            1700 Seventh Ave. Suite 2100
                                            Seattle, WA 98101
                                            T: (206) 656-0177

                                            *Counsel for the Democratic Party Plaintiffs*
                                            *\*Admitted pro hac vice*