**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>Defendants. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Civil Action No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Civil Action No. 25-0955 (CKK) |

**DEMOCRATIC PARTY PLAINTIFFS' RESPONSES TO THE FEDERAL DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Pursuant to Local Civil Rule 7(h)(1) of the Rules of the United States District Court for the District of Columbia, Plaintiffs the Democratic National Committee ("DNC"), the Democratic Governors Association ("DGA"), the Democratic Senatorial Campaign Committee ("DSCC"), the Democratic Congressional Campaign Committee ("DCCC") (collectively, "Party Organizations"), and the Democratic leaders of the U.S. Senate and U.S. House of Representatives, Charles E. "Chuck" Schumer and Hakeem S. Jeffries (together with the Party Organizations, "Democratic Party Plaintiffs") respectfully submit the following Responses to each statement in the Federal Defendants' Statement of Material Facts in support of their motion for partial summary judgment on Plaintiffs' claims, excluding those challenging Section 2(a) of Executive Order 14248. *See* ECF No. 177-2.

Any statements herein that a fact is disputed, undisputed, or disputed in part are made for purposes of the instant Phase II summary judgment motions only and should not bind Democratic Party Plaintiffs or otherwise limit evidence available for future summary judgment motions, trial, or otherwise. *See* Fed. R. Civ. P. 56(g); Fed. R. Civ. P. 56(g) advisory committee's note to 2010 amendment (noting "a party's ability to accept a fact for purposes of the [summary judgment] motion only"); Local Civil Rule 7(h)(1) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."). Any response that a statement made by the Federal Defendants is "undisputed" does not mean that Democratic Party Plaintiffs admit the truth of the matter asserted, but rather only that they do not dispute the statement for purposes of resolving the Phase II summary judgment motions before the Court, as it is not a material fact that must be resolved for purposes of ruling on the motions.

Democratic Party Plaintiffs respond to each numbered paragraph in the Federal Defendants' Statement of Facts as follows:

**RESPONSES TO THE FEDERAL DEFENDANTS' STATEMENT OF MATERIAL FACTS**

1. On March 25, 2025, President Trump issued Executive Order No. 14248, *Preserving and Protecting the Integrity of American Elections* ("E.O." or "Executive Order").

**Democratic Party Plaintiffs' Response: UNDISPUTED.**

2. The full text of the Executive Order is published in the Federal Register, 90 Fed. Reg. 14005, and is also available on the public website of the White House, https://www.whitehouse.gov/presidential-actions/2025/03/preserving-and-protecting-theintegrity-of-american-elections/.

**Democratic Party Plaintiffs' Response: UNDISPUTED.**

3. The Department of State has not taken any action to implement section 2(b)(ii) of the Executive Order. Ex. 1 at 7–10.

**Democratic Party Plaintiffs' Response: DISPUTED.** Disputed as misleading and incomplete to the extent that the statement implies that the Department of State has discretion to ignore Section 2(b) of the President's Executive Order or does not intend to implement Section 2(b). Further disputed to the extent it suggests the Department of State has not made preparations or plans to implement Section 2(b)—such facts have not been made available to the Democratic Party Plaintiffs pursuant to the Court's multi-phase scheduling order. *See* ECF No. 141; *see also* Rule 56(d) Declaration of Aria Branch.

4. The Department of Homeland Security's "DOGE Team" consists of DHS employees and detailees to DHS. Ex. 1 at 11.

**Democratic Party Plaintiffs' Response: DISPUTED.** Disputed as misleading, a misrepresentation of the record, and incomplete. Federal Defendants have not disclosed any facts

about the DOGE officials that are necessary for the Court to assess predicate issues of material fact. *See, e.g.*, *AFL-CIO v. OPM*, No. 25CV1237 (DLC), 2025 WL 1621714, at *27 (S.D.N.Y. June 9, 2025) (explaining that "[i]n determining which agency employs a person who works for more than one agency, the D.C. Circuit applies a functional approach that includes an evaluation of all the circumstances of the relationship, such as what work they do, where they work, and who supervises them," and concluding DOGE employees were not employees of OPM) (citing *Jud. Watch, Inc. v. Dep't of Energy*, 412 F.3d 125, 131-32 (D.C. Cir. 2005)); *see also* Rule 56(d) Declaration of Aria Branch; SOF ¶ 86 (Whistleblower Disclosure) (noting that DOGE employees who have accessed SAVE and NUMIDENT have simultaneously conducted work for multiple agencies).

5. The Department of Defense has not completed the process for updating the Federal Post Card Form pursuant to section 3(d) of the Executive Order. Ex. 1 at 16–17.

