# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al.,<br><br>              Defendants. | Civil Action No. 25-cv-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>              Defendants. | Civil Action No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>              Defendants. | Civil Action No. 25-cv-0955 (CKK) |

**DEMOCRATIC PARTY PLAINTIFFS' NOTICE REGARDING U.S. SUPREME COURT'S GRANT OF CERTIORARI IN *WATSON V. REPUBLICAN NATIONAL COMMITTEE* (NO. 24-1260)**

This consolidated action challenges several provisions of Executive Order 14,248 ("EO"), including provisions that direct the Attorney General and the Election Assistance Commission to enforce a nationwide Election Day receipt deadline for absentee and mail-in ballots. *See* EO §§ 7(a), 7(b); *see also* DPP Compl. ¶¶ 4–53, 71–77, 102–09, 126–78. The EO's sole source of authority for this supposed "ballot receipt deadline of Election Day," EO § 7(b), was the Fifth Circuit's decision in *Republican National Committee v. Wetzel*, 120 F.4th 200 (5th Cir. 2024). *See also* EO § 1 (citing *Wetzel*).

Consistent with the EO, the Federal Defendants and the Republican National Committee both relied extensively on *Wetzel* in their cross-motions for summary judgment as to § 7 of the EO. *See* ECF No. 176-1 at 14–21; ECF No. 177-1 at 15, 39–43; ECF No. 211 at 3–18; ECF No. 214 at 37–41. And, as explained in the DPPs' cross-motion for summary judgment, the Fifth Circuit's decision in *Wetzel* is an outlier among federal decisions addressing whether the federal Election Day Statutes impose a national ballot *receipt* deadline—no other federal court has ever held that the Election Day Statutes require ballots to be received by Election Day, whereas many others have held the opposite to be true. *See* ECF No. 196-1 at 36.

Given Defendants' heavy reliance on *Wetzel*, DPPs wish to alert the Court that the U.S. Supreme Court granted certiorari in that case earlier today. *See* Order List, No. 24-1260 (U.S. Nov. 10, 2025) (granting certiorari in *Watson v. Republican National Committee*, No. 24-1260). As the D.C. Circuit has noted, "the precedential value of [a Court of Appeals' decision] [i]s substantially diminished by the action of the Supreme Court in taking the case for review on the merits." *N.Y. Stock Exch. v. Bloom*, 562 F.2d 736, 743 n.6 (D.C. Cir. 1977). DPPs therefore respectfully submit that the Supreme Court's grant of certiorari reinforces that "*Wetzel* is not a sufficient or persuasive ground for holding the Election Day [s]tatutes preempt States' ballot receipt deadlines." ECF No. 196-1 at 36.

| | |
|---|---|
| Dated: November 11, 2025 | Respectfully submitted, |

*/s/ Aria C. Branch*
**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Aria C. Branch (DC 1014541)
Lalitha D. Madduri (DC 1659412)
Christopher D. Dodge (DC 90011587)
Jacob D. Shelly (DC 90010127)
Harleen K. Gambhir (DC 1781869)
James J. Pinchak (DC 90034756)*
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177

*Counsel for the Democratic Party Plaintiffs*

*Admitted pro hac vice*