UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>Defendants. | Civil No. 25-cv-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Civil No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br>Defendants. | Civil No. 25-cv-0955 (CKK) |

**DEFENDANTS' NOTICE OF FACTUAL DEVELOPMENTS RELEVANT TO COUNT IX OF THE DEMOCRATIC PARTY PLAINTIFFS' COMPLAINT**

1

Defendants respectfully inform the Court of two developments—the issuance of systems of record notices ("SORN") by Defendants Department of Homeland Security and Social Security Administration—that may bear on the pending litigation.

On March 31, 2025, the Democratic Party Plaintiffs filed a Complaint in which they alleged that "multiple parts" of Executive Order 14,248[1] violate the Privacy Act and therefore the Administrative Procedure Act, and they sought equitable relief. *See* No. 1:25-cv-00952, ECF 1 ¶¶ 195–204 (Count IX); *id.* at 68–69. Particularly, Plaintiffs alleged that EO Section 2(b)(i) unlawfully requires the Department of Homeland Security ("DHS") to "grant unauthorized third parties access to systems and databases containing personal information of voters, including Plaintiffs . . . without consent." *Id.* ¶ 202; *id.* at 69 (¶¶ D, H). EO Section 2(b)(i) directs DHS to "ensure that State and local officials have . . . access to appropriate systems for verifying the citizenship or immigration status of individuals registering to vote or who are already registered." Defendants have clarified, in response to Plaintiffs' Interrogatories, that they have begun to implement Section 2(b)(i) through use of DHS's Systematic Alien Verification for Entitlements ("SAVE") system and the Social Security Administration's Numident database. *E.g.*, ECF 177-3 (Aug. 15, 2025, Interrog. Answers) at 6–7 (internal pagination).

The Parties' Cross-Motions for Summary Judgment regarding Count IX are pending. *See* ECF 177, 213 (Defendants' Motion); ECF 196, 220 (Plaintiffs' Cross-Motion). Plaintiffs argued in their Cross-Motion that they are entitled to summary judgment on Count IX because, *inter alia*, Defendants' utilization of SAVE and Numident violate the Privacy Act. ECF 196-1 at 41–56 (internal pagination). Specifically: "The DHS policies governing SAVE have never contemplated

---

[1] Exec. Order No. 14,248, "Preserving and Protecting the Integrity of American Elections," 90 Fed. Reg. 14005 (Mar. 25, 2025) ("EO").

or authorized inquiries concerning possible U.S.-born citizens for voter registration purposes; DHS rarely has jurisdiction over such citizens and does not maintain records on them, and it has no authorization to access or query databases for that purpose." *Id.* at 43. Similarly, Plaintiffs argued that Defendants "disregarded Privacy Act mandates" when "incorporating" Numident "into" SAVE "for the purpose of letting state and local officials make inquiries regarding the citizenship of possible U.S.-born citizens." *Id.* at 50–51. On the merits, Plaintiffs contended that Defendants could not establish a lawful "routine use" of the records because Defendants had not published a SORN authorizing the sharing of data between SSA and DHS. *Id.* at 54–56. Plaintiffs asked the Court to "hold DHS's recent updates to SAVE unlawful, and set those changes aside." *Id.* at 56.

Defendants dispute Plaintiffs' arguments—as well as the Court's jurisdiction over Plaintiffs' APA claims, including Count IX—for the reasons set forth in their briefing. *See* ECF 177, 213. However, Defendants now write to inform the Court of two material factual developments that occurred *after* Defendants' October 17, 2025, deadline to reply in support of summary judgment. Namely:

- On October 31, 2025, DHS modified its SORN relating to this year's updates to SAVE. *See* 90 Fed. Reg. 48948 (Oct. 31, 2025), *available at* https://www.federalregister.gov/documents/2025/10/31/2025-19735/privacy-act-of-1974-system-of-records. Among other things, "[t]his modified SORN is being published to update the purpose of SAVE to include the addition of expanded search functionality for registered SAVE user agencies to verify the U.S. citizenship of U.S. citizens by birth and to clarify use of SAVE for voter verification." *Id.* at 48949. DHS's modified SORN is effective upon publication. New or modified routine uses will be effective December 1, 2025.

3

- On November 12, 2025, SSA also published a SORN relating to this year's updates to SAVE. *See* 90 Fed. Reg. 50879 (Nov. 12, 2025), *available at* https://www.govinfo.gov/content/pkg/FR-2025-11-12/pdf/2025-19849.pdf. New routine use 49 allows disclosures "*[t]o DHS . . . regarding the citizenship and immigration status, lawful or unlawful, of any individual* pursuant to 8 U.S.C. 1373(a).” *Id.* at 50883 (emphasis added). SSA's modified SORN is effective upon publication. New or modified routine uses will be effective December 12, 2025.

Defendants respectfully request the opportunity to brief the legal effect of these developments when they take effect in December 2025, including the question of whether the new/modified SORNs render Plaintiffs' challenge to Section 2(b)(i) in Count IX moot. *See, e.g.*, *N.Y. State Rifle & Pistol Ass'n v. City of New York*, 590 U.S. 336, 337–39 (2020) (per curiam) (case moot because State ordinance amendment accomplished what plaintiffs sought in litigation); *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief[.]").

## CONCLUSION

For the foregoing reasons, Defendants offer to confer with Plaintiffs and propose jointly a briefing schedule when the modified SORNs fully take effect. In the interim, Defendants urge the Court to reserve ruling on Count IX.

Dated: November 14, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

4

JOSEPH E. BORSON
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Marianne F. Kies*
MARIANNE F. KIES
WINSTON SHI
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-1819
Marianne.F.Kies@usdoj.gov

*Attorneys for Defendants*