## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | |
| Plaintiffs, | Civil No. 25-cv-0946 (CKK) |
| v. | |
| EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, | |
| Defendants. | |
| DEMOCRATIC NATIONAL COMMITTEE, *et al*, | |
| Plaintiffs, | Civil No. 25-cv-0952 (CKK) |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | |
| Defendants. | |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*, | |
| Plaintiffs, | Civil No. 25-cv-0955 (CKK) |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, Defendants. | |

## <u>JOINT STATUS REPORT</u>

Pursuant to the Court's November 17, 2025, Minute Order, and following a meet-and-confer via videoconference, Defendants and Democratic Party Plaintiffs provide the following

1

Joint Status Report regarding supplemental briefing on the factual issues raised in Defendants' Notice of Factual Developments Relevant to Count IX of the Democratic Party Plaintiffs Complaint (ECF 222).[1]

**Parties' Joint Position:** The parties agree that supplemental briefing is appropriate. They further agree that each Party should be limited to eight pages per brief, with font and size limitations consistent with this Court's Local Rules. The Parties agree to the overall structure of briefing, whereby Defendants file an opening brief and Democratic Party Plaintiffs file a response.

The Parties disagree about the deadlines for this supplemental briefing, however, and therefore set forth their positions on timing below.

**Democratic Party Plaintiffs' Position:** Democratic Party Plaintiffs propose that Defendants' supplemental brief be due on Friday, December 12, with Plaintiffs' response due on Monday, December 22. Under this proposal, Defendants would receive 25 days from the Court's Minute Order to prepare their supplemental brief—and nearly a full month from their own offer to submit supplemental briefing, *see* ECF No. 22 at 4—and Plaintiffs would receive 10 days to respond, while avoiding any need to file a brief during the week between Christmas and New Year's Day.

Democratic Party Plaintiffs' respectfully submit that this schedule provides more than ample time for short, supplemental briefs on a relatively straightforward issue that has already

---

[1] Defendants note that, in addition to this case, there is other pending litigation in multiple federal district courts raising various challenges to the operation of the DHS SAVE program. *See Ohio v. DHS*, 3:24-cv-283 (S.D. Ohio); *Texas v. DHS*, 4:24cv49 (W.D. Tex.); *Florida v. DHS*, 3:24cv509 (N.D. Fla.); *Iowa v. DHS*, 4:24-cv-423 (S.D. Iowa); *Indiana v. DHS*, 25-cv-732 (S.D. Ind); *League of Women Voters v. DHS*, 25-cv-3501 (D.D.C.). In *League of Women Voters*, Judge Sooknanan recently denied Plaintiffs' motion for a stay under § 705 of the APA to revert SAVE to its prior functionality due to alleged violations of the Privacy Act. The other five cases, brought by a collection of States principally challenging DHS's compliance with 8 U.S.C. § 1373(c), are currently in advanced settlement discussions. *See, e.g.*, *Indiana v. DHS*, 25-cv-732 (S.D. Ind) (ECF No. 26); *Iowa v. DHS*, 4:24-cv-423 (S.D. Iowa) (ECF No. 21).

been extensively briefed. Indeed, Defendants have already substantially set forth their position in their Notice, which also first suggested that supplemental briefing might be warranted. *See* ECF No. 22 at 4. Defendants are not prejudiced by circumstances of their own creation.[2] Finally, Plaintiffs' proposed schedule would minimize any further delay in resolution of Phase II summary judgment briefing.[3]

**Defendants' Position:** Defendants propose Defendants file their opening brief on December 19, and Plaintiffs file their responsive brief on December 29.

The Cross-Summary Judgment Motions to which these supplemental briefs pertain were fully briefed only three weeks ago, on October 31. The next four weeks include the Thanksgiving and Christmas holidays. In addition, as Defense counsel informed Plaintiffs' counsel during their meet-and-confer, undersigned counsel is already subject to the following deadlines in other federal courts, each of which—like this one—involves complex and important legal questions.

- **November 25**: Supplemental Brief ISO Motion to Dismiss and in Opposition to Partial Summary Judgment in W.D. Wa. (*Washington v. Trump*, No. 2:25-cv-00602; also involving Election Integrity EO)

- *November 27: Thanksgiving Holiday*

- **December 8**: Responsive Supplemental Brief ISO Motion to Dismiss and in Opposition to Partial Summary Judgment in W.D. Wa. (*Washington v. Trump*; also involving Election Integrity EO)

- **December 12**: Motion for Summary Judgment in D. Mass. (*California v. Trump*, No. 1:25-cv-10810; also involving Election Integrity EO)

---

[2] *E.g.*, *Ramirez v. Collier*, 595 U.S. 411, 435 (2022) (government "can hardly complain about" timing "inequities" where its "own actions were a significant contributing factor"); *Nat'l Council of Nonprofits v. OMB*, 775 F. Supp. 3d 100, 118 (D.D.C. 2025) (prejudice caused by federal agency's "overzealous[] implement[ation]" of executive order was a "problem of Defendants' own creation").

[3] Defendants' ask that this Court reserve ruling on Count IX of the Democratic Party Plaintiffs' Complaint. *See* ECF No. 222 at 4. Democratic Party Plaintiffs defer to the Court on whether it would prefer to resolve Phase II summary judgment briefing *in toto* or in several orders.

- **December 15**: Answer to 434-Paragraph Complaint in N.D. Cal. (*AFGE v. Trump*, No. 3:25-cv-03698)

- **December 22**: Supplemental Brief ISO Motion to Dismiss in D.D.C. (*Read v. CIGIE*, No. 1:24-cv-01808)

- *December 25: Christmas Holiday*

- *January 1: New Year's Holiday*

- **January 5**: Responsive Supplemental Brief ISO Motion to Dismiss in D.D.C. (*Read v. CIGIE*)

Plaintiffs are not prejudiced by Defendants' proposed briefing schedule, which would complete briefing within this Calendar year—the preference expressed by Plaintiffs' counsel during the Parties' meet-and-confer. By contrast, as Defense counsel explained to Plaintiffs' counsel, Defendants would be substantially prejudiced by a deadline earlier than December 19, due to the schedule outlined above.[4] Indeed, Plaintiffs' proposed deadline (December 12) conflicts directly with a Motion for Summary Judgment already due that same day in another case challenging the Election Integrity Executive Order. Defendants do not seek undue delay, but rather reasonable accommodation under the circumstances—one additional week. Defendants appreciate the Court's consideration.

Dated: November 24, 2025                           Respectfully submitted,

                                                   BRETT A. SHUMATE
                                                   Assistant Attorney General

                                                   ERIC J. HAMILTON
                                                   Deputy Assistant Attorney General
                                                   Civil Division, Federal Programs Branch

---

[4] Former lead counsel for the Defendants, Ms. O'Hickey, withdrew from these cases after the Cross-Motions for Summary Judgment were filed. *See* ECF 214. Defense co-counsel Shi is new to these cases and would require the same amount of time as the undersigned counsel to become up to speed on the issues raised by Defendants' Notice regarding SAVE.

JOSEPH E. BORSON
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Marianne F. Kies*
MARIANNE F. KIES
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-1819
Marianne.F.Kies@usdoj.gov

*Attorneys for Defendants*

*/s/ Marc E. Elias*
**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Aria C. Branch (DC 1014541)
Lalitha D. Madduri (DC 1659412)
Christopher D. Dodge (DC 90011587)
Jacob D. Shelly (DC 90010127)
Harleen K. Gambhir (DC 1781869)
James J. Pinchak (DC 90034756)*
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177

*Attorneys for Plaintiffs*

5