# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 25-0955 (CKK) |

**NOTICE OF SUPPLEMENTAL AUTHORITIES
BY DEMOCRATIC PARTY PLAINTIFFS**

The Democratic Party Plaintiffs submit this notice to alert this Court of three decisions that are relevant to the pending motions for summary judgment. *See* ECF Nos. 176, 177, 196.

First, **Bost v. Illinois State Board of Elections**, **No. 24-568, 2026 WL 96707 (U.S. Jan. 14, 2026) (Exhibit 1)**, makes clear that candidates like Senate Minority Leader Schumer and House Minority Leader Jeffries have standing to challenge "rules that . . . govern the counting of votes" like those at issue here. *See* Ex. 1 at 10 n.7. Specifically, the Supreme Court held that a congressional candidate had standing to challenge a state's ballot receipt deadline, explaining that "[c]andidates have a concrete and particularized interest in the rules that govern the counting of votes in their elections, regardless [of] whether those rules harm their electoral prospects or increase the costs of their campaigns." *Id.* at 9. The decision confirms the Democratic Party Plaintiffs' standing to challenge Section 7's preemption of state ballot receipt deadlines because under *Bost*, Leader Schumer and Leader Jeffries have an interest in the rules governing their own elections. It also supports their standing as to other provisions that would "deprive [them] of a fair process and an accurate result," such as the mandate in President Trump's Executive Order 14,248 (the "EO") that voter registration agencies "assess citizenship" before distributing the Federal Form and its imposition of a documentary proof of citizenship ("DPOC") requirement for the Federal Postcard. *See id.* at 4. *Bost* similarly supports the party organizations' standing to challenge the EO's provisions, because those organizations include candidates as members and have a primary aim of electing those candidates. Moreover, the Democratic Party Plaintiffs, particularly Leaders Schumer and Jeffries and the candidates the party organizations count as members and represent have a concrete interest in ensuring that the EO's unlawful dictates do not "erode[] public confidence that the election results reflect the people's will." *See id.* at 5. *Bost* confirms the Democratic Party Plaintiffs' standing to challenge the EO.

1

Second, in **State of Washington v. Trump, No. 2:25-cv-00602-JHC, 2026 WL 73866 (W.D. Wash. Jan. 9, 2026) (Exhibit 2)**, the court granted summary judgment to Washington and Oregon and permanently enjoined several provisions of the EO, including Section 2(a)'s imposition of a DPOC requirement on the Federal Form (which this Court has also enjoined). Ex. 2 at 71. The court also enjoined enforcement of Section 4(a)'s directive to withhold funding from states that fail to adopt a DPOC requirement and Section 7's imposition of a national ballot receipt deadline, as enforced against Washington and Oregon. *See id.* In addition, the court declined to dismiss Washington and Oregon's challenge to Section 3(d), which directs the Defense Secretary to add DPOC to the Federal Post Card. Ex. 2 at 53-54. The court considered and rejected several arguments advanced by the Federal Defendants and the RNC in this case, including that the plaintiffs' claims were not yet ripe, *compare* Ex. 2 at 36-39, *with* ECF No. 1771 at 30-31, that the plaintiffs lacked an equitable cause of action for their separation-of-powers claims, *compare* Ex. 2 at 40-43, *with* ECF No. 177-1 at 26-27, and that plaintiffs' claims failed on the merits, *compare* Ex. 2 at 45-69, *with* ECF No. 177-1 at 21-55, *and* ECF No. 176-1 at 14-30. The court's reasoning and conclusions on each of these points support granting summary judgment to the Democratic Party Plaintiffs in this case.

Finally, in **U.S. v. Weber, No. 2:25-cv-09149-DOC, 2026 WL 118807 (C.D. Cal. Jan. 14, 2025) (Exhibit 3)**, the court granted motions to dismiss the Department of Justice's demands for California's unredacted voter file, in the process addressing procedural requirements of the Privacy Act, which is also at issue in Democratic Party Plaintiffs' motion for partial judgment as to Count IX. *See* Ex. 3 at 28–31. The court found that allowing DOJ and the Department of Homeland Security to operate a new or revised system of records "*before*" complying with the Act's "public notice and comment structure" would violate federal law. *Id.* at 29 (emphasis added). The court

also emphasized that this structure is an "essential component of the Act and an essential piece of American democracy," and expressed "concern[] that the very issues that animated Congress to pass the Privacy Act . . . will play out again" if the federal government "is given license to ignore the guardrails created by Congress in the Privacy Act." *Id.* at 29, 31. The *Weber* decision thus supports Plaintiffs' request for partial judgment and relief as to Count IX. *See* ECF No. 232 at 2–6, 9.

Dated: January 21, 2026

Respectfully submitted,

*/s/ Lalitha D. Madduri*
**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Aria C. Branch (DC 1014541)
Lalitha D. Madduri (DC 1659412)
Christopher D. Dodge (DC 90011587)
Jacob D. Shelly (DC 90010127)
Harleen K. Gambhir (DC 1781869)
James J. Pinchak (DC 90034756)*
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177

*Admitted pro hac vice