**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br>　　　　Plaintiffs,<br>　　v.<br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br>　　　　Defendants,<br>　　*and*<br>REPUBLICAN NATIONAL COMMITTEE,<br>　　　　Defendant-Intervenor. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br>　　　　Plaintiffs,<br>　　v.<br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br>　　　　Defendants,<br>　　*and*<br>REPUBLICAN NATIONAL COMMITTEE,<br>　　　　Defendant-Intervenor. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br>　　　　Plaintiffs,<br>　　v.<br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br>　　　　Defendants,<br>　　*and*<br>REPUBLICAN NATIONAL COMMITTEE,<br>　　　　Defendant-Intervenor. | Civil Action No. 25-0955 (CKK) |

**ORDER**
(January 30, 2026)

1

For the reasons stated in the accompanying Memorandum Opinion, it is **ORDERED** that the Federal Defendants' [177] Motion for Partial Summary Judgment, Defendant-Intervenor Republican National Committee's [176] Motion for Partial Summary Judgment, the [194] Cross-Motion for Partial Summary Judgment filed by the League of United Latin American Citizens, the Secure Families Initiative, and the Arizona Students' Association (collectively, the "LULAC Plaintiffs"), and the [196] Cross-Motion for Partial Summary Judgment filed by the Democratic National Committee, Democratic Governors Association, Democratic Senatorial Campaign Committee (DSCC), Democratic Congressional Campaign Committee (DCCC), U.S. Senate Minority Leader Charles E. Schumer, and U.S. House Minority Leader Hakeem S. Jeffries (collectively, the "Democratic Party Plaintiffs"), are each **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART**, as follows:

- The Democratic Party Plaintiffs' [196] Motion is **GRANTED** as to Plaintiffs' constitutional separation-of-powers claims regarding Section 2(d) of Executive Order No. 14,248, as stated in Count I of the Complaint in Case No. 25-cv-0952. Accordingly:

    o The Court **DECLARES** that Section 2(d) of Executive Order No. 14,248 is inconsistent with the constitutional separation of powers and cannot lawfully be implemented.

    o It is **ORDERED** that Defendants Department of Defense, Department of Veterans Affairs, Department of the Interior, Small Business Administration, Peter Hegseth in his official capacity as Secretary of Defense, Douglas Collins in his official capacity as Secretary of Veterans Affairs, Douglas Burgum in his official capacity as Secretary of the Interior, and Kelly Loeffler in her official capacity as Small Business Administrator, are **PERMANENTLY ENJOINED** from taking any action to implement or give effect to Section 2(d) of Executive Order 14,248, including failing to provide the federal voter

registration application form described in 52 U.S.C. § 20508(a)(2) or an equivalent form to any applicant for services or assistance based on an inability to "assess citizenship."

- The LULAC Plaintiffs' [194] Motion and Democratic Party Plaintiffs' [196] Motion are both **GRANTED** as to Plaintiffs' constitutional separation-of-powers claims regarding Section 3(d) of Executive Order No. 14,248, as stated in Count IV of the Complaint in Case No. 25-cv-0946, and as constructively amended into Count I of the Complaint in Case No. 25-cv-0952.  Accordingly:

    o The Court **DECLARES** that Section 3(d) of Executive Order No. 14,248 is inconsistent with the constitutional separation of powers and cannot lawfully be implemented.

    o It is **ORDERED** that Defendants Department of Defense, Federal Voting Assistance Program, Peter Hegseth in his official capacity as Secretary of Defense, and J. Scott Wiedmann in his official capacity as Director of the Federal Voting Assistance Program, are **PERMANENTLY ENJOINED** from taking any action to implement or give effect to Section 3(d) of Executive Order No. 14,248, including taking any action to amend the official post card form described in 52 U.S.C. § 20301(b)(2) to require documentary proof of U.S. citizenship.

- The Federal Defendants' [177] Motion and the Defendant-Intervenor's [176] Motion are **GRANTED IN PART** as to Plaintiffs' Administrative Procedure Act ("APA") claims regarding Sections 2(d) and 3(d) of Executive Order No. 14,248, as stated in Count VI of the Complaint in Case No. 25-cv-0946 and Counts VI and VII of the Complaint in Case No. 25-cv-0952, which are **DIMISSED WITHOUT PREJUDICE** for lack of final agency action.

