UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS, *et al.*,

Plaintiffs,

v.                                                    Civil Action No. 25-0946 (CKK)

EXECUTIVE OFFICE OF THE
PRESIDENT, *et al.*,
Defendants,
*and*
REPUBLICAN NATIONAL COMMITTEE,
Defendant-Intervenor.

_____/


DEMOCRATIC NATIONAL COMMITTEE,
*et al.*,

Plaintiffs,

v.                                                    Civil Action No. 25-0952 (CKK)

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,
Defendants,
*and*
REPUBLICAN NATIONAL COMMITTEE,
Defendant-Intervenor.

_____/


LEAGUE OF WOMEN VOTERS
EDUCATION FUND, *et al.*,

1



**RECEIVED**
FEB 3 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Plaintiffs,

v.                                                              **Civil Action No. 25-0955 (CKK)**

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,
Defendants,
*and*
REPUBLICAN NATIONAL COMMITTEE,
Defendant-Intervenor.
_____/

# MOTION TO INTERVENE AS DEFENDANT

# AND

# MEMORANDUM OF POINTS AND AUTHORITIES

Jose A Perez appears in propia persona and respectfully requests that the Court permit his intervention as a matter of right in this action under Federal Rule of Civil Procedure 24(a)(1) for the reasons stated in the foregoing memorandum of points and authorities[1].

1- **INTRODUCTION :** Article II's implied powers have been used through out our nation's history to purchase the Louisiana territory[2] , protect the life

---

[1] By email dated February 1st, 2026 Mr. Perez attempted to consult with attorneys Lalitha D. Madduri , Michael Gates and Andrew Darlington in order to determine whether they . oppose or support his motion. But they failed or refused to respond.

[2] Subsequently approved by the Senate ij - https://www.senate.gov/about/powers-procedures/treaties/senate-approves-louisiana-purchase-

2

of a Supreme Court Justice [3] but amazingly in the instant case the District Court ruled that the President is not authorized to prevent election fraud , even though he is merely effectuating the Mandate issued by, inter alia, the US Supreme Court in <u>Reynolds v Sims,</u> 377 US 533, 554-561(1964) .

2- The Plaintiffs herein are Democrats who allowed over 15,000,000 illegals to waltz in , or worse yet , flown into neighborhoods wherein WE THE PEOPLE reside. Reason the President was compelled to effectuate the <u>Reynolds v Sims'</u> mandate . The District Court's October 31st, 2025 Order adversely affects Mr. Perez' rights to vote , to election security and the Ninth Amendment Rights protected and emphasized by , inter alia, the Preamble to the Constitution[4]. Mr. Perez objects.

---

treaty.htm#:~:text=To%20the%20American%20minister's%20surprise,of%20any%20specific%20constitutional%20authorization.

And later by the US Supreme Court , American Insurance Company v Canter, 26 US 511(1828)
[3] (noting that a federal marshal used lethal force to defend the life of a Supreme Court Justice, even though no federal statute specifically authorized such action, a decision upheld in In re Neagle, 135 U.S. 1 (1890)
[4] "WE THE PEOPLE of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America.

3- **<u>UNALIENABLE RIGHTS TO VOTE AND TO ELECTION INTEGRITY</u>** : Jose A. Perez is a citizen of the United States, a disabled Viet Nam Veteran and he is of Afro - Puerto Rican descent. The District of Columbia Circuit Court of Appeals has ruled that : (a) The Constitution of the United States protects the right of all qualified citizens, such as Intervenor Perez, to vote and to have their votes counted[5].

4- **<u>RIGHT TO INTERVENE : PERSONAL STAKE</u>**   Furthermore, he has the right to intervene when, as here, the following elements are present [6] : (1) "A personal stake in the outcome of the controversy and  (2) An injury or threat of injury to a legally recognized right.   Mr. Perez' right to vote and to election integrity provides a personal stake in the outcome of the controversy and his rights to vote and to election integrity are legally recognized by federal and state law.

5- **<u>RIGHT TO INTERVENE AND TO SEEK RELIEF DIFFERENT THAN EXTANT DEFENDANTS</u>**: The US Supreme Court recently ruled

---

[5] Shelby County, Alabama v Lynch, 799 F. 2d 1173 (DC Cir-2015) citing Shelby County v Holder, 570 US 529 (2013) and Reynolds v. Sims, 377 US 533 (1964)
[6] Nuesse v Camp, 385 F. 2d 694 (DC Cir-1967) ; McCandles v Pratt, 211 US 437, 442-443 (1908)

4

that intervenors are allowed to seek relief different than extant defendants[7].

