# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS, *et al.*,

Plaintiffs,

v.

**Civil Action No. 25-0946 (CKK)**

EXECUTIVE OFFICE OF THE
PRESIDENT, *et al.*,
Defendants,
*and*
REPUBLICAN NATIONAL COMMITTEE,
Defendant-Intervenor.

/

DEMOCRATIC NATIONAL COMMITTEE,
*et al.*,

Plaintiffs,

v.

**Civil Action No. 25-0952 (CKK)**

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,
Defendants,
*and*
REPUBLICAN NATIONAL COMMITTEE,
Defendant-Intervenor.

/

LEAGUE OF WOMEN VOTERS
EDUCATION FUND, *et al.*,
Plaintiffs,

v.

**Civil Action No. 25-0955 (CKK)**

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,
Defendants,
*and*
REPUBLICAN NATIONAL COMMITTEE,
Defendant-Intervenor.

/

RECEIVED

FEB 15 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## INTERVENOR'S REPLY TO THE GOVERNMENT'S RESPONSE

Jose A Perez appears in propia persona and respectfully replies to the Government's Response[1] in opposition to his Motion to Intervene.

1- The Government opposes Mr. Perez' Intervention because they concluded that the same is "unnecessary"[2] . For the reasons identified hereinbelow Mr. Perez objects:

2- **MR. PEREZ' RIGHT TO INTERVENE IS UNCONDITIONAL :** The Government did not, and could not, show that Mr. Perez's Motion to Intervene is wholly without a factual or legal foundation. It was required to do so because the relevant rule provides that Fed. R. Civ. P. 24 applies in adversary proceedings.[3] Rule 24 states, in pertinent part, that "the court must permit anyone to intervene who ... , who, as here, is given an unconditional right to intervene by a federal statute [4]

3- **MR. PEREZ HAS A RIGHT TO INTERVENE AND TO SEEK RELIEF DIFFERENT THAN EXTANT DEFENDANTS**: The US Supreme Court recently ruled that intervenors are allowed to seek relief

---

[1] CM/ECF 238
[2] Ibid
[3] Assured Guaranty Corp v Financial Oversight & Management Board , 872 F.3d 57(1st Cir-2017)
[4] Ibid ." citing Fed. R. Civ. P. 24(a)(1) – See also Mr. Perez' Motion To Intervene , CM/ECF 237 Page 5 , Item 6

different than extant defendants[5]. The Government did not , and could not,

explain the reason the District Court should disregard the binding

precedent.

4- **THE ISSUE OF WHETHER ANOTHER PARTY'S REPRESENTATION IS "ADEQUATE" DOES NOT APPLY TO RULE 24(a)(1) , FRCP INTERVENTIONS . Under Rule 24(a)(2),** an

intervening party must demonstrate: (1) that its motion is timely; (2) that it

has a cognizable interest in the property or transaction at issue; (3) that the

interest will be impaired or impeded if intervention is denied; and (4) **that the applicant's interest is not adequately represented by an existing party**[6]. Mr. Perez respectfully , but adamantly , insists that he is

proceeding pursuant to Rule 24(a)(1).

5- **ASSUMING , ARGUENDO, THAT THE ISSUE OF "ADEQUACY OF REPRESENTATION" APPLIES TO MR. PEREZ' MOTION - THE BURDEN IS MINIMAL WHICH SHOULD RARELY TIP THE SCALES AGAINST INTERVENTION IN THE DC CIRCUIT .** In the

---

[5] Please see Town of Chester , NY v. Laroe States, No. 16-605 (June 5th, 2017) Third Party intervenors may seek relief  different than extant Defendants . .... an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing.
[6] Eagle Pharmaceuticals , Inc v Burwell, 322 FRD 48 (DCDC-2017) citing Fund for Animals, Inc., v. Norton, 322 F. 3d 728 , 731 ,  (D.C. Cir. 2003).

DC Circuit Putative intervenors have only a "minimal burden" to establish inadequacy of representation[7]. Furthermore , the question whether another party's representation is "adequate" should rarely tip the scales against intervention[8].

6- The DC Circuit has declared that it knows from amendments to Rule 24 , FRCP, that in the intervention area the "interest" test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process[9]. The Government did not, and could not claim that its due process rights were prejudiced.

