# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al.,<br><br>　　　　Defendants. | Civil Action No. 25-cv-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>　　　　Defendants. | Civil Action No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>　　　　Defendants. | Civil Action No. 25-cv-0955 (CKK) |

**DEMOCRATIC PARTY PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE**

In accordance with this Court's February 10, 2026, order directing a response to Proposed Intervenor Jose A. Perez's motion to intervene, ECF No. 237 ("Mot."), Democratic Party Plaintiffs submit the following response in opposition to Mr. Perez's motion.

## LEGAL STANDARD

"On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Amador Cnty., Cal. v. U.S. Dep't of the Interior*, 772 F.3d 901, 903 (D.C. Cir. 2014) (quoting Fed. R. Civ. P. 24(a)). "At the threshold, however, the motion to intervene must be timely." *Id.* (quoting *U.S. v. British Am. Tobacco Australia Servs., Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006)). "If the motion is untimely, the explicit language of the rule dictates that 'intervention must be denied.'" *Id.* (quoting *NAACP v. New York*, 413 U.S. 345, 365 (1973)).

## ARGUMENT

### I.     The motion is untimely.

Mr. Perez's motion to intervene is untimely. "Timeliness 'is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.'" *Amador Cnty., Cal.*, 772 F.3d at 903 (quoting *British Am. Tobacco*, 437 F.3d at 1238). Mr. Perez's motion comes almost a year after Plaintiffs filed their complaints in these consolidated cases, *see* ECF No. 1; five months after the parties completed Phase I summary judgment briefing, *see* ECF Nos. 183, 184; three months after the parties completed Phase II summary judgment briefing, *see* ECF Nos. 219, 220; and after the Court has now issued summary judgment rulings on nearly all claims in the case,

ECF No. 236. "Courts are generally reluctant to permit intervention after a suit has proceeded to final judgment, particularly where the applicant had the opportunity to intervene prior to judgment." *Campaign Legal Ctr. v. FEC*, No. CV 20-0809 (ABJ), 2022 WL 2111560, at *1–2 (D.D.C. May 13, 2022) (denying motion to intervene where "movant had ample opportunity to seek to intervene before the case came to its conclusion") (quoting *Acree v. Rep. of Iraq*, 370 F.3d 41, 49 (D.C. Cir. 2004)). Mr. Perez "offers no reason whatsoever for [his] failure to intervene prior" to this Court's October 31, 2025, order adjudicating challenges to Section 2(a) of the Executive Order, *Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999), which is the only order he seeks "post judgment relief" from, Mot. 11, 14.[1] Even still, Mr. Perez did not seek intervention until well after Federal Defendants and the Republican National Committee filed notices of appeal to the D.C. Circuit. *See* ECF Nos. 227, 229. Mr. Perez fails to explain the reason for his delay and thus his motion is untimely.

I. **Mr. Perez does not satisfy the remaining elements of Rule 24(a).**

Though the Court need not "reach the other elements of Rule 24(a)" where a motion is untimely, *Brit. Am. Tobacco Australia Servs., Ltd.*, 437 F.3d at 1239, Mr. Perez has also failed to show a protectable interest in defending Section 2(a) of the Executive Order. This prerequisite is satisfied "not [by] *any* interest the applicant can put forward, but only [by] a legally protectable one." *Defs. of Wildlife v. Jackson*, 284 F.R.D. 1, 6 (D.D.C. 2012) (quoting *Roane v. Gonzales*, 269 F.R.D. 1, 3 (D.D.C. 2010) (subsequent history omitted). Mr. Perez's asserted interests in his "rights to vote and to election integrity," Mot. 4, are not sufficient under Rule 24 because nowhere does Mr. Perez explain how he "will either gain or lose by the direct legal operation and effect of the judgment."

---

[1] Mr. Perez does not claim to seek intervention to address any issues from Phase II summary judgment, which this Court resolved on January 30. *See* ECF No. 236. Even if he did, such a request would be untimely for essentially the same reasons above.

2

*Defs. of Wildlife*, 284 F.R.D. at 6 (quoting *In re Endangered Species Act Section 4 Deadline Litig.*, 270 F.R.D. 1, 5 (D.D.C. 2010)). Nor does Mr. Perez explain how this Court's October 31, 2025, order "directly regulates" Mr. Perez's own right to vote. *Env't Integrity Project v. Wheeler*, No. 20-CV-1734 (KBJ), 2021 WL 6844257, at *3 (D.D.C. Jan. 27, 2021).

Even if Mr. Perez had asserted legally protectible interests in defending Section 2(a), it is unclear why Federal Defendants and the RNC do not already adequately represent those interests. "Intervention is not necessary if the 'existing parties adequately represent [the third party's] interest.'" *United Mexican States v. Lion Mexico Consol.*, L.P., 757 F. Supp. 3d 18, 36 (D.D.C. 2024) (denying intervention where "motion at best reflect[ed] a [litigation] strategy disagreement"). Both the Federal Defendants and RNC have already sought to appeal this Court's October 31, 2025, order granting partial relief to plaintiffs *prior* to Mr. Perez's motion, *see* ECF Nos. 227, 229. No party has expressed interest in settling that appeal while it remains pending. *Cf. Smuck v. Hobson*, 408 F.2d 175, 182 (D.C. Cir. 1969) (finding inadequate representation where intervenors likely "were not adequately represented in the decision *not* to appeal") (emphasis added). Mr. Perez's motion does not identify any interest that Federal Defendants or the RNC have failed to represent over the course of this litigation or in prosecuting their appeal.[2]

**II.    No statute entitles Mr. Perez to intervene in this action.**

Mr. Perez also contends that the APA confers an "unconditional right to be heard and proceed" as a party. Mot. at 5 (citing 5 U.S.C. § 702); *see also* Fed. R. Civ. P. 24(a)(1) (permitting intervention where a federal statute confers "an unconditional right to intervene"). This argument fails for two reasons. First, motions to intervene under Rule 24(a)(1) must still be timely, and as explained above,

---

[2] Mr. Perez does not seek intervention under Rule 24(b), but even if he did such a request should be denied for the reasons set forth above and because Mr. Perez's participation is not likely to "significantly contribute to . . . the just and equitable adjudication of the legal question presented." *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 18 (D.D.C. 2010).

3

Mr. Perez's is not. Second, the APA provides judicial review over agency action, not judicial action. *See* 5 U.S.C. § 704 (defining "actions reviewable" as "agency action[s]"). Accordingly, the APA does not confer upon Mr. Perez an "unconditional right" to intervene for the purpose of seeking "post judgment relief" of this Court's October 31, 2025, order. *See* Mot. at 11, 14.

## CONCLUSION

This Court should deny Mr. Perez's motion to intervene.

Dated: February 24, 2026

Respectfully submitted,

*/s/ Aria C. Branch*
**ELIAS LAW GROUP LLP**
Marc E. Elias (DC 442007)
Aria C. Branch (DC 1014541)
Lalitha D. Madduri (DC 1659412)
Christopher D. Dodge (DC 90011587)
Jacob D. Shelly (DC 90010127)
Harleen K. Gambhir (DC 1781869)
James J. Pinchak (DC 90034756)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177

*Counsel for the Democratic Party Plaintiffs*