# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,

Plaintiffs,

v.

**Civil Action No. 25-0946 (CKK)**

EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,
Defendants,
*and*
REPUBLICAN NATIONAL COMMITTEE,
Defendant-Intervenor.

_____/

DEMOCRATIC NATIONAL COMMITTEE, *et al.*,

Plaintiffs,

v.

**Civil Action No. 25-0952 (CKK)**

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,
Defendants,
*and*
REPUBLICAN NATIONAL COMMITTEE,
Defendant-Intervenor.

_____/

LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,
Plaintiffs,

v.

**Civil Action No. 25-0955 (CKK)**

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,
Defendants,
*and*
REPUBLICAN NATIONAL COMMITTEE,
Defendant-Intervenor.

_____/

1



**RECEIVED**
MAR 1 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## INTERVENOR'S REPLY TO THE
## DEMOCRATIC PARTY'S RESPONSE IN OPPOSITION

Jose A Perez appears in propia persona and respectfully replies to Democratic Party's Response[1] in opposition to his Motion to Intervene. The Democratic Party opposes Mr. Perez' Intervention on several grounds and Mr. Perez responds in seriatim fashion.

In their Response, The Democratic Party did not, and could not, allege that its rights would be prejudiced by Mr. Perez' intervention. The Democratic Party did not and could not allege that the Presidential EO provided no salutary effect over the rights to vote and election integrity. The Democratic Party did not, and could not, allege that the EO was not supported by, inter alia, US v Sims, supra.

### I

### MR. PEREZ' MOTION IS TIMELY

In the District of Columbia intervention may be allowed even after a final decree when, as here, (a) the Movant is proceeding pursuant to Rule 24(a)(1)

---

[1] CM/ECF 02/24/2026 Document 241

2

, FRCP [2] (b) the opponents have not claimed that they were prejudiced[3] ; and (c) if it is necessary to preserve some right which cannot otherwise be protected[4].

Mr. Perez' rights to vote and to election integrity are Constitutionally protected[5]. Mr. Perez has the private right of action to assert a violation of the Rights to Vote and to Election Security statutes[6].

In Massachusetts v EPA[7] , the Supreme Court stated that :" *a litigant to whom Congress has "accorded a procedural right to protect his concrete interests,"* … in this action , inter alia, 52 USC 10101 - *can assert that right*

---

[2] Acree, et al, v. Republic of Iraq, 370 F. 3d 41 (DC Cir-2004) (Two weeks after the District Court entered its judgment for appellees, the United States filed a motion to intervene ……We hold that the District Court abused its discretion in finding the United States' motion to intervene to be untimely and erred in denying that motion.. Although the United States filed its motion after the District Court had entered its judgment, appellees have asserted no prejudice arising from the intervention.); Accord: . In Hobson v. Hansen, 44 F.R.D. 18, 21 (D.D.C. 1968) (the D.C. Circuit held appeal in abeyance and remanded to allow district court to consider intervention motions filed during the appeal)); Stallworth v. Monsanto Co., 558 F.2d 257 (5th Cir. 1977), the Fifth Circuit rejected any " 'absolute' measures of timeliness," noting that "whether the request for intervention came before or after the entry of judgment was of limited significance," and focused instead on whether intervention would "prejudice the rights of the existing parties" or "substantially interfere with the orderly processes of the court." Id. at 266)
[3] Acree, et al, v. Republic of Iraq, supra
[4] Hodgson , et al v United Mine Workers of America, 473 F. 2d 118 citing Wolpe v. Poretsky, 144 F. 2d 505, 508 cet. denied 323 US 777(1944) ;   3B J. Moo(DC Cir-1972) re, Federal Practice ¶ 14.13 [1] at 24-522 (2d ed. 1969)
[5] Reynolds v Sims, 377 US 533, 554-561(1964) FEC v. Akins, 524 US 11, 12 (1998) ; Dep't of Commerce v US House of Representatives , 525 US 316, 331-32 (1999)
[6] Brown v. Baskin, 78 F. Supp. 933, 942 (E.D. S.C. 1948) (issuing an injunction to protect African-American participation in Democratic primaries in South Carolina); Brown v. Post, 279 F. Supp. 60, 64 (W.D. La. 1968) (school board member election in Louisiana void due to discrimination against African-American voters).  See also Bell v Hood , 327 US 678 (1946)
[7] Massachusetts v EPA , 549 US 497 (2007)

3

*without meeting all the normal standards for redressability and immediacy," When a litigant is vested with a procedural right, that litigant has standing if there is some possibility that the requested relief will prompt the injury-causing party to reconsider the decision that allegedly harmed the litigant. ; see also* Sugar Cane Growers Cooperative of Fla. v. Veneman, *289 F. 3d 89, 94–95 (CADC 2002) ("A [litigant] who alleges a deprivation of a procedural protection to which he is entitled never has to prove that if he had received the procedure the substantive result would have been altered. All that is necessary is to show that the procedural step was connected to the substantive result").*

The DC Circuit has declared that the "interest test" pursuant to Rule 24, FRCP, is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process[8].

