UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS, *et al.*,

Plaintiffs,

v.

EXECUTIVE OFFICE OF THE
PRESIDENT, *et al.*,
Defendants,
*and*
REPUBLICAN NATIONAL COMMITTEE,
Defendant-Intervenor.

Civil Action No. 25-0946 (CKK)

_____/

DEMOCRATIC NATIONAL COMMITTEE,
*et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,
Defendants,
*and*
REPUBLICAN NATIONAL COMMITTEE,
Defendant-Intervenor.

Civil Action No. 25-0952 (CKK)

_____/

LEAGUE OF WOMEN VOTERS
EDUCATION FUND, *et al.*,
Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,
Defendants,
*and*
REPUBLICAN NATIONAL COMMITTEE,
Defendant-Intervenor.

Civil Action No. 25-0955 (CKK)

_____/

RECEIVED
MAR 1 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## INTERVENOR'S REPLY TO THE LEAGUE AND LULAC' S RESPONSE

Jose A Perez appears in propia persona and respectfully replies to The League and LULAC'S Response[1] in opposition to his Motion to Intervene.

The League and LULAC oppose Mr. Perez' Intervention solely because "the district court granted final judgment on Plaintiffs' challenge to Section 2(a) and permanently enjoined its enforcement"[2]. Mr. Perez objects:

### MR. PEREZ' MOTION IS TIMELY

1- In the District of Columbia intervention may be allowed even after a final decree when, as here, (a) the Movant is proceeding pursuant to Rule 24(a)(1), FRCP [3] (b) the opponents have not claimed that they were

---

[1] CM/ECF 02/24/2026 Document 240

[2] Ibid @ page 1

[3] Acree, et al, v. Republic of Iraq, 370 F. 3d 41 (DC Cir-2004) (Two weeks after the District Court entered its judgment for appellees, the United States filed a motion to intervene ......We hold that the District Court abused its discretion in finding the United States' motion to intervene to be untimely and erred in denying that motion.. Although the United States filed its motion after the District Court had entered its judgment, appellees have asserted no prejudice arising from the intervention.); Accord: . In Hobson v. Hansen, 44 F.R.D. 18, 21 (D.D.C. 1968) (the D.C. Circuit held appeal in abeyance and remanded to allow district court to consider intervention motions filed during the appeal)); Stallworth v. Monsanto Co., 558 F.2d 257 (5th Cir. 1977), the Fifth Circuit rejected any " 'absolute' measures of timeliness," noting that "whether the request for intervention came before or after the entry of judgment was of limited significance," and focused instead on whether intervention would "prejudice the rights of the existing parties" or "substantially interfere with the orderly processes of the court." Id. at 266)

prejudiced[4] ; and (c) if it is necessary to preserve some right which cannot otherwise be protected[5].

2-    Mr. Perez' rights to vote and to election integrity are Constitutionally protected[6]. Mr. Perez has the private right of action to assert a violation of the Rights to Vote and to Election Security statutes[7].

3-    In <u>Massachusetts v EPA</u>[8] , the Supreme Court stated that : " *a litigant to whom Congress has "accorded a procedural right to protect his concrete interests," ...* in this action , inter alia, 52 USC 10101 - *can assert that right without meeting all the normal standards for redressability and immediacy," When a litigant is vested with a procedural right, that litigant has standing if there is some possibility that the requested relief will prompt the injury-causing party to reconsider the decision that allegedly harmed the litigant.* ; see also Sugar Cane Growers Cooperative of Fla. v. Veneman, *289 F. 3d 89, 94–95 (CADC 2002) ("A [litigant] who alleges a deprivation of a*

---

[4] Acree, et al, v. Republic of Iraq, supra
[5] Hodgson , et al v United Mine Workers of America, 473 F. 2d 118 citing Wolpe v. Poretsky, 144 F. 2d 505, 508 cet. denied 323 US 777(1944) ; 3B J. Moo(DC Cir-1972) re, Federal Practice ¶ 14.13 [1] at 24-522 (2d ed. 1969)
[6] <u>Reynolds v Sims,</u> 377 US 533, 554-561(1964) FEC v. Akins, 524 US 11, 12 (1998) ; Dep't of Commerce v US House of Representatives , 525 US 316, 331-32 (1999)
[7] Brown v. Baskin, 78 F. Supp. 933, 942 (E.D. S.C. 1948) (issuing an injunction to protect African-American participation in Democratic primaries in South Carolina); Brown v. Post, 279 F. Supp. 60, 64 (W.D. La. 1968) (school board member election in Louisiana void due to discrimination against African-American voters). See also Bell v Hood , 327 US 678 (1946)
[8] Massachusetts v EPA , 549 US 497 (2007)

*procedural protection to which he is entitled never has to prove that if he had received the procedure the substantive result would have been altered. All that is necessary is to show that the procedural step was connected to the substantive result").*

4- The DC Circuit has declared that the "interest test" pursuant to Rule 24, FRCP, is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process[9].

