# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE OFFICE OF THE PRESIDENT, et al., <br><br> Defendants. | Civil Action No. 25-cv-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Civil Action No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Civil Action No. 25-cv-0955 (CKK) |

**JOINT STATUS REPORT**

In accordance with this Court's January 30, 2026 order, *see* ECF No. 235 at 5, the below-signed parties jointly file this Joint Status Report regarding a future schedule for this case. For the reasons that follow, the parties respectfully ask the Court to direct that judgment be entered under either Rule 58(d) or Rule 54(b), as the Court deems appropriate.

I.  **Procedural History**

On March 25, 2025, President Trump issued Executive Order 14,248 ("EO"), which is the subject of these consolidated actions. On March 31, 2025, a collection of Democratic Party committees, along with Senate Minority Leader Schumer and House Minority Leader Jeffries (collectively the "Democratic Party Plaintiffs"), filed suit seeking relief from various provisions of the EO. *See* Compl., *Democratic Nat'l Comm. v. Trump*, No. 1:25-cv-00952-CKK (D.D.C. Mar. 31, 2025), ECF No. 1. The League of United Latin American Citizens ("LULAC"), Secure Families Initiative, and Arizona Students' Association filed suit on the same day. *See* ECF No. 1. On April 1, 2025, a third group—led by the League of Women Voters Education Fund ("League")—likewise challenged the EO. *See* Compl., *League of Women Voters Education Fund v. Trump*, No. 1:25-cv-00955-CKK (D.D.C. Apr. 1, 2025), ECF No. 1. The suits named various federal officers and agencies as defendants ("Federal Defendants") and, collectively, sought relief as to Sections 2(a), 2(b), 2(d), 3(a), 3(d), 4(a), 4(b), 4(c), 4(d), 7(a), and 7(b). The Court later consolidated the three suits in the *LULAC* action. *See* ECF No. 12.

After motion practice and oral argument, the Court preliminarily enjoined Sections 2(a) and 2(d). *See* ECF No. 103. Shortly thereafter, the Republican National Committee ("RNC") was granted partial intervention to participate in the case as to Sections 2(a), 2(b), 2(d), 3(a), and 7(a), but was denied intervention as to the remaining challenged provisions. *See* ECF No. 135. The Court next ordered limited discovery and set a multiphase summary judgment briefing schedule, with Phase I limited to addressing Section 2(a) of the EO; Phase II directed towards those claims not requiring any

1

additional discovery; and Phrase III reserved—only if necessary—for claims requiring further discovery. *See generally* ECF No. 141.

On October 31, 2025, after the completion of Phase I briefing, the Court declared unlawful and permanently enjoined enforcement of Section 2(a) of the EO. *See* ECF No. 217. The Court dismissed without prejudice Administrative Procedure Act ("APA") claims the Democratic Party Plaintiffs had asserted as to Section 2(a) in the alternative, for lack of final agency action. *See id.* at 3.[1] The Federal Defendants and RNC later noticed appeals of that order. *See* ECF Nos. 227, 229.

On January 30, 2026, after the completion of Phase II briefing, the Court declared unlawful and permanently enjoined enforcement of Sections 2(d) and 3(d) of the EO. *See* ECF No. 235 at 2–3. The Court dismissed Plaintiffs' alternative APA challenges, again for lack of final agency action and without prejudice. *Id.* at 3. The Court granted the Democratic Party Plaintiffs declaratory relief as to Sections 2(b) and 3(a), and denied their corresponding request for injunctive relief as moot with respect to the contention that Federal Defendants incorrectly relied on existing System of Records Notices (SORNs) instead of issuing new SORNs, which Federal Defendants eventually did. *See id.* at 4. The Court granted the Federal Defendants partial summary judgment as to Sections 4(a), 7(a), and 7(b) on ripeness grounds. *See id.* at 3–4.

