# Exhibit A

Civil Action No. 25-cv-0952 (CKK)
(Lead Case: No. 25-cv-00946 (CKK))

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al.,<br><br>   Defendants. | Civil Action No. 25-cv-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>   Defendants. | Civil Action No. 25-cv-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>   Defendants. | Civil Action No. 25-cv-0955 (CKK) |

**[PROPOSED] FINAL JUDGMENT**

This case arose out of three consolidated lawsuits challenging the enforcement of Executive Order 14,248 (March 25, 2025). *See League of United Latin Am. Citizens v. Exec. Off. of the President*, Case No. 1:25-cv-00946-CKK (D.D.C.) (lead case); *Democratic Nat'l Comm. v. Trump*, Case No. 1:25-cv-00952-CKK (D.D.C.); *League of Women Voters Educ. Fund v. Trump*, Case No. 1:25-cv-00955-CKK (D.D.C.).

Defendants in these consolidated cases are President Donald J. Trump; the Executive Office of the President; the U.S. Election Assistance Commission ("EAC"); the U.S. Department of Justice; the U.S. DOGE Service; the U.S. Department of State; the U.S. Department of Homeland Security; the U.S. Department of Defense; the Federal Voting Assistance Program; the U.S. Department of Veterans Affairs; the U.S. Small Business Administration; the U.S. Department of the Interior; the Social Security Administration; and various officials sued in their official capacities, including Benjamin W. Hovland (in his official capacity as Commissioner of the EAC); Donald L. Palmer (in his official capacity as Commissioner of the EAC); Thomas Hicks (in his official capacity as Commissioner of the EAC); Christy McCormick (in her official capacity as Commissioner of the EAC); Brianna Schletz (in her official capacity as Executive Director of the EAC); Pamela Bondi (in her official capacity as U.S. Attorney General); Amy Gleason (in her official capacity as Acting DOGE Administrator); Marco Rubio (in his official capacity as Secretary of State); Markwayne Mullin (in his official capacity as Secretary of Homeland Security);[1] Peter B. Hegseth (in his official capacity as Secretary of Defense); J. Scott Wiedmann (in his official capacity as Director of the Federal Voting Assistance Program); Douglas A. Collins (in his official capacity as Secretary of Veterans Affairs); Kelly Loeffler (in her official capacity as Administrator of the U.S. Small Business

---

[1] Kristi Noem was named as a defendant in her official capacity as then-Secretary of Homeland Security. Under Federal Rule of Civil Procedure 25(d), Markwayne Mullin, current Secretary of Homeland Security, is automatically substituted as a Defendant.

1

Administration); Doug Burgum (in his official capacity as Secretary of the Interior); and Frank J.

Bisignano (in his official capacity as Commissioner of the Social Security Administration).[2]

The Court bifurcated briefing and entered summary judgment orders on October 31, 2025, *see*

ECF Nos. 217, 218, and on January 30, 2026, *see* ECF Nos. 235, 236. The Court also ordered,

pursuant to Rule 54(b), that its October 31, 2025 summary judgment ruling serve as a final judgment

as to Plaintiffs' constitutional challenges to Section 2(a) of Executive Order 14,248. *See* ECF No. 217

at 3. Following the Court's summary judgment orders, the parties agreed that they no longer wished

to litigate any remaining issues and therefore requested entry of final judgment under either Rule

58(d) or Rule 54(b). *See* ECF No. 248 at 3. The Court agreed that the matter was ripe for final

judgment and ordered the parties to submit a proposed final judgment under Rule 58(d). *See* March

9, 2026 Minute Order.

In accordance with the Court's prior summary judgment orders, the Court hereby **ORDERS,**

**ADJUDGES, AND DECREES** as follows:

1.      The Court restates for completeness that it previously issued a final judgment and

permanent injunction against enforcement of Section 2(a) of Executive Order 14,248 by Defendants

U.S. Election Assistance Commission, Palmer, Hicks, Hovland, McCormick, and Schletz; and that

that partial final judgment is already on appeal. *See* ECF Nos. 217, 227, 229. This statement is not a

duplication of the previous final judgment.