**Democratic Party Plaintiffs' Response: DISPUTED.** Disputed as misleading and incomplete to the extent that the statement implies that the Commission had discretion to ignore Section 3(d) of the President's Executive Order and might not have updated the Federal Post Card had a federal court not enjoined it from doing so. *See California v. Trump*, No. 25-CV-10810-DJC, 2025 WL 1667949, at *21 (D. Mass. June 13, 2025). As the Federal Defendants have themselves acknowledged, the Defense Department "has not completed the process for updating the federal post card form—section 3(d) is also enjoined." ECF No. 177-1 at 18. Further disputed to the extent it suggests the Department of Defense does not intend to implement Section 3(d), if any relevant injunctions are lifted and it is permitted to do so. Further disputed to the extent it suggests the Department of Defense has not made preparations or plans to implement Section 3(d)—such facts

have not been made available to the Democratic Party Plaintiffs pursuant to the Court's multi-phase scheduling order. *See* ECF No. 141; *see also* Rule 56(d) Declaration of Aria Branch.

6. The EAC has not taken any steps to implement section 4(a) of the Executive Order. Ex. 1 at 18–19.

**Democratic Party Plaintiffs' Response: DISPUTED.** Disputed as misleading and incomplete to the extent that the statement implies that the Election Assistance Commission had discretion to ignore Section 4(a) of the President's Executive Order. Further disputed to the extent it ignores that the EAC is presently enjoined by two Courts from proceeding to implement Section 2(a) of the Executive Order, which is a predicate to the EAC's carrying out Section 4(a). *See LULAC*, 780 F. Supp. 3d 135, 226 (D.D.C. 2025); *California v. Trump*, No. 25-CV-10810-DJC, 2025 WL 1667949, at *22 (D. Mass. June 13, 2025). Further disputed to the extent it suggests the EAC has not made preparations or plans to implement Section 4(a)—such facts have not been made available to the Democratic Party Plaintiffs pursuant to the Court's multi-phase scheduling order. *See* ECF No. 141; *see also* Rule 56(d) Declaration of Aria Branch.

7. The EAC has not completed the process to implement section 4(b) of the Executive Order. Ex. 1 at 19–21.

**Democratic Party Plaintiffs' Response: UNDISPUTED AS IMMATERIAL.** Undisputed as immaterial because the Democratic Party Plaintiffs have stipulated that they are no longer pursuing their claims challenging Section 4(b). *See* Joint Stipulation of Partial Dismissal Pursuant to Rule 41 (Sep. 17, 2025).

8. The EAC has not taken any steps to implement section 4(c) of the Executive Order, including auditing any Help America Vote Act fund expenditure or reporting any discrepancy or issue as the result of such an audit to the Department of Justice. Ex. 1 at 21–22.

**Democratic Party Plaintiffs' Response: UNDISPUTED AS IMMATERIAL.** Undisputed as immaterial because the Democratic Party Plaintiffs have stipulated that they are no longer pursuing their claims challenging Section 4(c). *See* Joint Stipulation of Partial Dismissal Pursuant to Rule 41 (Sep. 17, 2025).

9. The Attorney General has not taken action to implement section 7(a) of the Executive Order. Ex. 1 at 26–27

**Democratic Party Plaintiffs' Response: DISPUTED.** Disputed as misleading and incomplete to the extent that the statement implies that the Attorney General had discretion to ignore Section 7(a) of the President's Executive Order and might not have taken action to implement it had a federal court not enjoined it from doing so. *See California*, 2025 WL 1667949, at *21. Further disputed to the extent it suggests the Attorney General does not intend to carry out Section 7(a), which she has never disclaimed. Further disputed to the extent it suggests the Attorney General has not made preparations or plans to implement Section 7(a)—such facts have not been made available to the Democratic Party Plaintiffs pursuant to the Court's multi-phase scheduling order. *See* ECF No. 141; *see also* Rule 56(d) Declaration of Aria Branch. Counsel for the Federal Defendants previously represented that the Attorney General could take "any number of actions, including criminal actions" to enforce the President's incorrect reading of the Election Day Statutes against the States. ECF No. 146-3 at 286.

Dated: September 17, 2025

Respectfully submitted,

*/s/ Aria C. Branch*

**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Aria C. Branch (DC 1014541)
Lalitha D. Madduri (DC 1659412)
Christopher D. Dodge (DC 90011587)
Jacob D. Shelly (DC 90010127)

Harleen K. Gambhir (DC 1781869)
James J. Pinchak (DC 90034756)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177

*Admitted pro hac vice*