- The Federal Defendants' [177] Motion and the Defendant-Intervenor's [176] Motion are **GRANTED IN PART** as to Plaintiffs' claims regarding Sections 4(a), 7(a), and 7(b) of Executive Order No. 14,248, as stated in Count II and III of the Complaint in

3

Case No. 25-cv-0946 and Counts I, II, III, IV, and V of the Complaint in Case No. 25-cv-0952 which are **DIMISSED WITHOUT PREJUDICE** for lack of ripeness. The LULAC Plaintiffs' [194] Motion and Democratic Party Plaintiffs' [196] Motion are **DENIED IN PART** as to these claims.

- The Democratic Party Plaintiffs' [196] Motion is **DENIED IN PART** as to Plaintiffs' request for injunctive relief against the implementation of Sections 2(b) and 3(a) of Executive Order No. 14,248 through recent changes to the Department of Homeland Security's Systematic Alien Verification for Entitlements ("SAVE") Program and the Social Security Administration's "Numident" database based on alleged violations of the Privacy Act, 5 U.S.C. § 552a. The Court holds that Plaintiffs' request for injunctive relief on this basis is **MOOT**.

- The Democratic Party Plaintiffs' [196] Motion is **GRANTED IN PART** as to Plaintiffs' request for declaratory relief regarding the Federal Defendants' obligations to comply with the Privacy Act, 5 U.S.C. § 552a, in the course of implementing Sections 2(b) and 3(a) of Executive Order No. 14,248. Accordingly:

  o The Court **DECLARES** that, in the course of implementing Sections 2(b) and 3(a) of Executive Order No. 14,248, the Federal Defendants, including Defendants Department of Homeland Security, Social Security Administration, Kristi Noem in her official capacity as Secretary of Homeland Security, and Frank J. Bisignano in his official capacity as Commissioner of the Social Security Administration,[1] must strictly adhere to the mandates of the Privacy Act, including its requirement that agencies provide at least 30 days' notice and opportunity for comment for any new or intended "routine use" of information stored in an agency's system of records. See 5 U.S.C. § 552a(e)(4)(D), (e)(11).

---

[1] The Court takes judicial notice that Frank J. Bisignano became Commissioner of the Social Security Administration in May 2025. *See* Fed. R. Evid. 201(b). Accordingly, Frank J. Bisignano, in his official capacity as Commissioner of the Social Security Administration, is automatically substituted as a party for Defendant Leland Dudek, who Plaintiffs named as a Defendant in his official capacity as Acting Commissioner of the Social Security Administration. *See* Fed. R. Civ. P. 25(d).

- The Court otherwise **DEFERS RULING** on the remainder of the Democratic Party Plaintiffs' claims regarding Sections 2(b), 2(d), and 3(a) of Executive Order No. 14,248, as stated in Counts VIII, IX, and X of the Complaint in Case No. 25-cv-0952, each of which would benefit from further factual development.

- The parties' [193] Joint Stipulation of Partial Dismissal, which the Court construes as a consent motion for leave to amend the Democratic Party Plaintiffs' Complaint to strike their claims regarding Sections 4(b), 4(c), and 4(d) of Executive Order No. 14,248, as stated in Counts I, II, IV, and XI of the Complaint in Case No. 25-cv-0952, is **GRANTED**. Accordingly, the Complaint in Case No. 25-cv-0952 is **AMENDED** to strike these claims, and the Federal Defendants' [177] Motion and the Defendant-Intervenor's [176] Motion are **DENIED AS MOOT** as to these claims.

In all other respects, the parties' motions for summary judgment are **DENIED**.

Each of these dispositions is based on the present record and shall not preclude appropriate further action if new facts or circumstances arise that should alter the Court's analysis of any claim or request for relief.

It is further **ORDERED** that, on or before **February 27, 2026**, the parties shall **MEET AND CONFER** and file a joint status report proposing a schedule for further proceedings.

**SO ORDERED.**

Dated: January 30, 2026

                                                           COLLEEN KOLLAR-KOTELLY
                                                           United States District Judge