## 6- **INTERVENOR PEREZ HAS AN UNCONDITIONAL RIGHT TO PROCEED PURSUANT TO 24(a)(1) F.R.C.P., WITHIN THE MEANING OF 5 USC 702, et seq.**

Intervenors like Mr. Perez have an unconditional right to be heard and proceed as parties[8] pursuant to 24 (a)(1) FRCP within the meaning of 5 USC 702 et seq. without having to actually file a motion to intervene[9]

---

[7] Please see Town of Chester, NY v. Laroe States, No. 16-605 (June 5th, 2017) Third Party intervenors may seek relief different than extant Defendants .... an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing.

[8] Assured Guaranty Corp v Financial Oversight & Management Board, 872 F.2d 57(1st Cir-2017) The plaintiffs' argument against intervention is largely predicated on their contention that [11 USC] § 1109(b) does not provide an unconditional right to participate in an adversary proceeding. The plaintiffs do, however, also point out that the statute "says nothing about intervention at all." .....we view the rights described in § 1109(b) to be entirely consistent with intervention rights generally. Accordingly, 11 USC § 1109(b) provides the UCC with an "unconditional right to intervene" in the adversary proceeding. Fed. R. Civ. P. 24(a)(1). In the Matter of Marin Motor Oil, Inc, 689 F. 2d 445 (3rd Cir- 1984) (11 U.S.C. § 1109(b). provides an absolute right of intervention to a creditors' committee in a Chapter 11 "case.";

[9] *Horowitz v. Kaplan,* 193 F.2d 64, 66 (1st Cir. 1951), *cert. denied,* 342 U.S. 946, 72 S. Ct. 561, 96 L. Ed. 704 (1952)( Section 206 of the Act provides that 'any creditor or stockholder of the debtor shall have the right to be heard on all matters arising in a proceeding under this chapter'; and the right to be heard, thus conferred, includes the right to appeal. In re Keystone Realty Holding Co., 3 Cir., 1941, 117 F.2d 1003, 1005, 133 A.L.R. 1378; Dana v. S.E.C., 2 Cir., 1942, 125 F.2d 542.- The Horowitz case was cited by Matter of Duplan Corp., 450 F. Supp 790 (SDNY-1978) ( Section 206 was enacted to eliminate the previously restricted rights of interested parties to participate in Chapter X proceedings provided by its statutory predecessor, Section 77B of the Bankruptcy Act, 11 U.S.C. § 207. *See, Senate Report No. 1916 on H. R. 8046,* 75th Cong., 3d Sess. (1938); *In re Keystone Realty Holding Co.,* 117 F.2d 1003, 1007 (3d Cir. 1941). It was Congress' intention thereby to remove procedural barriers to full participation by such persons. *Horowitz v. Kaplan,* 193 F.2d 64, 66 (1st Cir. 1951), *cert. denied,* 342 U.S. 946, 72 S. Ct. 561, 96 L. Ed. 704 (1952). Indeed, Congress also provided at that time that "[t]he judge may for cause shown permit a party in interest to intervene generally or with respect to any specified

7- **THE LAW MEANS WHAT CONGRESS INTENDED:** The preamble of the Federal Constitution reads : "WE THE PEOPLE of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America."[10]

8- In Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984) the US Supreme Court ruled that when reviewing an agency's construction of a statute [i]f the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress .... If a court ... ascertains that Congress had an intention... that intention is the law and must be given effect. Id. at 842-43 & n.9; see also, Director, Office of Workers' Compensation Programs, United States Dep't of Labor v. Forsyth Energy, Inc., 666 F.2d 1104, 1107 (7th Cir. 1981)

9- The District of Columbia Circuit has adopted the maxim : Globe Fur Dyeing Corp. v. United States, 467 F. Supp. 177, 180 (D.D.C. 1978)

---

matter." Section 207 of the Bankruptcy Act, 11 U.S.C. § 607. **This provision indicates, by comparison, that leave to intervene would not be required for those persons granted the right of participation in § 206.)**
[10] U.S. Const. preamble.

("congressional purpose or declaration of policy set out in the preamble of a statute provides a sound and thoroughly acceptable basis for ascertaining the goals of the statute, e.g., United States Dep't of Agriculture v. Moreno, 413 U.S. 528, 533-34 (1973)"), aff'd mem., 612 F.2d 586 (D.C. Cir. 1980);

10- **MR. PEREZ REPECTFULLY, BUT ADAMANTLY, REMINDS THE COURT THAT THE AUTHORITY TO DECLARE THE PRESIDENT'S EXECUTIVE ORDER UNCONSTITUTIONAL IS [IMPLIED]** : The text of the Constitution does not contain a specific provision for the power of judicial review[11]. Rather, the power to declare laws unconstitutional has been deemed an implied power, derived from Article III and Article VI of the US Constitution.[12] . Judicial review of the government was established in the landmark decision of Marbury v. Madison , the first Supreme Court decision to strike down the act of Congress as unconstitutional, with the famous line from Chief Justice John Marshall: *"It is emphatically the duty of the Judicial Department to say what the law is. Those who apply the rule to particular cases must, of necessity,*

---

[11] https://www.law.cornell.edu/wex/judicial_review#:~:text=The%20text%20of%20the%20Constitution,VI%20of%20the%20U.S.%20Constitution.