7- Moreover , the DC Circuit has recognized, that "interests need not be wholly 'adverse' before there is a basis for concluding that existing representation of a 'different' interest may be inadequate.[10] Additionally, even "a shared general agreement ... does not necessarily ensure agreement in all particular respects, [11] and "the tactical similarity of the present legal contentions of the parties does not assure adequacy of

---

[7] Southern Utah Wilderness Alliance v US Department of Interior , Civil Action 2024-2476 (DC DC-2025) citing Trbovich v. United Mine Workers, 404 US 528, 538 FN 10 (1972)
[8] Ibid
[9] Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967); affirmed Smuck v. Hobson, 408 F.2d 175, 179–80 (D.C. Cir. 1969) (en banc)
[10] Nuesse v Camp , 385 F. 2d 694 , 703 (DC Cir-1967)
[11] Natural Resources Defense Council , et al, v Costle, et al , 561 F.2d 904 (DC Cir-1977)

representation or necessarily preclude the intervenor from the opportunity to appear in his own behalf,[12]

8- **ASSUMING , ARGUENDO , THAT RULE 24(a)(2)(4) APPLIES TO MR. PEREZ' MOTION HE SHOULD BE ALLOWED TO INTERVENE TO PROTECT HIM IN CASE THE GOVERNMENT DOES NOT APPEAL AN ADVERSE JUDGMENT.** Even where the interests of a person may have been adequately represented at trial, failure to take an appeal from an adverse judgment may introduce the element of inadequacy, entitling the interested person to intervene after judgment to file an appeal[13].

9- **MR. PEREZ  RESPECTFULLY EMPHASIZES THAT HE HAS THE RIGHT TO SEEK POST JUDGEMENT RELIEF PURSUANT TO INTER ALIA, RULE 15(d) , 28 USC 1653 AND US CASUALTY CO V TAYLOR , 64 F.2d 521  (4th Cir-1933)** Assuming , arguendo , that the District Court October 31st , 2025 ruling is not void, Mr. Perez is permitted to seek post judgment relief  because in order to decide cases on the merits , the courts have ruled that litigants may proceed post judgment pursuant to  ,

---

[12] Nuesse , supra, 385 F. 2d @ 703
[13] Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 144 F.2d 505, cert. denied 329 U.S. 724, 65 S. Ct. 190, 89 L. Ed. 621 (1944); US Casualty Co. v Taylor, et ux, 64 F.2d 521 (4th Cir-1933)

Rule 15(d)[14] and/or  28 USC 1653 [15] thereby allowing the Courts to consider their pleadings.

10-        Furthermore, in US Casualty v Taylor , 64 F. 2d 521 (4th Cir-1933) the Court ruled that :

*11-        . Equity Rule 37 (28 USCA § 723), above quoted, declares that intervention may be permitted at any time, and the decisions show that it may be allowed after a final decree when it is necessary to do so to preserve some right which cannot otherwise be protected. United States v. Northern Securities Co. (C. C.) 128 F. 808, 810; Cincinnati, I. & W. R. Co. v. Indianapolis Union Ry. Co. (C. C. A.) 279 F. 356, 363.*

*12-The right of the carrier to intervention in such a case as the one now before the court does not seem to have been denied heretofore, for the cases show that in practice permission to intervene has been freely granted. New Amsterdam Casualty Co. v. Hoage, 60 App. D. C. 40, 46 F.(2d) 837; Georgia Casualty Co. v. Hoage, 61 App. D. C. 195, 59 F.(2d) 870; Howard v. Monahan (D. C.) 31 F. (2d) 480, 481.*

---

[14] Scahill v District of Columbia , 909 F. 3d 1177  (DC Cir-2018) citing  *Mathews v Diaz, 426 US 67, 75 (1976)*

[15] Commercial Union Insurance Co. v US , 999 F.2d 581 (DC Cir-1993)  citing  *Newman-Green, Inc. v. Alfonzo-Larrain,490 US 826, 830 (1989)*

13-    WHEREFORE , For the reasons identified hereinabove, Mr. Perez

respectfully submits that his intervention ought to be allowed

Respectfully Submitted.

Jose A. Perez
307 Lakeside Drive
North Augusta, SC 29841
917-817-6104
theaesculapius@gmail.com

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was emailed on this 15th day

of February 2026 to :

ELIAS LAW GROUP LLP
250 Massachusetts Avenue NW
Suite 400
Washington, DC 20001
202-968-4593
Email: lmadduri@elias.law

Winston Shi
950 Pennsylvania Ave NW
Washington DC, DC 20530
202-880-0387
Email: Winston.g.shi@usdoj.gov

Jose A Perez