Moreover, in the District of Columbia, Mr. Perez is permitted to seek post judgment relief because in order to decide cases on the merits, the DC Circuit

---

[8] Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967); affirmed Smuck v. Hobson, 408 F.2d 175, 179–80 (D.C. Cir. 1969) (en banc)

4

has ruled that litigants may proceed post judgment pursuant to , Rule 15(d)[9]

and/or 28 USC 1653 [10] thereby allowing the Courts to consider their pleadings.

## II

## MR. PEREZ SATIFIES
## THE REMAINING ELEMENTS OF RULE 24(a) FRCP

Mr. Perez is a qualified citizen who has a right to vote and to election security , ie, securing the one person one vote[11], those are legally protectable interest rights[12]  Rule 24(a)(1) , FRCP provides Mr. Perez the right to intervene to protect his rights to vote and to election integrity[13],

The intended purpose of Executive Order Number 14, 248 Section 2(a)[14] is to effectuate the mandate issued by, inter alia, the US Supreme Court in Reynolds v Sims, 377 US 533(1964) . As explained in Mr. Perez' Petition , the President's EO provides a salutary protective effect upon the aforementioned rights therefore Mr. Perez gains . A benefit which has been

---

[9] Scahill v District of Columbia , 909 F. 3d 1177 (DC Cir-2018) citing *Mathews v Diaz, 426 US 67, 75 (1976)*

[10] Commercial Union Insurance Co. v US , 999 F.2d 581 (DC Cir-1993)  citing *Newman-Green, Inc. v. Alfonzo-Larrain,490 US 826, 830 (1989)*

[11] Gamza v Aguirre, 619 F. 2d 449 (5th Cir-1980) citing Reynolds v Sims, 377 US  533, 554-561(1964)

[12] Ibid

[13] Acree, et al, v. Republic of Iraq, 370 F. 3d 41 (DC Cir-2004)

[14] https://www.presidency.ucsb.edu/documents/executive-order-14248-preserving-and-protecting-the-integrity-american-elections

conceded by the Plaintiffs. Any factor which interferes with the right to vote or to election integrity is unconstitutional and void[15]. The factors identified by the EO, to wit, fraud and non citizens voting interfere with Mr. Perez' right to vote and election integrity :  As stated in Sims, supra : " The right to vote can neither be denied outright, ...nor destroyed by alteration of ballots, nor diluted by ballot box stuffing, .

On the other hand the District Court October 31st , 2025 removes the Sims, supra , protective shield and Mr. Perez loses because the rights secured by Sims, supra , to wit, the concomitant right to have their votes counted, *by the prevention of voter fraud.* , and the prevention of unqualified citizens from voting  were removed . If the right to suffrage is to operate as "preservative of other basic civil and political rights,[16]", the court must be willing to intervene when the weight of some votes "is in a substantial fashion, potentially , diluted when compared with votes" of others[17].

The issue of whether the government representation is "adequate" does not apply to Rule 24(a)(1) Interventions. Rule 24 states, in pertinent

---

[15] Reynolds v. Sims, 377 U.S. 533, 562, 84 S.Ct. 1362, 1381, 12 L.Ed.2d 506, 527 (1964)
[16] Reynolds v. Sims, 377 U.S. 533, 562, 84 S.Ct. 1362, 1381, 12 L.Ed.2d 506, 527 (1964)
[17] Ibid. at 568, 84 S.Ct. at 1385, 12 L.Ed.2d at 531.

6

part, that "the court must permit anyone to intervene who ... , who, as here, is given an unconditional right to intervene by a federal statute [18]

Furthermore, Mr. Perez has a right to intervene and seek relief different than extant defendants [19].

Moreover, in the DC Circuit Putative intervenors have only a "minimal burden" to establish inadequacy of representation[20] and the question whether another party's representation is "adequate" should rarely tip the scales against intervention[21].