5- Moreover, in the District of Columbia, Mr. Perez is permitted to seek post judgment relief because in order to decide cases on the merits, the DC Circuit has ruled that litigants may proceed post judgment pursuant to, Rule 15(d)[10] and/or 28 USC 1653 [11] thereby allowing the Courts to consider their pleadings.

6- In the District of Columbia intervention may be allowed even after a final decree where, as here, (a) it is necessary to preserve some right which

---

[9] Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967); affirmed Smuck v. Hobson, 408 F.2d 175, 179–80 (D.C. Cir. 1969) (en banc)
[10] Scahill v District of Columbia, 909 F. 3d 1177 (DC Cir-2018) citing *Mathews v Diaz, 426 US 67, 75 (1976)*
[11] Commercial Union Insurance Co. v US, 999 F.2d 581 (DC Cir-1993) citing *Newman-Green, Inc. v. Alfonzo-Larrain, 490 US 826, 830 (1989)*

cannot otherwise be protected[12]. The Rights to Vote and to Election Integrity are such rights[13]. (b) the Movant is proceeding pursuant to Rule 24(a)(1) or (2), FRCP [14].

7- Moreover, Mr. Perez is permitted to seek post judgment relief because in order to decide cases on the merits, the courts have ruled that litigants may proceed post judgment pursuant to, Rule 15(d)[15] and/or 28 USC 1653 [16] thereby allowing the Courts to consider their pleadings.

8- WHEREFORE, For the reasons identified hereinabove, Mr. Perez respectfully submits that his intervention ought to be allowed

---

[12] Hodgson, et al v United Mine Workers of America citing Wolpe v. Poretsky, 144 F. 2d 505, 508 cet. Denied 323 US 777(1944); 3B J. Moore, Federal Practice ¶ 14.13 [1] at 24-522 (2d ed. 1969)

[13] Reynolds v Sims, 377 US 533, 554-561(1964).

[14] Acree, et al, v. Republic of Iraq, 370 F. 3d 41 (DC Cir-2004) (Two weeks after the District Court entered its judgment for appellees, the United States filed a motion to intervene ...... We hold that the District Court abused its discretion in finding the United States' motion to intervene to be untimely and erred in denying that motion. The United States possesses weighty foreign policy interests that are clearly threatened by the entry of judgment for appellees in this case. Although the United States filed its motion after the District Court had entered its judgment, appellees have asserted no prejudice arising from the intervention.); Accord : Cascade Nat Gas Corp v El Paso Nat Gas Co., 386 US 129(1967); System Federation No. 91 v Reed, 180 F. 2d 991 (6th Cir-1950).

[15] Scahill v District of Columbia, 909 F. 3d 1177 (DC Cir-2018) citing *Mathews v Diaz, 426 US 67, 75 (1976)*

[16] Commercial Union Insurance Co. v US, 999 F.2d 581 (DC Cir-1993) citing *Newman-Green, Inc. v. Alfonzo-Larrain, 490 US 826, 830 (1989)*

Respectfully Submitted.

_____
Jose A. Perez
307 Lakeside Drive
North Augusta, SC 29841
917-817-6104
theaesculapius@gmail.com

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was emailed on this 1st day of March 2026 to :

ELIAS LAW GROUP LLP
250 Massachusetts Avenue NW
Suite 400
Washington, DC 20001
202-968-4593
Email: lmadduri@elias.law

Winston Shi
950 Pennsylvania Ave NW
Washington DC, DC 20530
202-880-0387
Email: Winston.g.shi@usdoj.gov

Sophia Lin Lakin
American Civil Liberties Union Foundation
125 Broad Street – 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org

Thomas R McCarthy
Consovoy McCarthy PLLC
1600 Wilson Blvd, Ste 700
Arlington, VA 22209
703-243-9423
tom@consovoymccarthy.com

_____
Jose A Perez