Finally, the Court deferred review of alternative claims as to Sections 2(b), 2(d), and 3(a), as to which the Court had already provided specific forms of relief. *See* ECF No. 235 at 5; ECF No. 236 at 108–10. Specifically, the Court deferred judgment on the Democratic Party Plaintiffs' constitutional undue burden claim as to Section 2(d), *see* ECF No. 236 at 70, and further deferred

---

[1] LULAC Plaintiffs respectfully note that this Court has not yet resolved motions related to Count 5 of their complaint, in which they assert that any changes made to the Federal Form to implement Section 2(a) of the EO would be unlawful under the APA. *See* ECF No. 1 ¶¶ 213–21. This Court previously dismissed without prejudice the Democratic Party Plaintiffs' APA claims related to Section 2(a). *See* ECF No. 217 at 3. As to Count 5 of their complaint, LULAC Plaintiffs do not oppose dismissal without prejudice for lack of final agency action.

consideration of any "remaining aspects" of the Democratic Party Plaintiffs' APA challenges to Sections 2(b) and 3(a) under the Privacy Act, *see id.* at 108. Finally, the Court ordered the parties to meet and confer on any proposed schedule for Phase III proceedings. *See* ECF No. 235 at 5.[2]

## II. The parties jointly propose that the Court enter final judgment under either Rule 58(d) or Rule 54(b).

Notwithstanding the Court's recognition of remaining disputes, the parties agree that the Court's Phase I and Phase II summary judgment orders have fully resolved all matters the parties believe ought to be litigated in this Court. The Court's orders declare unlawful and permanently enjoin Sections 2(a), 2(d), and 3(d) of the EO, while dismissing claims against Sections 4(a), 7(a), and 7(b) as unripe. The Court also issued declaratory relief and denied injunctive relief to the Democratic Party Plaintiffs as to the use of SORNs when implementing Sections 2(b) and 3(a), while deferring ruling on any "remaining aspects" of those claims. ECF No. 236 at 108.

The Democratic Party Plaintiffs do not intend to seek any further relief on Sections 2(b), 2(d), and 3(a) beyond what the Court issued at Phase II. The League Plaintiffs challenged only Section 2(a) and did not file a Phase II motion for summary judgment. *See* ECF No. 195 at 1 n.2. The LULAC Plaintiffs did not challenge any provisions of the EO that the Court's Phase II MSJ Order left for Phase III. *See generally* ECF No. 1. Accordingly, the parties agree that there are no longer any disputed claims before this Court. The Court therefore has two paths to resolving proceedings, depending on whether it believes there are still live claims in the case.

***Rule 58(d).*** The parties respectfully propose that the Court enter final judgment under Rule 58(d), which permits a party to "request that judgment be set out in a separate document as required

---

[2] Prior to Phase II, the parties stipulated to voluntary dismissal of the Democratic Party Plaintiffs' challenges to Sections 4(b), 4(c), and 4(d). *See* ECF No. 193. The Court construed this stipulation as a motion to amend the complaint to strike the claims; granted said motion; and thereafter denied the Federal Defendants' and RNC's motions for summary judgment on these claims as moot. *See* ECF No. 236 at 25 n.9; ECF No. 235 at 5.

3

by Rule 58(a)." Fed. R. Civ. P. 58(d); *see also In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 901 F. Supp. 2d 1, 5 (D.D.C. 2012) (noting that parties can move for final judgment under Rule 58), *aff'd*, 751 F.3d 629 (D.C. Cir. 2014). "Where there are no pending matters to be resolved in an action, an entry of final judgment upon request of a party is appropriate under Rule 58(d)." *Wilson v. N.Y. & Presbyterian Hosp.*, No. 17-cv-5012, 2021 WL 2987134, at *7 (E.D.N.Y. July 15, 2021), *vacated in part on other grounds,* 2022 WL 17587564 (2d Cir. Dec. 13, 2022); *see also Thompson v. Kauffman*, 30 F. App'x 440, 442 (6th Cir. 2002) (explaining a court may properly enter judgment under Rule 58 "when there are no further issues to be decided"); *Reuter v. Jax Ltd., Inc.*, No. 11-cv-331, 2012 WL 639447, at *10 (D. Minn. Feb. 28, 2012) (granting Rule 58(d) motion and entering judgment after "the resolution of all of the claims, counterclaims and motions").

Here, Plaintiffs believe that there are no further matters to resolve and thus propose that Rule 58 is the most appropriate method of disposition. Federal Defendants and the RNC take no position on whether the Court should act under Rule 54 or Rule 58, as long as this Court makes clear that there are no remaining disputes in the district court and that the entire case is ready for appellate review. If the Court agrees with this approach, the parties respectfully propose that they be ordered to jointly submit a proposed final judgment—or, if agreement cannot be reached, competing proposed final judgments—by March 27, 2026.