2.      **IT IS DECLARED** that Section 2(d) of Executive Order 14,248 violates the

separation of powers in the U.S. Constitution. It is **ORDERED** that Defendants Department of

Defense, Hegseth, Department of Veterans Affairs, Collins, Department of the Interior, Burgum,

---

[2] Leland Dudek was named as a defendant in his official capacity as then-Acting Commissioner of
the Social Security Administration. Under Federal Rule of Civil Procedure 25(d), Frank J. Bisignano,
current Commissioner of the Social Security Administration, is automatically substituted as a
Defendant. *See* ECF No. 235 at 4 n.1.

Small Business Administration, and Loeffler are **PERMANENTLY ENJOINED** from taking any action to implement or give effect to Section 2(d).

3.      **IT IS DECLARED** that Section 3(d) of Executive Order 14,248 violates the separation of powers in the U.S. Constitution. It is **ORDERED** that Defendants Department of Defense, Hegseth, Federal Voting Assistance Program, and Wiedmann are **PERMANENTLY ENJOINED** from taking any action to implement or give effect to Section 3(d).

4.      **IT IS DECLARED** that in the course of implementing Section 2(b) of Executive Order 14,248, Defendants Department of Homeland Security, Mullin, Department of State, Rubio, U.S. DOGE Service, and Gleason, must strictly adhere to the mandates of the Privacy Act, including its requirement that agencies provide at least 30 days' notice and opportunity for comment for any new or intended "routine use" of information stored in an agency's system of records. *See* 5 U.S.C. § 552a(e)(4)(D), (e)(11).

5.      **IT IS DECLARED** that in the course of implementing Section 3(a) of Executive Order 14,248, Defendants Social Security Administration and Bisignano must strictly adhere to the mandates of the Privacy Act, including its requirement that agencies provide at least 30 days' notice and opportunity for comment for any new or intended "routine use" of information stored in an agency's system of records. *See* 5 U.S.C. § 552a(e)(4)(D), (e)(11).

6.      **IT IS FURTHER ORDERED** that judgment is otherwise entered in favor of Defendants on all other claims addressed in the Court's October 31, 2025 Summary Judgment Order, ECF Nos. 217, 218, and its January 30, 2026 Summary Judgment Order, ECF Nos. 235, 236. Specifically:

      a.      Judgment is entered for Defendants with respect to Plaintiffs' challenges to Sections 4(a), 7(a), and 7(b) of Executive Order 14,248, which are dismissed without prejudice. ECF No. 235 at 3–4.

b.      Judgment is entered for Defendants with respect to Plaintiffs' Administrative Procedure Act ("APA") challenges to Sections 2(a), 2(d), and 3(d) of Executive Order 14,248, which are dismissed without prejudice. ECF No. 217 at 3; ECF No. 235 at 3; March 9, 2026 Minute Order (dismissing the APA claims in Count 5 of the Complaint in Case No. 1:25-cv-00946-CKK).

c.      Judgment is entered for Defendants with respect to the Democratic Party Plaintiffs' request for injunctive relief, based on alleged violations of the Privacy Act, against the implementation of Sections 2(b) and 3(a) of Executive Order 14,248 through changes to the Department of Homeland Security's Systematic Alien Verification for Entitlements Program and the Social Security Administration's "Numident" database, because the request for injunctive relief on this basis is moot. ECF No. 235 at 4.

7.      The Democratic Party Plaintiffs' Complaint in Case No. 1:25-cv-00952-CKK is **AMENDED** to strike the challenges to Sections 4(b), 4(c), and 4(d) of Executive Order 14,248; the constitutional undue burden challenge to Section 2(d); and the remaining APA challenges to Sections 2(b) and 3(a) under the Privacy Act. ECF No. 235 at 5; *cf.* ECF No. 248 at 2–3, 5. The Court recognizes that the parties have expressed a desire to treat these amendments with the same effect as a dismissal without prejudice. *See* ECF No. 193.

8.      **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to enforce the terms of this Final Judgment and to award such other relief as may be appropriate.


Dated: _____              _____
                                            Hon. Colleen Kollar-Kotelly
                                            United States District Judge

4