[12] Ibid

*expound and interpret the rule. If two laws conflict with each other, the Court must decide on the operation of each."* [13]

11- **Article II's implied powers have been used through out our nation's history to purchase the Louisiana territory**[14] **, protect the life of a Supreme Court Justice** [15] **but amazingly in the instant case the District Court ruled that the President is not authorized to prevent election fraud ,**

12- In Executive Order Number 14, 248 Section 2(a) the President merely outlined procedures to comply with the mandate issued by the US Supreme Court in <u>Reynolds v Sims</u>, 377 US 533(1964) . The Plaintiffs failed or refused to identify how the President departed from the mandate. The President's EO fully complies with the US Constitution Preamble and US Constitution Article II.

13- In order to preserve and protect the integrity of American elections the President issued Section 2(a) of Executive Order No. 14,248 whereby

---

[13] Ibid

[14] Subsequently approved by the Senate ij - https://www.senate.gov/about/powers-procedures/treaties/senate-approves-louisiana-purchase-treaty.htm#:~:text=To%20the%20American%20minister's%20surprise,of%20any%20specific%20constitutional%20authorization.

And later by the US Supreme Court , American Insurance Company v Canter, 26 US 511(1828)

[15] (noting that a federal marshal used lethal force to defend the life of a Supreme Court Justice, even though no federal statute specifically authorized such action, a decision upheld in In re Neagle, 135 U.S. 1 (1890)

the President directed the Election Assistance Commission to "take appropriate action" to alter the national mail voter registration form to require documentary proof of United States citizenship. The President reasoned that Free, fair, and honest elections unmarred by fraud, errors, or suspicion are fundamental to maintaining our constitutional Republic. The right of American citizens to have their votes properly counted and tabulated, without illegal dilution, is vital to determining the rightful winner of an election.

14- The President has the authority and the duty to enforce election security as required by , inter alia, , the US Supreme Court in Reynolds v Sims, 377 US 533(1964)  The US Supreme Court outlined therein what must be present in order to avoid election fraud:

15- "Undeniably, the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal, elections. A consistent line of decisions by this Court in cases involving attempts to deny or restrict the right of suffrage has made this indelibly clear. It has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote, *Ex parte Yarbrough,*, 110 U. S. 651, and to have their votes counted, *United States v. Mosley,* 238 U. S. 383. In *Mosley,* the Court stated that it is "as equally unquestionable that the right to have one's vote

counted is as open to protection . . . as the right to put a ballot in a box." 238 U.S. Page 377 U. S. 555at 238 U. S. 386.

16-     "The right to vote can neither be denied outright, *Guinn v. United States,* 238 U. S. 347, *Lane v. Wilson,* 307 U. S. 268, nor destroyed by alteration of ballots, *see United States v. Classic,* 313 U. S. 299, 313 U. S. 315, nor diluted by ballot box stuffing, *Ex parte Siebold,* 100 U. S. 371, *United States v. Saylor,* 322 U. S. 385. As the Court stated in *Classic,* "Obviously included within the right to choose, secured by the Constitution, is the right of qualified voters within a state to cast their ballots and have them counted. . . ."313 U.S. at 313 U. S. 315. Racially based gerrymandering, *Gomillion v. Lightfoot,* 364 U. S. 339, and the conducting of white primaries, *Nixon v. Herndon,* 273 U. S. 536, *Nixon v. Condon,* 286 U. S. 73, *Smith v. Allwright,* 321 U. S. 649, *Terry v. Adams,* 345 U. S. 461, both of which result in denying to some citizens their right to vote, have been held to be constitutionally impermissible. And history has seen a continuing expansion of the scope of the right of suffrage in this country. [Footnote 28] The right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government. And the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as

effectively as by wholly prohibiting the free exercise of the franchise. [Footnote 29] Page 377 U. S. 556

17-     The Plaintiffs did not, and could not, identify the sections of the Executive Order in which the president departed from, amended, enhanced or did not implement <u>Reynolds</u>, supra.