The DC Circuit understands that "interests need not be wholly 'adverse' before there is a basis for concluding that existing representation of a 'different' interest may be inadequate.[22] Additionally, even "a shared general agreement ... does not necessarily ensure agreement in all particular respects, [23] and "the tactical similarity of the present legal contentions of the parties does not assure adequacy of representation or

---

[18] Ibid ." citing Fed. R. Civ. P. 24(a)(1) – See also Mr. Perez' Motion To Intervene , CM/ECF 237 Page 5 , Item 6
[19] Please see Town of Chester v. Laroe Estates, Inc , 581 US 433 (2017) Third Party intervenors may seek relief different than extant Defendants . ... an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing.
[20] Southern Utah Wilderness Alliance v US Department of Interior , Civil Action 2024-2476 (DC DC-2025) citing Trbovich v. United Mine Workers, 404 US 528, 538 FN 10 (1972)
[21] Ibid
[22] Nuesse v Camp , 385 F. 2d 694 , 703 (DC Cir-1967)
[23] Natural Resources Defense Council , et al, v Costle, et al , 561 F.2d 904 (DC Cir-1977)

necessarily preclude the intervenor from the opportunity to appear in his own behalf,[24]

As shown hereinabove, the DC Circuit agrees that the right of intervention conferred by Rule 24 implements the basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard[25].

### III

### THE RIGHT TO VOTE AND TO ELECTION INTEGRITY CONFERS THE RIGHT TO INTERVENE IN THIS ACTION PURSUANT TO 24(a)(1)

The US Supreme Court has ruled that any injury that adversely affects political voting, the most basic of political rights, is sufficiently concrete to provide constitutional standing[26]. The fact that the harm at issue is widely shared does not deprive Congress of constitutional power to authorize its vindication in the federal courts where the harm is concrete[27].

The District Court's October 31st, 2025 Order will more than likely allow the introduction of fraudulent practices in the mid-term elections. A [litigant] who

---

[24] Nuesse, supra, 385 F. 2d @ 703
[25] Hodgson, et al v United Mine Workers of America, 473 F. 2d 118 (DC Cir-1972)
[26] FEC v. Akins, 524 US 11, 12 (1998); Dep't of Commerce v US House of Representatives, 525 US 316, 331-32 (1999)
[27] Ibid; While it does not matter how many persons have been injured by the challenged action, the party bringing suit must show that the action injures him in a concrete and personal way, Massachusetts v EPA, 549 US 497 (2007) citing *Baker* v. *Carr*,, 369 US 186, 204 (1962)

alleges a deprivation of a procedural protection to which he is entitled never has to prove that if he had received the procedure the substantive result would have been altered[28]. All that is necessary is to show that the procedural step was connected to the substantive result. [29]

## IV

### IN THE DISTRICT OF COLUMBIA
### A DISTRICT COURT MUST CONSIDER ALL FILINGS BEFORE DISMISSING A NON-ATTORNEY PRO SE LITIGANT'S CLAIM

Mr. Perez respectfully but adamantly emphasizes that he is a non attorney pro se litigant therefore his extremely poor pleading skills ought not be used against him . He can proceed pursuant to FRCP , Rules 15(b)[30] and 15(d) [31] as well as 28 USC 1653 [32] in order to ensure that his Complaint is decided on the merits.

---

[28] *Sugar Cane Growers Cooperative of Fla.* v. *Veneman*, 289 F. 3d 89, 94–95 (CADC 2002)
[29] Ibid
[30] Brandon v Holt , 469 US 464 FN19 (1985) See Fed. Rule Civ. Proc. 15(b); 3 J. Moore. Federal Practice ¶ 15.13[2], p. 15-157 (2d ed. 1984) (**amendment to conform to evidence may be made at any time**); *id.*, at 15-168 (Rule 15(b) amendment allowed "so long as the opposing party has not been prejudiced in presenting his ease"); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1491, pp. 453, 454 (1971 ed. and Supp. 1983) (**Rule 15(b) is "intended to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel");** *ibid.* ("[Courts should interpret [Rule 15(b)] liberally and permit an amendment whenever doing so will effectuate the underlying purpose of the rule").. Accord: [30] Cruz v Coach Stores, Inc, 202 F.3d 560, 569 (2nd Cir-2000)
[31] Scahill v District of Columbia , 909 F. 3d 1177 (DC Cir-2018) citing *Mathews v. Diaz, 426 US 67, 75 FN8* (1976),
[32] Commercial Union Insurance Co. v US , 999 F.2d 581 (DC Cir-1993) citing *Newman-Green, Inc. v. Alfonzo-Larrain, 490 US 826, 830 (1989)*

The DC and other Circuits have consistently declared that Rules 1, 8(f)[33] and 15(b), FRCP, require that when reviewing Pro Se complaints they consider **"all filings"** before dismissing the same [34].