***Rule 54(b).*** Alternatively, if the Court believes that any claims remain live before it, the Court can direct entry of final judgment on its Phase II order under Rule 54(b), and then dispose of any outstanding claims. (This Court has already entered partial final judgment under Rule 54(b) with respect to Phase I, but did not do so with respect to Phase II. *See* ECF Nos. 217 at 3, 236 at 110.) Rule 54 permits the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" upon an express finding that "there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) is satisfied in this case because the Court's Phase I and Phase II orders resolve distinct claims

4

for relief and are final as to those claims. *See Attias v. CareFirst, Inc.*, 969 F.3d 412, 417 (D.C. Cir. 2020). The parties also agree there is no just reason for delay because there are no longer matters in dispute before this Court. *See id.*

To the extent any claims remain unresolved, Plaintiffs respectfully submit that they are either alternative bases for relief the Court has already granted or claims upon which no plaintiff seeks additional relief, and thus may be dismissed without prejudice as moot. *See Cueto v. Dir., Bureau of Immigr. & Customs Enf't*, 584 F. Supp. 2d 147, 150 (D.D.C. 2008). Federal Defendants respectfully submit that, as this Court already held with respect to Sections 4(b), 4(c), and 4(d), the appropriate procedural mechanism would be to construe Plaintiffs' request as a motion to amend the complaint to strike any remaining allegations, namely, the remaining challenges to Sections 2(b), 2(d), and 3(a). *Cf.* ECF No. 236 at 25 n.9. The Democratic Party Plaintiffs do not consent to amendment of their complaint. Ultimately, the parties agree that there are no further issues to be litigated in this Court and that entry of final judgment is appropriate.

## CONCLUSION

This Court should either direct the parties to submit a proposed final judgment under Rule 58(d) or, alternatively, direct entry of judgment under Rule 54(b) and dispose of any outstanding claims.

Dated: March 6, 2026

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Director
Civil Division, Federal Programs Branch

/s/ Winston Shi

MARIANNE F. KIES
CHRISTIAN DIBBLEE
WINSTON SHI
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 880-0387
winston.g.shi@usdoj.gov

*Attorneys for Federal Defendants*

/s/ Sofia Fernandez Gold

Pooja Chaudhuri (D.C. Bar No. 888314523)
Sofia Fernandez Gold (D.C. Bar No. 90010196)
Jacob Kovacs-Goodman (D.C. Bar No. 90032363)
Norman L. Eisen (D.C. Bar No. 435051)
Tianna J. Mays (D.C. Bar No. 90005882)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
pooja@democracydefenders.org
sofia@democracydefenders.org
jacob@democracydefenders.org
norman@democracydefenders.org
tianna@democracydefenders.org

Respectfully submitted,

/s/ Aria C. Branch
ELIAS LAW GROUP LLP
Marc E. Elias (DC 442007)
Aria C. Branch (DC 1014541)
Lalitha D. Madduri (DC 1659412)
Christopher D. Dodge (DC 90011587)
Jacob D. Shelly (DC 90010127)
Harleen K. Gambhir (DC 1781869)
James J. Pinchak (DC 90034756)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652

Tyler L. Bishop (DC 90014111)
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177

*Counsel for the Democratic Party Plaintiffs*

/s/ Anna M. Baldwin

Anna M. Baldwin (D.C. Bar No. 998713)
Danielle Lang (D.C. Bar No. 1500218)
Jonathan Diaz (D.C. Bar No. 1613558)
Robert Brent Ferguson (D.C. Bar No. 1782289)
Heather Szilagyi (D.C. Bar No. 90006787)
Benjamin Phillips (D.C. Bar No. 90005450)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
abaldwin@campaignlegalcenter.org
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org

6

*/s/ Jon Greenbaum*

Jon Greenbaum (D.C. Bar No. 489887)
JUSTICE LEGAL STRATEGIES PLLC
P.O. Box 27015
Washington, D.C. 20038
(202) 601-8678
jgreenbaum@justicels.com

hszilagyi@campaignlegalcenter.org
bphillips@campaignlegalcenter.org

*Counsel for Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association*

*/s/ Thomas R. McCarthy*

CONSOVOY MCCARTHY PLLC
Thomas R. McCarthy (DC 489651)
Gilbert C. Dickey (DC 1645164)
Conor D. Woodfin (DC 1780807)
William Bock IV* (Ohio 0105262)
1600 Wilson Blvd., Ste. 700
Arlington, Virginia 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com
wbock@consovoymccarthy.com

*Counsel for Intervenor-Defendant RNC*