18-     **<u>THE DISTRICT COURT 'S OCTOBER 31st, 2025 ORDER IS VOID WITHIN THE MEANING OF RULE 60(b)(4) AND RULE 54(b), FRCP</u>** . The District Court's October 31st, 2025 Order is void within the meaning of Rule 60(b)(4) and rule 54(b) FRCP, because district courts must apply the law of the forum without plea or proof[16]. The Court Order does not explain the reason for ignoring or disregarding the history and case law concerning Article II – the take care clause - of the U.S. Constitution . "No explanation was provided for not considering the EO as implementing the right to vote and election integrity as discussed by <u>US v Sims.</u> No discussion was provided as to the reason that preventing election fraud is not a salutary regulation providing a benefit within the meaning of the US Constitution preamble and Article II. No explanation was providing for "concluding" that

---

[16] Federal courts must take judicial notice of the law of the forum (Lex Forum) without pleading or proof." Toney v Burris , 829 F.2d 622 (7th Cir-1987) Saffold v. McGraw-Edison Co., 566 F.2d 621, 623 (8th Cir.1977) (citing Lamar v. Micou, 114 U.S. 218, 223, 5 S.Ct. 857, 859, 29 L.Ed. 94 (1885)).

11

implementing a US Supreme Court Mandate constituted "unauthorized legislating in the field of federal elections"[17]

19- In <u>Heckler v. Chaney</u>,[18] the Court read the Administrative Procedure Act's (APA) preclusion-of-review provisions broadly in light of the *Take Care Clause*[19]. Despite the ordinarily strong background presumption of reviewability that governs agency action, the Court held that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."[20] The Court found that the executive's interest in completing the terms of a statute by determining appropriate occasions for enforcement merited at least the presumption of judicial abstinence: In other words, an agency's determination of when not to bring an enforcement action also falls within "the special province of the Executive Branch, inasmuch as it is the Executive who is charged by the Constitution to 'take Care that the Laws be faithfully executed.'"[21]

---

[17] CM/ECF Document 218 Page 2
[18] 470 U.S. 821 (1985).
[19] As relevant here, the APA provides that its judicial review provisions apply "according to the provisions [of the judicial review chapter], except to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a) (2000).
[20] Heckler, 470 U.S. at 831.
[21] Id. at 832 (quoting U.S. CONST. art. II, § 3).

20- Congress is aware that The Reagan Administration's Office of Legal Counsel (OLC) justified Executive Order No. 12,291 purely as an exercise of the President's Article II authorities.[22] In a classic exposition of Article II implied powers, OLC's formal opinion explained: The President's authority to issue the proposed executive order derives from his constitutional power to 'take Care that the Laws be faithfully executed.' U.S. Const., Art. II, § 3. It is well established that this provision authorizes the President, as head of the Executive Branch, to 'supervise and guide' executive officers in 'their construction of the statutes under which they act in order to secure that unitary and uniform execution of the laws which Article II of the Constitution evidently contemplated in vesting general executive power in the President alone.' Myers v. United States, 272 U.S. 52, 135 (1926).

21- The supervisory authority recognized in <u>Myers</u> is based on the distinctive constitutional role of the President. The "take care" clause charges the President with the function of coordinating the execution of many statutes simultaneously . . . .[23]

---

[22] See Proposed Executive Order Entitled "Federal Regulation," 5 Op. Off. Legal Counsel 59 (1981).
[23] Id. at 60 (footnote omitted).

13

**22-   Assuming , arguendo. That the ruling is not void Mr. Perez may proceed in cases as here, where the parties are not prejudiced[24].**

**23-   Mr. Perez has the right to seek post judgment relief pursuant to Rule 15(d), FRCP and 28 USC 1653.** Assuming , arguendo , that the ruling is not void, Mr. Perez is permitted to seek post judgment relief because in order to decide cases on the merits , the courts have ruled that litigants may proceed post judgment pursuant to , Rule 15(d)[25] and/or 28 USC 1653 [26] thereby allowing the Courts to consider their pleadings.

For the reasons identified herein above, Mr. Perez respectfully submits that his intervention ought to be allowed

Respectfully Submitted:

/s/
Jose A. Perez
307 Lakeside Drive
North Augusta, SC 29841
917-817-6104
theaesculapius@gmail.com

---

[24] Acree v Republic of Iraq , 370 F. 3d 41 (DC Cir-2004) *See* Wright & Miller § 1916
[25] Scahill v District of Columbia , 909 F. 3d 1177 (DC Cir-2018) citing *Mathews v Diaz, 426 US 67, 75 (1976)*
[26] Commercial Union Insurance Co. v US , 999 F.2d 581 (DC Cir-1993) citing *Newman-Green, Inc. v. Alfonzo-Larrain, 490 US 826, 830 (1989)*

# CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was emailed on this 2nd day of February 2026 to :

ELIAS LAW GROUP LLP
250 Massachusetts Avenue NW
Suite 400
Washington, DC 20001
202-968-4593
Email: lmadduri@elias.law

Andrew Darlington
DOJ-Crt
950 Pennsylvania Ave NW
Washington DC, DC 20530
202-550-5305
Email: andrew.darlington@usdoj.gov

_____
Jose A Perez