Furthermore, In Brandon v Holt, the Supreme Court emphasized that Rule 15(b) is **"intended to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel"**. Mr. Perez respectfully submits that Rule 15(b), FRCP is essential in this case because federal courts have consistently ruled that when reviewing Pro Se complaints they must consider "all filings" before dismissing the same [35].

---

[33] The Supreme Court requires that All pleadings be construed as to do substantial justice Erickson v Pardus, 551 US 89 (2007) citing Fed. Rule Civ. Proc. 8(f))

[34] Raineri v US, 233 F. 3d 96 (1Cir-2000) (The federal courts historically have been solicitous of the rights of pro se litigants. *E.g., Haines v. Kerner, 404 US 519, 520-21* (1972) (per curiam); As part and parcel of that solicitude, courts frequently have recharacterized inartfully drawn pleadings to assist pro se prisoners who mistakenly relied on inappropriate rules or statutes); Brown v Whole Foods Market Group, Inc, 789 F. 3d 146, 152 (DC Cir-2015) (district court must consider all allegations — including those in Brown's opposition to Whole Foods's motion to dismiss) citing *Richardson v. United States, 193 F. 3d 545, 548*, (D.C.Cir.1999). Accord: Pearson v. Gatto, 933 F.2d 521, 527 (7th Cir. 1991) (the District Court should have construed a pro se plaintiff's letter to judge to be an amended complaint); Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1081 (5th Cir. 1991) (finding, in an appeal of a Fed. R. Civ. P. 12(b)(6) dismissal, that the magistrate judge should have considered a pro se litigant's reply to the defendant's answer as a motion to amend the complaint).

[35] Brown v Whole Foods Market Group, Inc, 789 F. 3d 146, 152 (DC Cir-2015) (district court must consider all allegations — including those in Brown's opposition to Whole Foods's motion to dismiss) citing *Richardson v. United States, 193 F. 3d 545, 548*, (D.C.Cir.1999). Accord: Pearson v. Gatto, 933 F.2d 521, 527 (7th Cir. 1991) (the District Court should have construed a pro se plaintiff's letter to judge to be an amended complaint); Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1081 (5th Cir. 1991) (finding, in an appeal of a Fed. R. Civ. P. 12(b)(6) dismissal, that the magistrate judge should have considered a pro se litigant's reply to the defendant's answer as a motion to amend the complaint).

Mr. Perez wants to present all the evidentiary issues he believes are essential to prove his case and are not intended to be a sur reply .[36].

WHEREFORE ,   For the reasons identified hereinabove, Mr. Perez respectfully submits that his intervention ought to be allowed.

Respectfully Submitted.

_____
Jose A. Perez
307 Lakeside Drive
North Augusta, SC 29841
917-817-6104
theaesculapius@gmail.com

---

[36] Smith v Bray , 681 F. 2d 888 (7th Cir-2012) (Smith also might have sought leave to file a surreply brief, but we have previously written that " 'there is no requirement that a party file a sur-reply to address an argument believed to be improperly addressed,' and a party need not `seek leave to file a sur-reply in order to preserve an argument for purposes of appeal.'" *Costello v. Grundon,* 651 F.3d 614, 635 (7th Cir.2011) (internal citation omitted) (reversing summary judgment that had been granted based on issue first raised by moving party in his reply brief), quoting *Hardrick v. City of Bolingbrook,* 522 F.3d 758, 763 n. 1 (7th Cir.2008) ("Should a party be required to seek leave to file a sur-reply in order to preserve an argument for purposes of appeal, arguments before the district court would proceed ad infinitum making litigation unruly and cumbersome.").

11

## **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was emailed on this 1st day of March 2026 to :

ELIAS LAW GROUP LLP
250 Massachusetts Avenue NW
Suite 400
Washington, DC 20001
202-968-4593
Email: lmadduri@elias.law

Winston Shi
950 Pennsylvania Ave NW
Washington DC, DC 20530
202-880-0387
Email: Winston.g.shi@usdoj.gov

Sophia Lin Lakin
American Civil Liberties Union Foundation
125 Broad Street – 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org

Jose A Perez